# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV, | CASE NO. 1:06-cv-01280-AWI-NEW (DLB) PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PRESERVE EVIDENCE, WITHOUT PREJUDICE, AS PREMATURE |
| v. | |
| ALLEN K. SCRIBNER, et al., | (Doc. 13) |
| Defendants. | |

Plaintiff George E. Jacobs IV ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 30, 2007, plaintiff filed a motion seeking an order requiring defendants to preserve videotaped interviews relevant to the claims in this action.

"[A]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." Ameripride Svcs., Inc. v. Valley Indus. Serv., Inc., No. CIV-S-00-113 LKK/JFM, 2006 WL 2308442, at *4 (E.D. Cal. Aug. 9, 2006) (citing National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 566-67 (N.D. Cal. 1987)).  The court has inherent power to sanction parties or their attorneys for improper conduct, Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001), which includes spoliation of evidence, World Courier v. Barone, No. C 06-3072 TEH, 2007 WL 1119196, at *2 (N.D. Cal. Apr. 16, 2007); Ameripride Svcs., Inc., 2006 WL 2308442, at *4.  A motion to preserve evidence requires the court to consider "1) the level of concern the court has for the continuing existence and

maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering the evidence preservation." Daniel v. Coleman Co., Inc., No. 06-5706 KLS, 2007 WL 1463102, *2 (W.D. Wash. May 17, 2007).

At this juncture, defendants have not yet made an appearance in this action and the court does not have jurisdiction to issue any orders directed at them.[1]  Once defendants have made an appearance in this action, by filing either an answer or a motion responsive to plaintiff's complaint, plaintiff may renew his motion, taking care to make the requisite showing set forth in the preceding paragraph.  Until defendants have made an appearance, plaintiff's motion is premature and is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   July 5, 2007             /s/ Dennis L. Beck
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The United States Marshal was directed to initiate service of process on May 21, 2007.  To date, one defendant has filed a waiver of service, and is required to file a response to the complaint within sixty days from May 31, 2007. (Docs. 15, 18.)