UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>          Plaintiff,<br><br>   v.<br><br>ALLEN K. SCRIBNER, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:06-cv-01280-AWI-NEW (DLB) PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND FOR PRECLUSION OF MAGISTRATE JUDGE FROM HANDLING ANY PROCEEDINGS<br><br>(Doc. 25) |

Plaintiff George E. Jacobs IV ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed September 18, 2006, against defendants Martinez, German, Northcutt, and Does 1 and 2 for use of excessive physical force, assault and battery, and intentional infliction of emotional distress; and against defendants Martinez and Does 3, 4, and 6-10 for acting with deliberate indifference to plaintiff's serious medical needs. (Doc. 17.) Defendants Martinez and Northcutt have answered the complaint, and defendant German recently waived service of process and his response deadline is still pending. (Docs. 21, 24.) On September 19, 2007, plaintiff filed a motion requesting that the undersigned recuse himself from this matter due to bias.

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752

F.2d 1334, 1341 (9th Cir. 1984)). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id.

Plaintiff's motion is devoid of any meritorious ground supporting his request for recusal based on bias. Plaintiff's motion is therefore denied.[1]

Plaintiff also seeks to withdraw consent to Magistrate Judge jurisdiction, and preclude the undersigned and any other Magistrate Judge for handling any proceedings in this action. Plaintiff did not consent to Magistrate Judge jurisdiction and therefore may not withdraw consent. (Doc. 4.) Plaintiff misunderstands that effect of consenting to or declining Magistrate Judge jurisdiction. 28 U.S.C. § 636(b)(1) provides that

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion, excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

This matter was referred to the undersigned pursuant to section 636 and Local Rule 72-302.

If all parties consent to Magistrate Judge jurisdiction, the case will be reassigned to the Magistrate Judge and the Magistrate Judge will decide all further matters. If a party declines

---

[1] This matter was reassigned to the undersigned following the appointment of Magistrate Judge Lawrence J. O'Neill to the position of United States District Judge. Upon commencement of employment of Judge O'Neill's replacement, the Honorable Gary S. Austin, which should occur in the near future, this action be will be reassigned to Judge Austin in any event.

1 Magistrate Judge jurisdiction, as plaintiff did in this case, the District Judge will resolve all
2 dispositive matters and conduct the trial, if there is one. However, a party's decision to decline
3 Magistrate Judge jurisdiction has no effect on the referral of a case to a Magistrate Judge, made
4 pursuant to section 636 and Local Rule 72-302, for non-dispositive matters and for the issuance of
5 Findings and Recommendations on dispositive motions.

6 Plaintiff's objection to the issuance of orders by the undersigned, or by any Magistrate Judge,
7 is without merit, as plaintiff's decision to decline Magistrate Judge jurisdiction does not effect the
8 referral of this case to the undersigned for non-dispositive matters.

9 Based on the foregoing, plaintiff's motion seeking recusal of the undersigned and seeking
10 the preclusion of any Magistrate Judge for handling his case, filed September 17, 2007, is HEREBY
11 DENIED.

13 IT IS SO ORDERED.
14 Dated:   **September 20, 2007**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE