# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>            Plaintiff,<br><br>      v.<br><br>ALLEN K. SCRIBNER, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:06-cv-01280-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 31)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff George E. Jacobs IV ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 16, 2007, plaintiff filed a motion seeking a court order requiring prison officials to provide him with meaningful access to the courts and to cease falsifying the prison law library schedule to reflect that he refused to attend.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

This action is proceeding against defendants Martinez, German, and Northcutt for use of excessive physical force, assault and battery, and intentional infliction of emotional distress; and against defendant Martinez for acting with deliberate indifference to plaintiff's serious medical needs. The issuance of the order sought by plaintiff in his motion would not remedy any of the claims alleged in this action. Accordingly, the court lacks jurisdiction to issue such an order.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed November 16, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 26, 2008**             /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE