# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>  Plaintiff,<br><br>  v.<br><br>ALLEN K. SCRIBNER, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:06-cv-01280-AWI-GSA PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES<br><br>(Doc. 36)<br><br>ORDER DIRECTING PLAINTIFF TO SERVE THE APPROVED INTERROGATORIES WITHIN THIRTY DAYS |

**Order on Motion for Leave to Serve Additional Interrogatories**

**I.    Summary of Issues**

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. This action is proceeding on Plaintiff's complaint, filed September 18, 2006, against Defendants Martinez, German, and Northcutt for use of excessive physical force, assault and battery, and intentional infliction of emotional distress; and against Defendant Martinez for acting with deliberate indifference to Plaintiff's serious medical needs. The excessive force claim, which is also brought against two Doe defendants, allegedly occurred during the escort of Plaintiff from the Acute Care Hospital to the Security Housing Unit on January 26, 2005. The medical care claim against Defendant Martinez arises from Defendant's alleged failure to obtain medical care for Plaintiff on January 27, 2005, and the medical care claims against Does 3, 4, and 6-10 arise from the failure to

1

obtain medical care for Plaintiff between January 27, 2005, and February 3, 2005. Plaintiff alleges that he was ultimately transported to an outside hospital for emergency medical care on February 2, 2005, and lost the sight in one eye as a result of his injuries.

On February 25, 2008, Plaintiff filed a motion seeking leave to propound additional interrogatories on Defendants. Defendants did not file a response.

Absent leave of court, Plaintiff is limited to serving twenty-five interrogatories per party. Fed. R. Civ. P. 33(a). Plaintiff's motion was deficient at the time it was filed in that the motion did not include copies of Plaintiff's previously served interrogatories. The Court would not be inclined to allow further interrogatories without the benefit of reviewing the first twenty-five interrogatories. However, because the first twenty-five interrogatories became subject to a later filed motion to compel, the Court now has before it a complete record and will consider the motion for leave to serve additional interrogatories.

The Court has undertaken a review of Plaintiff's motions to compel, which are not insubstantial, and shall issue a ruling in due course. While Plaintiff bears the burden of demonstrating the need for additional interrogatories and a bare assertion of need is usually insufficient, see Waterbury v. Scribner, 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, *8 (E.D. Cal. May 8, 2008) (particularized showing required) (citing Archer Daniels Midland Co. v. Aon Serv. Risk, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. Jun. 7, 1999)); Williams v. County of Sacramento Sheriff's Dept., No. CIV S-03-2518 FDC DAD P, 2007 WL 587237, *2 (E.D. Cal. Feb. 26, 2007) (plaintiff bears burden of establishing need for additional interrogatories and that information sought is not duplicative), in rendering the decision on Plaintiff's motion for leave to serve additional interrogatories, the Court has taken into consideration the information that Plaintiff has attempted to obtain through previous discovery as well as Plaintiff's pro se status in drafting the interrogatories.

Defendants are reminded of their obligation to respond to the interrogatories to the fullest extent possible. Fed. R. Civ. P. 33(b)(3). Further, any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). In responding, the Court expects Defendants to use common sense and reason, e.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D.

Kan. Apr. 30, 2008), and will be disinclined to view with favor the failure to provide discovery based on objections which are hyper-technical, quibbling, or evasive.

Having had the benefit of reviewing the some forty-four interrogatories, one-hundred ninety-one requests for admission, and sixty-one requests for production of documents subject to the pending motions to compel, the Court deems it necessary to specifically remind the parties of their duty to supplement any responses if they later obtain the information sought or as needed to correct a response. Fed. R. Civ. P. 26(e). The failure to do so will preclude the use of this evidence in trial or in any other proceeding as deemed appropriate by the Court. To that end, the Court suggests that Defendants may find they are better served by responding fully now rather than having to supplement their responses later. While Defendants are not generally required to conduct extensive research in order to answer Plaintiff's interrogatories, Defendants must make a reasonable effort to respond. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). The Court is doubtful that it would find reliance on memory alone in responding to be a reasonable effort, particularly where, in preparing their defense, Defendants will be gathering some of the information requested by Plaintiff. See id.

## II.     Proposed Interrogatories

### A.     Defendant Martinez

**ROG 26:** "Identify and attach a copy of any and all documents showing who was on duty in 4A-2block on 2nd watch of January 26, 2005."

**Ruling:** Leave to serve number 26 is granted, subject to redrafting by Plaintiff. While Plaintiff may ask for the identification of documents, he may not use an interrogatory to obtain documents. Plaintiff must attach a request for the production of documents to the interrogatory if he wants documents.

**ROG 27:** "On July 24th 2007 did you come in contact with plaintiff and threaten to spray him with O.C. Pepper spray?"

**ROG 28:** "If your response to the preceding interrogatory no. 27 was in the negative, please set forth each and every fact in support of your contention."

///

1  **Ruling:** Leave to serve numbers 27 and 28 is denied.  There has been no showing that events occurring on July 24, 2007, are relevant to the claims in this action, and the Court can envision no relevance.

**ROG 29:** "On July 30th 2007 did you come in contact again with plaintiff and actually spray him with your O.C. pepper spray cannister, numerous times?"

**ROG 30:** "If your response to the preceding interrogatory no. 29 was in the negative, please set forth each and every fact in support of your contention."

**Ruling:**  Leave to serve numbers 29 and 30 is denied.  There has been no showing that events occurring on July 30, 2007, are relevant to the claims in this action, and the Court can envision no relevance.

**ROG 31:** "On January 27th, 28th 2005 you came in contact with plaintiff?"

**ROG 32:** "If your response to the preceding interrogatory no. 31 was in the affirmative and/or negative, please set forth each and every fact in support of your contentions."

**Ruling:**  Leave to serve number 31 is granted, subject to redrafting and separation into two interrogatories by Plaintiff (one interrogatory for each date).  Further, the interrogatory as framed is vague and ambiguous as to "coming in contact with Plaintiff."  Leave to serve number 32 is also granted, subject to redrafting by Plaintiff.  Defendant cannot prove a negative by setting forth facts in support of an answer that he had no contact with Plaintiff.  In the event the answer is yes, Plaintiff should ask a more specific follow up question.  Interrogatories asking for each and every fact are not viewed with favor, as they are often overly broad and burdensome.  E.g., Steil v. Humana Kansas City, Inc., 197 F.R.D. 445, 447 (D. Kan. Oct. 31, 2000).

**ROG 33:** "Were you awares [sic] and put on notice that plaintiff was placed in cell #43 of 4A 2 right building, without any linen, blankets, mattress, clothing or state issue supplies or showers."

**ROG 34:** "If your response to the preceding interrogatory no. 33 was affirmative and/or negative, please set forth each and every fact in support of your contention."

**Ruling:** Leave to serve numbers 33 and 34 is denied.  Plaintiff's claim arising from the conditions of the management cell was dismissed, with prejudice, and therefore, these interrogatories have no apparent relevance.

**ROG 35:** "After the incident with plaintiff on January 26, 2005, did you or any other 'correctional officers' document or write any use of force reports?"

**ROG 36:** "If your response to the preceding interrogatory no. 35 was in negative, please set forth each and every fact in support of your contention."

**Ruling:** Leave to serve numbers 35 and 36 is granted, subject to redrafting by Plaintiff. Plaintiff needs to be more specific with respect to "the incident." If Plaintiff is referring to the escort between the ACH and the SHU on January 26, 2005, he needs to say so. With respect to number 36, leave to serve is granted but the request is to be reformatted as follows: "If not, why not?"

**ROG 37:** "On January 26, 2005 did you give plaintiff any direct orders?"

**ROG 38:** "If your response to the preceding interrogatory no. 37 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Leave to serve numbers 37 and 38 is granted. Plaintiff may be better served by redrafting number 37 to be more specific as to when the direct orders were given or during what process they were given. Further, the previous admonition against seeking each and every fact in the follow-up interrogatory applies.

**ROG 39:** "On January 26, 2005 were you in possession of aware of a memo printed and circulated concerning plaintiffs arrival from tehachapi state prison."

**ROG 40:** "If your response to the preceding interrogatory no 39 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Leave to serve numbers 39 and 40 is granted. Number 40 should be redrafted to ask a more specific follow-up question. The previous admonition against seeking each and every fact in the follow-up interrogatory applies.

**ROG 41:** "Identify and/or describe any and all documents there were [circulated] or in your possession concerning plaintiffs arrival from Tehachapi state prison [to] Corcoran state prison."

**Ruling:** Leave to serve number 41 is granted.

**ROG 42:** "At anytime were you investigated/interviewed by your superiors or any other [personnel] here at Corcoran state prison concerning the 'incident' on January 26, 2005, concerning plaintiff?"

///

5

**ROG 43:** "If your response to the preceding interrogatory no. 42 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Leave to serve numbers 42 and 43 is granted. Plaintiff should redraft number 42 to reflect what incident he is talking about and number 43 to ask a more focused follow-up question.

**ROG 44:** "How many [42] U.S.C. 1983 complaints have you been served [with] by the United States Marshalls, from prisoners alleging you used excessive use of force on them?"

**Ruling:** Leave to serve number 44 is granted. This is a yes or no question, and the time frame is narrowed to between January 1, 2003 and January 1, 2006.

**ROG 45:** "Identify and/or describe [any] and all documents and/or video tape[d] interviews of prisoners impl[icating] you in staff misconduct complaints arising from excessive use of force/assault of battery."

**Ruling:** Leave to serve number 45 is granted.

**ROG 46:** "Who ordered the SPIT MASK to be placed over plaintiffs face/head?"

**Ruling:** Leave to serve number 46 is granted. Plaintiff should redraft the interrogatory to provide a date or time frame.

**ROG 47:** "Have you been successfully sued in the past by a prisoner for using excessive use of force?"

**ROG 48:** "If your response to the preceding interrogatory no. 47 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Leave to serve numbers 47 and 48 is granted. The time frame is narrowed to between January 1, 2003 and January 1, 2006, and Plaintiff is required to redraft the interrogatory to clarify what he means by successfully sued (e.g., held civilly liable?). Further, the follow-up interrogatory must be narrowed.

**ROG 49:** "Before you begin answered these interrogatory questions were you place[d] under [oath] before or after you answered the following interrogatories."

**Ruling:** Leave to serve number 49 is granted. The interrogatory needs to be redrafted to reflect that Plaintiff is asking, "Did you answer these interrogatories under oath?"

///

### B. Defendant German

**ROG 26:** Incomplete interrogatory provided.  Motion for leave to serve denied.

**ROG 27:** See ruling on Martinez ROG 42.

**ROG 28:** See ruling on Martinez ROG 43

**ROG 29:** See ruling on Martinez ROG 35.

**ROG 30:** See ruling on Martinez ROG 36.

**ROG 31:** See ruling on Martinez ROG 46.

**ROG 32:** "If your response to the preceding interrogatory no. 31 was in the affirmative and/or negative, please set forth each and every fact in support of your contention."

**Ruling:** Leave to serve this interrogatory is granted, but it must be redrafted.  Number 31 seeks to know if Defendant knows who placed a spit mask over Plaintiff's face/head.  If the answer is yes, Plaintiff needs to direct the follow-up question to obtain whatever type of information he is seeking (e.g., what happened, why, etc.).

**ROG 33:** See ruling on Martinez ROG 39.

**ROG 34:** See ruling on Martinez ROG 41.

**ROG 35:** See ruling on Martinez ROG 44.

**ROG 36:** See ruling on Martinez ROG 33.

**ROG 37:** See ruling on Martinez ROG 34.

**ROG 38:** See ruling on Martinez ROG 45.

**ROG 39:** See ruling on Martinez ROG 49.

### C. Defendant Northcutt

**ROG 25:** Incomplete interrogatory provided.  Motion for leave to serve denied.

**ROG 26:** See ruling on Martinez ROG 42.

**ROG 27:** See ruling on Martinez ROG 43.

**ROG 28:** See ruling on Martinez ROG 44.

**ROG 29:** "If your response to the preceding interrogatory no. 28 was in the affirmative, please set forth each and every fact in support of your contention."

///

1  **Ruling:** Leave to serve this interrogatory is granted, but the time frame is narrowed to between
2  January 1, 2003 and January 1, 2006.
3  **ROG 30:** See ruling on Martinez ROG 45.
4  **ROG 31:** "Do you know the names of your co-workers who were with you on the escort team
5  January 26, 2005, to pick up plaintiff from the (ACH) unit and escort him back to 4A2R-cell 43."
6  **ROG 32:** "If your response to the preceding interrogatory no. 31 was in the affirmative, please set
7  forth each and every fact in support of your contention."
8  **Ruling:** Leave to serve these interrogatories is granted. Number 32 needs to be redrafted to reflect
9  to ask a more precise follow up question. E.g., "If yes, who were they?"
10 **ROG 33:** "Are you still employed by CDCR through Corcoran State Prison?"
11 **ROG 34:** "If your response to the preceding interrogatory no. 33 was a in the negative and/or
12 positive, set forth each and every fact in support of your contention.
13 **Ruling:** Leave to serve these interrogatories is granted. Number 34 needs to be redrafted. E.g., "If
14 not, why not?
15 **ROG 35:** See ruling on Martinez ROG 35.
16 **ROG 36:** See ruling on Martinez ROG 36.
17 **ROG 37:** See ruling on Martinez ROG 39.
18 **ROG 38:** See ruling on Martinez ROG 41.
19 **ROG 39:** "What is management cell status?"
20 **ROG 40:** "Does Corcoran have a special cell for management cell status prisoners?"
21 **ROG 41:** "If your response to the preceding interrogatory no. 40 was in the affirmative, please set
22 forth each and every fact in support of your contention."
23 **ROG 42:** "Is cell #43 in 4a2right-C-section a management cell?"
24 **ROG 43:** "If your response to the preceding interrogatory no. 42 was in the affirmative, please set
25 forth each and every fact in support of your contention."
26 **Ruling:** Leave to serve numbers 39-43 is denied. Plaintiff's claim arising from his placement in a
27 management cell was dismissed, with prejudice, and these questions have no apparent relevance.
28 **ROG 44:** See ruling on Martinez ROG 33.

1   **ROG 45:** See ruling on Martinez ROG 34.

2   **ROG 46:** See ruling on Martinez ROG 49.

3   **III.    Order**

Plaintiff shall have thirty days from the date of service of this order to serve the interrogatories identified in this order as permissible.  Plaintiff may redraft or separate the permissible interrogatories as necessary.  While Plaintiff may make the amendments and additions contemplated by this order, Plaintiff may not exceed the scope of this order by drafting entirely new and different interrogatories.  Any attempt to abuse discovery by acting in contravention of this order will result in the imposition of sanctions against the offending party.  Defendants shall have forty-five days from the date of service of the interrogatories within which to serve their responses.

As set forth herein, it is HEREBY ORDERED that:

1.  Plaintiff's motion for leave to serve additional interrogatories, filed February 25, 2008, is GRANTED IN PART and DENIED IN PART as set forth herein;

2.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall serve the approved interrogatories; and

3.  Defendants shall have **forty-five (45) days** from the date of service of the interrogatories to serve their responses.

IT IS SO ORDERED.

Dated:   **June 26, 2008**              /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE