# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV, | CASE NO. 1:06-cv-01280-AWI-GSA PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| v. | (Doc. 76) |
| ALLEN K. SCRIBNER, et al., | |
| Defendants. | |

Plaintiff, George E. Jacobs, IV, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 7, 2008, the Court issued an order requiring the parties to notify the Court as to whether a settlement conference before United States Magistrate Judge Nandor Vadas would be beneficial. (Doc. 66.) Defendants and Plaintiff responded in the affirmative on October 15, 2008 and November 3, 2008 respectively. (Docs. 68, 69.) The case was cross-designated to Judge Vadas, who held an unsuccessful settlement conference. (Docs, 70, 75.)

On January 5, 2009, Plaintiff filed a motion seeking sanctions for Defendants' abuse of the settlement process and gamesmanship by advising the Court that a settlement conference would be beneficial, but then failing to make any monetary offers at the settlement conference. (Doc. 76, Mot. for Sanc.) Notably, Plaintiff does not cite any legal authority in support of his request for sanctions.

Defendants filed an opposition stating that they and an authorized California Department of Corrections and Rehabilitation (CDCR) representative with full authority to settle the case

1  attended the settlement conference; and while they were not willing to offer any monetary
2  concessions, they would have considered settling the case for a waiver of costs or other non-
3  monetary concessions; but rather than make a counter-offer, Plaintiff terminated the settlement
4  conference.  (Doc. 77, Opp, Doc. 77-2, Becker Decl.)

5  Federal courts have inherent power to impose sanctions for attorney misconduct and such
6  sanctions include an award of attorney's fees, against attorneys and parties for "bad faith"
7  conduct, or "willful disobedience" of a court order.  Chambers v. NASCO, Inc., 501 U.S. 32, 43
8  (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-766 (1980); In re Akros Installations,
9  Inc., 834 F.2d 1526, 1532 (9th Cir. 1987); *see* Republic of Philippines v. Westinghouse Elec.
10 Corp., 43 F.3d 65, 73 (3rd Cir. 1995).  "Bad faith" means a party or counsel acted "vexatiously,
11 wantonly or for oppressive reasons."  Chambers, 501 U.S. at 45-46; *see* Alyeska Pipeline Service
12 Co. v. Wilderness Society, 421 U.S. 240, 258-259 (1975).

13 Bad faith is tested objectively.  "[A] district court's finding of bad faith or the absence of
14 bad faith in a particular case is a factual determination and may be reversed only if it is clearly
15 erroneous."  Ford v. Temple Hosp., 790 F.2d 342, 347 (3rd Cir. 1986); *see* Baker v. Cerberus,
16 Ltd., 764 F.2d 204, 210 (3rd Cir. 1985); Perichak v. International Union of Elec. Radio, 715 F.2d
17 78, 79 (3rd Cir. 1983).  There must be "some indication of an intentional advancement of a
18 baseless contention that is made for an ulterior purpose, e.g., harassment or delay."  Ford, 790
19 F.2d at 347.

20 Defendants do not appear to have engaged in bad faith conduct at the settlement
21 conference and/or during the settlement negotiations.  Defendants extended an offer which,
22 however disappointing to Plaintiff, is not uncommon in civil litigation.  The mere fact that
23 Defendants did not extend a monetary offer of settlement to Plaintiff does not mean that they
24 acted in bad faith.

25 Accordingly, Plaintiff's motion is HEREBY DENIED, with prejudice.

26
27
28 IT IS SO ORDERED.


Dated: **September 11, 2009**              /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE