# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV, | CASE NO. 1:06-cv-01280-AWI-GSA PC |
|     Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES |
|     v. | |
| ALLEN K. SCRIBNER, et al., | (Doc. 41) |
|     Defendants. | |

**Order on Plaintiff's Motions to Compel Interrogatory Responses and for Sanctions**

    Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. This action is proceeding on Plaintiff's Complaint, filed September 18, 2006, against Defendants Martinez, German, and Northcutt for use of excessive physical force, assault and battery, and intentional infliction of emotional distress; and against Defendant Martinez for acting with deliberate indifference to Plaintiff's serious medical needs. The excessive force claim, which is also brought against two Doe defendants, allegedly occurred during the escort of Plaintiff from the Acute Care Hospital to the Security Housing Unit on January 26, 2005. The medical care claim against Defendant Martinez arises from Defendant's alleged failure to obtain medical care for Plaintiff on January 27, 2005, and the medical care claims against Does 3, 4, and 6-10 arise from the failure to obtain medical care for Plaintiff from January 27, 2005 through February 3, 2005. Plaintiff alleges that he was ultimately transported to an outside hospital for emergency medical care on February 2, 2005, and lost the sight in one eye as a result of his injuries.

I.      **Motion to Compel Further Responses to Interrogatories**

On March 3, 2008, Plaintiff filed a motion to compel further responses to his interrogatories and for sanctions. (Doc. 41.) Defendants filed an opposition on March 18, 2008, and Plaintiff filed a reply on April 11, 2008. (Docs. 43, 50.)

Plaintiff is entitled to seek discovery of any nonprivileged matter that is relevant to his claims. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Id. The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason, *e.g.*, Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008), and hyper-technical, quibbling, or evasive objections will not be treated with favor.

A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e).

     A.      **Defendant Martinez - Set One**

**ROG 1:** "State all facts you have in support of your general denial."

**ROG 2:** "State all facts you have in support of your affirmative defense."

**Ruling:** These interrogatories are overly broad and vague, and Defendant's objections are sustained. Plaintiff's motion to compel a response beyond Defendant's denial of the allegations in the Complaint is denied.

**ROG 3:** "Do you contend that you were not the sole cause of the subject incident?"

**ROG 4:** "If your response to the preceding interrogatory no 3 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Number 3 is vague and ambiguous as to "sole cause" and "subject incident." Plaintiff is

asserting more than one claim against Defendant Martinez, and even assuming Plaintiff is referring to either the alleged incident of force on January 26, 2005, or the alleged incident of denial of medical care on January 27, 2005, the question is not comprehensible as framed in that it is unclear what information Plaintiff is attempting to obtain with this interrogatory.  As a result, no response to number 4 is due.  Plaintiff's motion to compel is denied.

**ROG 6:** "If your response to the preceding interrogatory (no. 5) was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:**  Number 5, which is not subject to a motion to compel, asked, "Do you contend that plaintiff contributed to the subject matter incident?"  Defendant's response to number 5 was not in the affirmative; rather Defendant responded by denying that Plaintiff's allegations as stated in the Complaint were true.  Defendant denies that an incident occurred.  Therefore, Plaintiff is not entitled to a response to number 6 and his motion to compel is denied.  Although Plaintiff did not move to compel a further response to number 5, the Court's position on number 5 is the same as for number 3.

**ROG 8:** "If your response to the preceding interrogatory no. 7 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:**  Number 7 asked, "Do you contend that plaintiff was not injured as a result of your physical handling?"  Defendant denied that Plaintiff was injured in number 7 and then responded to number 8 by stating that he did not answer affirmatively.  If Defendant's position is that Plaintiff was not injured, Number 7 was designed to elicit a response in the affirmative, e.g., "Yes, I deny that you were injured" or something similar.  Therefore, Defendant's objection to number 8 on the ground that he did not answer in the affirmative is overruled.  Ordinarily, a party may not phrase an affirmative interrogatory response in the negative so as to avoid responding to a follow-up interrogatory.  However, number 8 requires that Defendant set forth facts in support of a negative, which does not appear possible in this instance.  Therefore, Plaintiff's motion to compel is denied.

///

**ROG 10:** "If your response to the preceding interrogatories [sic] no. 9 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Number 9 as framed should have elicited an affirmative response from Defendant to the effect of, "Yes, I contend Plaintiff was not injured." Based on that affirmative response, Defendant was required to respond to number 10. Defendant may not word his response as a denial and then decline to respond when the question as framed should have elicited an affirmative response. Defendant's objection is overruled. Again, however, number 10 seeks that Defendant prove a negative by providing facts in support of the denial that Plaintiff was injured. In this instance, the Court cannot discern how Defendant can do so and hence Plaintiff's motion to compel is denied on that ground.

**ROG 12:** "If your response to the preceding interrogatory no. 11 was in the negative, please set forth each and every fact in support of your contention."

**Ruling:** Number 11 asked if Defendant witnessed Plaintiff being punched in the body area by Defendant German and Does 1 & 2. Defendant denied seeing Plaintiff being punched, and responded to number 12 by stating that he cannot provide information on an event which he contends did not occur. Plaintiff's motion to compel is denied. If Defendant denies witnessing such an event and denies it occurred, there is no further information to provide.

**ROG 14:** "If your response to the preceding interrogatory no. 13 was in the negative, please set forth each and every fact in support of your contention.

**Ruling:** Number 13 asked if Defendant witnessed Plaintiff being punched in the face/head by Defendant German. Defendant denied seeing Plaintiff being punched, and responded to number 14 by stating that he cannot provide information on an event which he contends did not occur. Plaintiff's motion to compel is denied. If Defendant denies witnessing such an event and denies it occurred, there is no further information to provide.

**ROG 16:** "If your response to the preceding interrogatory no. 15 was in the negative, please set forth each and every fact in support of your contention."

**Ruling:** Defendant denied witnessing Plaintiff being punched by any other defendants in

number 15 and responded to number 16 by stating that he cannot provide further information on an event that did not occur. Based on those responses, Defendant cannot be compelled to provide further information. Plaintiff's motion to compel is denied.

**ROG 18:** "If your response to the preceding interrogatory no. 17 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Number 17 asked Defendant if he escorted Plaintiff during the day on January 26, 2005, and Defendant responded that he recalls escorting Plaintiff to the SHU on that date. In response to number 18, Defendant objected as overly broad, vague, and ambiguous, but again responded that he recalls escorting Plaintiff to the SHU on that date. Defendant's objections are overruled, and Plaintiff's motion to compel is granted. Defendant shall serve a response setting forth the facts he recalls with respect to this escort, e.g., what he remembers about the escort/what happened during the escort.

**ROG 19:** "Were you working anytime in 4A 2 Building during January 27th and 28th of 2005?"

**ROG 20:** "If your response to the preceding interrogatory no. 19 was in the affirmative and/or negative, please set forth each and every fact in support of your contention."

**Ruling:** Defendant responded that he does not recall, but that January 28, 2005 was his regular day off. Defendant's objections to the requests as overly broad, vague, and ambiguous are overruled. Whether an individual defendant was working on a given day(s), and at the location directly relevant to the claims against him, is basic information that should be within Defendant's ability to ascertain. Plaintiff's motion to compel further responses to numbers 19 and 20 is granted.

**ROG 21:** "Do you know the names of your co-workers who were a part of your escort team on January 26, 2005, [to] pick up plaintiff from the (ACH) unit and escort him back to 4A2R-cell 43?"

**ROG 22:** "If your response to the preceding interrogatory no. 21 was in the affirmative and/or negative, please set forth each and every fact in support of your contention."

5

**Ruling:** Defendant responded to number 21 that he recalls only Defendants German and Northcutt. He then responded to number 22 stating that his response to number 21 was based on his memory. Defendant's objections to the requests as overly broad, vague, and ambiguous are overruled. Responding based solely on one's own memory does not equate to making a reasonable effort to respond to discovery requests. The Court is not convinced that Defendant Martinez has no means available to ascertain the names of other prison staff who were a part of his escort team on January 26, 2005 to pick up Plaintiff from the ACH unit and escort him back to his cell. Plaintiff's motion to compel is granted. If Defendant conducts an inquiry and is still unable to provide definitive responses to numbers 21 and 22, he shall respond by detailing all unsuccessful efforts made to ascertain the information.

**ROG 24:** "Have you ever been disciplined for any misconduct and/or improper conduct since you have been assigned as a sergeant here at Corcoran state prison?"

**ROG 25:** "If your response to the preceding interrogatory no. 23 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Number 24 is overly broad as to time frame and type of misconduct. As a result, no response to number 25 is due. Plaintiff's motion to compel is denied.

### B.  Defendant German - Set One

**ROG 1:** "State all facts you have in support of your general denial."

**ROG 2:** "State all facts you have in support of your affirmative defense."

**Ruling:** These interrogatories are overly broad and vague, and Defendant's objections are sustained. Plaintiff's motion to compel a response beyond Defendant's denial of the allegations in the Complaint is denied.

**ROG 3:** "Do you contend that you were not the sole cause of the subject incident?"

**ROG 4:** "If your response to the preceding interrogatory no 3 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:**  Number 3 is vague and ambiguous as to "sole cause" and "subject incident."  Assuming Plaintiff is referring to the alleged incident of force on January 26, 2005, the question is not comprehensible as framed in that it is unclear what information Plaintiff is attempting to obtain with this interrogatory.  As a result, no response to number 4 is due.  Plaintiff's motion to compel is denied.

**ROG 5:**  "Do you contend plaintiff contributed to the subject matter incident?"

**ROG 6:**  "If your response to the preceding interrogatory no. 5 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:**  Defendant's objections that the interrogatories are overly broad, vague, and ambiguous are sustained.  Assuming Plaintiff is referring to the alleged incident of force on January 26, 2005, the question is vague and ambiguous as to "contributed."  It is unclear what information Plaintiff is attempting to obtain with this interrogatory.  Plaintiff is best served by asking questions in plain language.  If Plaintiff is attempting to find out if Defendant's position is that Plaintiff was resistant or combative during the escort, or something along those lines, that is how the question should be phrased.  Plaintiff's motion to compel is denied.

**ROG 8:**  "If your response to the preceding interrogatory no. 7 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:**  Number 7 asked, "Do you contend that plaintiff was not injured as a result of your physical handling?"  Defendant denied that Plaintiff sustained any injuries as a result of his interaction with Defendant and then responded to number 8 by stating that he did not answer affirmatively.  If Defendant's position is that Plaintiff was not injured by him, number 7 was designed to elicit a response in the affirmative, e.g., "Yes, I deny that you were injured in the course of our interaction" or something similar.  Therefore, Defendant's objection to number 8 on the ground that he did not answer in the affirmative is overruled.  Ordinarily, a party may not phrase an affirmative interrogatory response in the negative so as to avoid responding to a follow-up interrogatory.  However, number 8 requires that Defendant set forth facts in support of a negative, which does not appear possible in this instance.  Therefore, the motion to compel a

7

further response is denied.

**ROG 13:** "Did you witness defendants J. M. Martinez, M. Northcutt or any other guards present at the time, punch plaintiff in the face/head from behind, while plaintiff was kneeling in front of cell #43 in 4A2Right-C-section on January 26, 2005 at Corcoran state prison?"

**Ruling:** Defendant denied seeing Plaintiff being punched. Plaintiff is required to accept the answer and his motion to compel is denied.

**ROG 17:** "Did you escort plaintiff at anytime during the day of January 26, 2005?"

**ROG 18:** "If your response to the preceding interrogatory no. 17 was In the affirmative and/or negative, please set forth each and every fact in support of your contention."

**ROG 19:** "Do you know the names of your co-workers who were a part of t he escort team on January 26, 2005, to pick up plaintiff from the (ACH) unit and escort him back to 4A2R-cell 43?"

**ROG 20:** "If your response to the preceding interrogatory no. 19 was in the affirmative and/or negative, please set forth each and every fact in support of your contention."

**Ruling:** Defendant responded to numbers 17 and 18 by stating that he does not specifically recall escorting Plaintiff to the SHU, but that was his assignment during that time period on that date. Defendant responded to numbers 19 and 20 by stating that he could not answer because he does not recall escorting Plaintiff on that date. Responding based solely on one's own memory does not equate to making a reasonable effort to respond to discovery requests. The Court is not convinced that Defendant German has no means available to ascertain the names of other prison staff who were a part of his escort team on January 26, 2005 to pick up Plaintiff from the ACH unit and escort him back to his cell. Plaintiff's motion to compel is granted. If Defendant conducts an inquiry and is still unable to provide definitive responses to numbers 17, 18, 19, and 20, he shall respond by delineating all unsuccessful efforts made to ascertain the information.

**ROG 23:** "Have you ever been disciplined and/or reprimanded for any misconduct and/or improper conduct since you been [sic] assigned as a correctional guard here at Corcoran state prison?"

8

**ROG 24:** "If your response to the preceding interrogatory no. 23 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Number 23 is overly broad as to time frame and type of misconduct. As a result, no response to number 24 is due. Plaintiff's motion to compel is denied.

### C. Defendant Northcutt - Set One

**ROG 1:** "State all facts you have in support of your general denial."

**ROG 2:** "State all facts you have in support of your affirmative defense."

**Ruling:** These interrogatories are overly broad and vague, and Defendant's objections are sustained. Plaintiff's motion to compel a response beyond Defendant's denial of the allegations in the Complaint is denied.

**ROG 3:** "Do you contend that you were not the solo cause of the subject incident?"

**ROG 4:** "If your response to the preceding interrogatory no 3 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Number 3 is vague and ambiguous as to "solo cause" and "subject incident." Assuming Plaintiff is referring to the alleged incident of force on January 26, 2005, the question is not comprehensible as framed in that it is unclear what information Plaintiff is attempting to obtain with this interrogatory. As a result, no response to number 4 is due. Plaintiff's motion to compel is denied.

**ROG 5:** "Do you contend plaintiff contributed to the subject matter incident?"

**ROG 6:** "If your response to the preceding interrogatory no. 5 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Defendant's objections that the interrogatories are overly broad, vague, and ambiguous are sustained. Assuming Plaintiff is referring to the alleged incident of force on January 26, 2005, the question is vague and ambiguous as to "contributed." It is unclear what information Plaintiff is attempting to obtain with interrogatory number 5. Plaintiff is best served by asking

questions in plain language.  If Plaintiff is attempting to find out if Defendant's position is that Plaintiff was resistant or combative during the escort, or something along those lines, that is how the question should be phrased.  No response to number 6 is due.  Plaintiff's motion to compel is denied.

**ROG 8:** "If your response to the preceding interrogatory no. 7 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Number 7 asked, "Do you contend that plaintiff was not injured as a result of your physical handling?"  Defendant denied causing Plaintiff any physical injuries in number 7 and then responded to number 8 by stating that he did not answer affirmatively.  If Defendant's position is that Plaintiff was not injured by, Number 7 was designed to elicit a response in the affirmative, e.g., "Yes, I deny that you were injured by me" or something similar.  Therefore, Defendant's objection to number 8 on the ground that he did not answer in the affirmative is overruled.  Ordinarily, a party may not phrase an affirmative interrogatory response in the negative so as to avoid responding to a follow-up interrogatory.  However, number 8 requires that Defendant set forth facts in support of a negative, which does not appear possible in this instance.  Therefore, the motion to compel a further response is denied on that ground.

**ROG 10:** "If your response to the preceding interrogatory no. 9 was in the affirmative and/or negative, please set forth each and every fact in support of your contention."

**Ruling:** Number 9 asked, "Do you contend that plaintiff was injured as a result of your co-workers/defendants J. M. Martinez, German H., and John Does 1 & 2 physical handling?"  Defendant responded to number 9 by denying that Plaintiff was injured and responded to number 10 by stating that he cannot provide more detail because this interrogatory is false.  Defendant denied that Plaintiff was injured, and cannot prove a negative.  Plaintiff's motion to compel is denied.

**ROG 17:** "If your preceding response to interrogatory no. 16 was in the

affirmative and/or negative, please set forth each and every fact in support of your contention."

**Ruling:** Number 16 asks, "Did you witness any of the other guards besides yourself, physically abusing plaintiff, in the 4A 2 building rotunda/sally port area, on January 26, 2005 at Corcoran state prison (S.H.U.)[?]" Defendant denied witnessing Plaintiff being physically abused in number 16 and stated he could not provide further detail on any event which did not happen in number 17. Because Defendant denied seeing Plaintiff being physically abused, there is nothing to compel with respect to number 17 and Plaintiff's motion to compel is denied.

**ROG 19:** "If your response to the preceding interrogatory no. 18 was in the affirmative and/or negative, please set forth each and every fact in support of your contention."

**Ruling:** In response to number 18, Defendant denied witnessing Plaintiff being punched. Because Defendant denied seeing Plaintiff being punched, there is nothing to compel with respect to number 19 and Plaintiff's motion to compel is denied.

**ROG 21:** "If your response to the preceding interrogatory no. 20 was in the affirmative and/or negative, please set forth each and every fact in support of your contention."

**Ruling:** In response to number 20, Defendant denied punching Plaintiff. Because Defendant denied punching Plaintiff, there is nothing to compel with respect to number 21 and Plaintiff's motion to compel is denied.

**ROG 24:** "Have you ever been disciplined and/or reprimanded for any misconduct and/or improper conduct since you been [sic] assigned as a correctional guard here at Corcoran state prison?"

**ROG 25:** "If your response to the preceding interrogatory no. 24 was in the affirmative, please set forth each and every fact in support of your contention."

**Ruling:** Number 24 is overly broad as to time frame and type of misconduct. As a result, no response to number 25 is due. Plaintiff's motion to compel is denied.

*Plaintiff's Request for Sanctions*

If a motion to compel is granted in part and denied in part, the Court "may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. Pro. 37(a)(5)(C).

In his motion, Plaintiff requests that the Court award him sanctions, claiming that Defendants have attempted to "side step, ignore and abuse proper discovery procedures." (Doc. 41, Mot., 5:26-28.) Defendants did not specifically respond to Plaintiff's sanction request, rather they addressed each interrogatory response in question and delineated the basis for their objections and/or responses given. The delineated basis show that Defendants' nondisclosure, responses, and/or objections were substantially justified and Plaintiff has not presented any evidence to the contrary. Further, the Court notes that Plaintiff's motion was denied, and Defendants are only compelled to provide further responses to a few interrogatories. Under these circumstances, an award of expenses to Plaintiff would be unjust.

Accordingly, Plaintiff's request for sanctions in his motion to compel interrogatory responses, filed March 3, 2008, is denied.

## II. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel further responses from Defendant Martinez to interrogatories 18-22 is GRANTED, subject to the limitations set forth in this order;

2. Plaintiff's motion to compel further responses from Defendant Martinez to interrogatories 1-4, 6, 8, 10, 12, 14, 16, 24, and 25 is DENIED;

3. Plaintiff's motion to compel further responses from Defendant German to interrogatories 17-20 is GRANTED, subject to the limitations set forth in this order;

4. Plaintiff's motion to compel further responses from Defendant Martinez to interrogatories 1-6, 8, 13, 23, and 24 is DENIED;

5. Plaintiff's motion to compel further responses from Defendant Northcutt is DENIED; and

6. Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:   September 22, 2009**                           **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE