# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV, | CASE NO. 1:06-cv-01280-AWI-GSA PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION/INSPECTION AND DENYING SANCTIONS, and DENYING PLAINTIFF'S MOTION FOR PRESERVATION OF VIDEOTAPES |
| v. | |
| ALLEN K. SCRIBNER, et al., | |
| Defendants. | |
| | (Docs. 42 and 46) |

_____/

### Order on Motion to Compel Production/Inspection of Documents With Sanctions and Motion for Preservation of Videotapes

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law.  This action is proceeding on Plaintiff's complaint, filed September 18, 2006, against Defendants Martinez, German, and Northcutt for use of excessive physical force, assault and battery, and intentional infliction of emotional distress; and against Defendant Martinez for acting with deliberate indifference to Plaintiff's serious medical needs.  The excessive force claim, which is also brought against two Doe defendants, allegedly occurred during the escort of Plaintiff from the Acute Care Hospital to the Security Housing Unit on January 26, 2005.  The medical care claim against Defendant Martinez arises from Defendant's alleged failure to obtain medical care for Plaintiff on January 27, 2005, and the medical care claims against Does 3, 4, and 6-10 arise from the failure to obtain medical care for Plaintiff between January 27, 2005, and February 3,

1

1   2005.  Plaintiff alleges that he was ultimately transported to an outside hospital for emergency

2   medical care on February 2, 2005, and lost the sight in one eye as a result of his injuries.

3   **I.      Motion to Compel Production of Documents**

4          On March 7, 2008, Plaintiff filed a motion to compel further responses to his requests for

5   the production of documents.  (Doc. 42.)  Defendants filed an opposition on March 18, 2008 and

6   Plaintiff filed a reply on April 7, 2008.  (Docs. 44, 48.)

7          Federal Rule of Civil Procedure 34 empowers a party to serve on any other party a request

8   to produce "any designated documents . . . which are in the possession, custody or control of the

9   party upon whom the request is served."  Fed. R. Civ. P. 34(a).   Documents are in the

10  "possession, custody, or control" of the served party if "the party has actual possession, custody,

11  or control, or has the legal right to obtain the documents on demand."  In re Bankers Trust Co.,

12  61 F.3d 465, 469 (6th Cir.1995).  Accordingly, a party may be required to produce documents

13  turned over to an agent, such as its attorney or insurer.  *E.g.*, Henderson v. Zurn Indus., 131

14  F.R.D. 560, 567 (S.D. Ind.1990).  Further, the responding party has a duty to supplement any

15  responses if the information sought is later obtained, or the response provided needs correction.

16  Fed. R. Civ. P. 26(e).

17         If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his

18  motion to compel to demonstrate why the objection is not justified.  In general, Plaintiff must

19  inform the Court which discovery requests are the subject of his motion to compel, and, for each

20  disputed response, inform the Court why the information sought is relevant, and why

21  Defendants' objections are not justified.  Plaintiff's motion to compel is deficient as it does not

22  address which discovery requests are the subject of his motion to compel; nor does he inform the

23  Court why the information sought is relevant and why Defendants' objections are not justified

24  and/or of any deficiencies he alleges in the documents already produced by Defendants.[1]

25  ──────────────

26         [1] Plaintiff argues at one point that he is entitled to further production because the evidence he seeks "will bring to light that Defendants superiors and the Corcoran State Prison administration as well as CDCR/Department of Corrections should have been well aware of Defendants violent natures, based on similar acts of brutal

27  misconduct."  (Doc. 42, 11:18-24.)  However, all such arguments and/or attempts at stating claims as to the supervisory personnel are disregarded since this action is only proceeding on Plaintiff's claims against Defendants

28  Martinez, German, and Northcutt for use of excessive physical force, assault and battery, and/or intentional infliction

1   However, Defendants have addressed each of Plaintiff's sixty-one production and/or inspection

2   requests.  In the interest of conserving the Court's limited resources, and given both Defendants'

3   opposing efforts and the extent of discovery apparently being conducted in this case, the Court

4   opts to reach the merits of Plaintiff's motion to compel, rather than deny the motion without

5   prejudice to refiling.

6           Defendants shall provide Plaintiff with copies of the documents compelled produced

7   herein within forty-five days from the date of service of this order.  Defendants may redact from

8   the relevant documents any information relating to the identities of third parties.  If, after double-

9   checking with the appropriate record keeping departments and human resource personnel,

10  Defendants continue to contend that any of the requests granted herein are burdensome, they

11  shall so notify the Court within thirty days from the date of service of this order (including a

12  showing of the basis upon which they assert the burdensome objection) and the Court will revisit

13  the issue.  Likewise Defendants shall notify the Court within thirty days from the date of service

14  of this order of any continuing belief (with supporting evidence) that disclosure of any

15  documents ordered produced herein will cause safety and security issues.

16          The Court issues combined rulings below on requests for production that are similar in

17  nature.

18  ***Plaintiff's First Request for Production of Documents***

19  **Request for Production No. 1:**
    "All documents that refer to allegations of misconduct or other
20  improper conduct by prison staff involving defendants J.M. Martinez,
    Northcutt, German, and John Does 1 & 2, 3 & 4, 6-10. Whether such allegations
21  were made by an inmate or by a member of the prison staff. Per Departmental
    Operational Manual (D.O.M.) 54100. 25-5, 54100. 25-6, 24100.25.7, pursuant
22  to p.c. 832-5(a) evidence codes 1043, 1044, 1045, 1046."

23  **Ruling:**  Defendants objected to number 1 as being compound, vague and ambiguous,

24  burdensome, overly broad, not likely to lead to the discovery of admissible evidence, and

25  claiming that disclosure of the requested documents would violate Defendants' right to privacy

26  under California law.  The Court grants Plaintiff's motion in part, subject to the limitation that

27  _____

28  of emotional distress, and against Defendant Martinez for acting with deliberate indifference to Plaintiff's serious
    medical needs.  (Doc. 9.)

this request for production of documents is narrowed to include only those grievances,

complaints, etc. filed against any Defendant(s) that involve claims similar to those raised by

Plaintiff in the instant action – i.e. Defendants Martinez, German, and Northcutt for use of

excessive physical force, assault and battery, and intentional infliction of emotional distress, and

Defendant Martinez for acting with deliberate indifference to serious medical needs.  (Doc. 9.)


**Request for Production No. 2:**
"All medical documents that refer or relate to psychological history
of defendants J.M. Mertinez, [sic] Northcutt, German, John Does 1 & 2, 3 & 4, 6-10,
which may or may not have had an effect on their improper conduct. Pursuant
to P.C. 832.5(a), evidence codes 1043, 1045, 1046."

**Ruling:**  Defendants objected to number 2 as being compound, vague and ambiguous,

burdensome, overly broad, not likely to lead to the discovery of admissible evidence, and

claiming that disclosure of the requested documents would violate Defendants' right to privacy

under California law.  These objections are sustained.  Plaintiff's motion to compel is denied.


**Request for Production No. 3:**
"Please produce and relinquish the February 8th 2005 and February 9th
2005 excessive use of force videotape interview conducted by correctional
lieutenant Ruiz in 4A2building I.C.C. committee room, regarding the January 26th
2005 unnecessary and unauthorized excessive use of force on George E. Jacobs IV.
Pursuant to evidence code 1553, CDCR administrative bullentin [sic] 05-03, 11-22-05."

**Ruling:**  Defendants objected to number 3 as being vague and ambiguous.  These objections are

overruled.  However, Defendants further respond that per Lieutenant Ruiz, the interview of

Plaintiff was pursuant to his inmate appeal, and that it was not a use of force investigation.  The

interview was not videotaped and there are no tapes to produce.  Defendants cannot be compelled

to produce an item that does not exist.  Plaintiff's motion to compel is denied.


**Request for Production No. 4:**
"Please produce and relinquish excessive use of force videotape interview
of inmate witnesses that were housed in cells 4A2R-cell 42 and 4A2R-cell 44,
conducted by correctional LT. Ruiz on February 10th 2005. Pursuant to E.V. 1553
and CDCR Administrative bullentin [sic] 05-03, 11-22-05."

**Ruling:**  Defendants objected to number 4 as being vague and ambiguous.  These objections are

1 overruled.  However, Defendants further respond that per Lieutenant Ruiz, there were no

2 videotaped interviews of any purported witnesses arising out of Plaintiff's claims from January

3 26, 2005.  Defendants cannot be compelled to produce an item that does not exist.  Plaintiff's

4 motion to compel is denied.

5

6 **Request for Production No. 5:**
"All documents that refer or relate to the California department [sic]

7 of Corrections and Rehabilitative policies and procedures on calculated
use of force plans, authorized by the department [sic] of Corrections.

8 Pursuent [sic] to E.V. 1530,1532, including but not limited to the use of
force policy training handbook pursuant to Departmental Operational

9 Manual (D.O.M.) section 54060.36."

10 **Ruling:**  Defendants objected to this request on the grounds that it is vague and ambiguous,

11 burdensome, and overly broad. Furthermore, sections of the Departmental Operational Manual

12 that relate to use of force is confidential and its release may jeopardize the safety and security of

13 the institution. Without waiving objections, Defendants produced sections of Title 15 section

14 3268, which deals with use of force.  Defendants asserted that this request was vague and overly

15 broad because it does not request readily identifiable documents.  The Court grants Plaintiff's

16 motion in part, subject to the limitation that this request for production of documents is narrowed

17 to include any policy training handbook, or section thereof, pursuant to Departmental Operational

18 Manual (D.O.M.) section 54060.36 on the use of force.

19

20 **Request for Production No. 6:**
"All documents that refer or relate to the California state prison-Corcoran
calculated use of force policies and procedures authorized by the C.S.P.-cor warden

21 [sic] A.K. scribner [sic] and/or derral [sic] G. Adams for the [sic] 2005 until the present.
Pursuant to E.V. 1530,1532, including but limited to Corcoran's Institution Operations

22 plan for use of force. Pursuant to D.O.M. section 54060-36."

23 **Ruling:**  Defendants objected to this request on the grounds that it is compound, vague and

24 ambiguous, burdensome, overly broad, and would jeopardize the safety and security of the

25 institution.  Defendants argue that Plaintiff did not provide Defendants with a request for a

26 readily identifiable document; rather asked for a wide range of potential documents spanning

27 three years; that they cannot guess as to Plaintiff's intentions; and that any relevant sections of

28 the Operational Manual dealing with use of force have been determined by prison officials to be

5

confidential, that releasing them to an inmate would cause safety and security concerns.  The

events at issue in this action occurred in January of 2005.  Plaintiff's request is narrowed to

Corcoran's Institution Operations plan for use of force, pursuant to D.O.M. section 54060-36,

authorized by Wardens Scribner and/or Adams for 2004 and 2005.

**Request for Production No. 7:**
"Please relinquish the following document(s); George E. Jacobs #J4866
CDC 114A daily log ("notes") file. Pursuant to E.V. 1530,1532,1600."

**Ruling:**  Defendants objected to this request on the grounds that it is vague and ambiguous, and

overly broad, but argue that, without waiving these objections, they provided Plaintiff with his

requested document.  Without any specific claim from Plaintiff as to how this production was

deficient, Defendants cannot be compelled to respond further.  Plaintiff's motion to compel is

denied.

**Request for Production No. 8**:
"Please relinquish the following document(s); (ACH) unit log entry
for January 24, 26, 28, 29, 30, 31 of 2005. As well as entries for February 1,
2, 3 of 2005. Pursuant to E.V. 1530,1532,1600."

**Ruling:**  Defendants objected to this request on the grounds that it is compound, vague and

ambiguous.  Without waiving objections, Defendants argue that they are unable to produce these

documents because they made a reasonable inquiry and found, according to prison officials, ACH

Unit does not keep such logs.  Defendants cannot be compelled to produce documents that do not

exist.  Plaintiff's motion to compel is denied.

**Request for Production No. 9**:
"Please relinquish the following document(s); 4A2building unit log
entry for January 26, 27, 28 of 2005. As well as entries for February 3rd,
8th, 9th, 10th, of 2005. Pursuant to E.V. 1530,1532,1600."

**Ruling:**  Defendants objected to this request on the grounds that it is, ambiguous, not reasonably

calculated to lead to the discovery of admissible evidence, on the grounds that the documents

requested cannot be turned over to Plaintiff due to institutional safety and security concerns, and

on the grounds that the documents reference activities unrelated to Plaintiff's claims but may

pertain to third party activities. Defendants argue in opposition to this motion, that they have no

direction as to which logs Plaintiff seeks, and that some logs maintained by prison officials in the

Security Housing Unit contain confidential information that cannot be released to inmates.

Plaintiff's request is narrowed to 4A2building unit log entry for January 26, 27, 28 of 2005 and

February $3_{rd}$, $8_{th}$, $9_{th}$, $10_{th}$, of 2005 as it relates to Plaintiff and Defendants only. Defendants may

redact any information pertaining to third party activities.


**Request for Production No. 10**:
"All documents an any reports that refer or relate to the excessive use
of force used on Jacobs at Corcoran state prison SHU 4A2building on
January 26, 2005. Pursuant to Title 15, California Code of Regulations
section 3268.1."

**Ruling:** Defendants objected to this request on the grounds that it is overly broad, burdensome,

vague and ambiguous, and that without waiving objections, after a reasonable search and diligent

inquiry no documents responsive to the request could be located. Defendants argue that, aside

from Plaintiff's own inmate appeal, which Plaintiff already has a copy of, Defendants were

unable to locate any other such documents. Defendants cannot be compelled to produce

documents that they are unable to locate. Plaintiff's motion to compel is denied.


**Request for Production No. 11**:
"Please produce and relinquish tangible item(s): Landyard device,
photographs of 4A2building "Rotunda"/ "Sally Port" area and C-section
entryway, as well as photographs of cell #43,CDCR standardized "Spit
Mask", leg irons, and transportation "Paper" jumpsuit used to transport
prisoners from one prison location to another. Pursuant to E.V. and 1553."

**Ruling:** Defendants objected to this request on the grounds that it is compound, it is not likely to

lead to the discovery of admissible evidence, it is not a proper request for production of

documents as it is not a request for a readily identifiable document as it requires Defendants to

compile photographs which do not already exist, and that the photographs and landyard device

cannot be turned over to Plaintiff due to safety and security concerns of the institution.

Defendants' objections are sustained. Plaintiff's motion to compel is denied.

**Request for Production No. 12**:
"Please produce and relinquish excessive use of force videotape
interview of witnesses, James Thompson #C89968, Lamont Rancher
#073399, Donald Glass #D54799, Charles Kensey #P-04738, Parker #P-
13216, and Kevin L. Harvey #E92954, arising from defendants actions.
pursuant to E.V. 1271,1550.1,1553,1562."

**Ruling:**  Defendants object to this request on the grounds that it is vague and ambiguous as to

"arising from defendants actions."  Without waiving these objections Defendants state that, per

Lieutenant Ruiz, there was no use of force interview videos arising out of Plaintiff's claims from

January 26, 2005.  Defendants cannot produce items which do not exist.  Plaintiff's motion to

compel is denied.

**Request for Production No. 13**:
"Please produce and relinquish all recommendations records by the
assistant Warden and facility captain, of all inmate interviews of excessive
use of force arising from defendants actions. Including but not limited to
the "Report of Findings." Pursuant to E.V. 1271,1550.1, 1553, 1532."

**Ruling:**  Defendants object to this request on the grounds that it is vague and ambiguous, overly

broad, burdensome, and it is not reasonably calculated to lead to the discovery of admissible

evidence.  Defendants argue that Plaintiff gives no guidance as to the type of document he seeks

and that it is unclear as to what Plaintiff refers to in "arising from defendants actions."

Furthermore, there was no use of force interview completed in this case, only an investigation

connected to Plaintiff's inmate appeal.  Any documents pertaining to findings from the inmate

appeal are already in Plaintiff's possession.  Defendants cannot produce items which do not exist.

Plaintiff's motion to compel is denied.

***Plaintiff's Second Request for Production of Documents***

**Request for Production No. 14**:
"Please produce and relinquish the following document(s): All
adverse action records, which is punitive in nature and is intended to
correct misconduct or poor performance, or which tarminates [sic] employment,
of each defendant named herein. Pursuant to E.V. § 1043, § 1045, § 1046."

**Request for Production No. 15:**
"Please produce and relinquish the following document(s): All
Bureau of Independent Review (BIR) records of any/all investigative
and/or disciplinary action taken against each defendant named herein.

1   Pursuant to E.V. § 1046."

2   **Request for Production No. 16**:
"Please produce and relinquish the following document(s): All
3   "SKELLY PACKAGES", this material may include but is not limited to
the following; investigative report, applicable policies, procedures, and
4   Government Code Sections; records of training the employee(s) has
attended; job descriptions; and duty statements and/or post orders tha [sic]
5   are related to the charges, for each defendant named herein. Pursuant to
E.V. § 1043, § 1045, § 1046."

6
**Request for Production No. 17**:
7   "Please produce and relinquish the following document(s): All
"corrective Action" records for each defendant named herein, this material
8   may include but is not limited to the following: verbal counseling, inservice
[sic] training, on the job training written counseling, or a letter of
9   instruction taken by a supervisor to assist an employee in improvising
his/her work performance behavior or conduct. Pursuant to E.V. § 1043, §
10   1045, § 1046."

11   **Request for Production No. 18**:
"Please produce and relinquish the following document(s): All
12   "Designated Cases" records, assigned to the Vertical Advocates, for each
defendant named herein, this material may include but its not limited to the
13   following matters involving staff integrity and/or dishonest, abuse of
authority, sexual misconduct, use of force in which an inmate suffers death
14   or serious injury, use of deadly force, serious allegations made against
supervisors, and high profile or dismissal cases assigned to the Vertical
15   Advocate by the AGC. Pursuant to E.V. § 1043, § 1045, § 1046."

16   **Request for Production No. 19**:
"Please produce and relinquish the following document(s): All
17   "Employee Counseling Records" for each defendant named herein, this
material may include but is not limited to the following: A written record
18   of counseling, documented on a CDC form 1123, between a supervisor and
subordinate which provides formal instructions about laws, rules, policies,
19   and employer expectations. Pursuant to E.V. § 1043, § 1045, § 1046."

20   **Request for Production No. 20**:
"Please produce and relinquish the following document(s): All
21   "Executive Review" records regarding the investigative finding, proposed
disciplinary penalty, or settlement agreement, for each defendant named
22   herein. Pursuant to E.V. § 1043, § 1045, § 1046."

23   **Request for Production No. 21**:
"Please produce and relinquish the following document(s): All
24   "Notice(s) of Adverse Action" for each defendant named herein, this
material may include but is not limited to the following: A notification to
25   the affected employee of the charges against him/her, the adverse action
penalty, and the effective date. Pursuant to E.V. § 1043, § 1045, § 1046."

26
**Request for Production No. 22**:
27   "Please produce and relinquish the following document(s): All
"Office of Internal Affairs (OIA)" file(s), for each defendant named herein,
28   including but not limited to: investigative reports on allegations of

employee misconduct. Pursuant to E.V. § 1043, § 1045, § 1046."

**Request for Production No. 23**:
"Please produce and relinquish the following document(s): All "Preliminary Notice(s) of Adverse Action" for each defendant named herein, this material may include but is not limited to the following: Notification required of some Hiring Authorities in accordance with the Bodiford Settlement Agreement, to an effected employee regarding charges against him/her and the intent to impose aadverse [sic] action. This notification summarizes the specific subsections of the Government Code that have been violated as well as the actions that constituted the violation. Pursuant to E.V. § 1043, § 1045, § 1046."

**Request for Production No. 24**:
"Please produce and relinquish the following document(s): All "Skelly Hearing" results records for each defendant named herein, this material may include but is not limited to the following: the Hiring Authorities' final decision regarding the imposition of a disciplinary penalty. Pursuant to E.V. § 1043, § 1045, § 1046."

**Request for Production No. 25**:
"Please produce and relinquish the following document(s): All "Skelly Letters" for each defendant named herein, this material may include but is not limited to the following: the Hiring Authority's final decision regarding the imposition of a disciplinary penalty. Pursuant to E.V. § 1043, § 1045, § 1046."

**Request for Production No. 26**:
"Please produce and relinquish the following documents: All "(ERO) Employee Relations Officer- Disciplinary Officer's Summary adverse actions records, for each defendant named herein, this material may include but is not limited to the following: A summary complied by the ERO/Disciplinary Officer of Allegations of Misconduct, from evidence contained in an investigative report or other documents. Pursuant to E.V. § 1043, § 1045, § 1046."

**Request for Production No. 27**:
"Please produce and relinquish the following documents: All "Hiring Authority's Investigative and disciplinary records for each defendant named herein, this material may include but is not limited to the following; CDC forms 989 to the OIA including those cases in which direct adverse action is taken without an investigation, CDCR form(s) 402 completed, CDCR form(s) 403 employee disciplinary matrix. Pursuant to E.V. § 1043, § 1045, § 1046."

**Request for Production No. 28**:
"Please produce and relinquish the following documents: All "Employee's Supervisory Files" for each defendant named herein, this material may include but is not limited to the following; filing documentation related to corrective action, performance, behavior, conduct of subordinate staff, imposition of corrective action, corrective action for similar misconduct occurring within one(1) year prior to imposition of corrective or adverse action, alleged misconducts, request for investigations or adverse action to the Hiring Authority. Pursuant to E.V. § 1043, § 1045, § 1046."

1

**Request for Production No. 29**:

2   "Please produce and relinquish the following documents: All
"Vertical Advocate" investigative interviews, notice of adverse action
3   drafts, accurate records of assignments and documenting in the legal
database all communications with the Hiring Authority and SAIG (Senior
4   and Inspectors General) regarding disciplinary penalties: the Skelly
hearings; the Skelly officer's recommendation; the outcome of Executive
5   Review, settlement agreements; SPB hearings; and any appellate
proceedings, documentation in the legal page of CMS al communications
6   regarding investigative reports and investigative findings, for each
defendant named herein. Pursuant to E.V. § 1043, § 1045, § 1046."

7

**Request for Production No. 30**:

8   "Please produce and relinquish all "Office of Personnel Services,
Human Resources" documents/reports that refer or relate to allegations of
9   misconduct or any other improper conduct, for each defendant named
herein, this material may include but is not limited to the following;
10  processing of adverse actions, filing and retaining Final Notices of Adverse
Action in employee office personnel files for three(3) years. Pursuant to
11  E.V. § 1043, § 1045, § 1046."

12  **Request for Production No. 31**:

"Please produce and relinquish all "Office of Personnel Services,
13  Employee Discipline Unit" documents/reports that refer or relate to
allegations of misconduct or any other improper conduct, for each
14  defendant named herein, this material may include but is not limited to the
following; collecting and maintaining the official departmental copies of all
15  adverse action documents separate and apart form those held in the official
personnel files, statistical information and generating reports on adverse
16  actions using Case Management System. Pursuant to E.V. § 1043, § 1045,
§ 1046."

17

**Request for Production No. 32**:

18  "Please produce and relinquish all memorandums forms "Order
for Forman IST and/or documentation of OJT", for each defendant named
19  herein, Pursuant to E.V. § 1043, § 1045, § 1046."

20  **Request for Production No. 33**:

"Please produce and relinquish all "Central Intake"
21  documents/investigative reports, that refer or relate to allegations of
misconduct or any other improper conduct, for each defendant named
22  herein, this material may include but is not limited to the following: the
case assignment and case assignment numbers in the Case Management
23  System (CMS) and the ProLaw database (legal database), updates of the
CMS legal Page, Cross reference numbers, the ERO/Disciplinary Officer's
24  record of the findings in the CMS database. Copies of the CDCR Form
402, Vertical Advocate of all related communications in the legal page of
25  the CMS including, specifically, his/her recommendations, regarding the
investigative findings. Pursuant to E.V. § 1043, § 1045, § 1046."

26

**Request for Production No. 34**:

27  "Please produce and relinquish all "Adverse Action Penalties"
documents that refer or relate to the allegations of misconduct or any other
28  improper conduct, for each defendant named herein, this material may

include but is not limited to the following; Letters of Reprimand, Salary Reduction, Suspension without pay, demotion to a lower class, dismissal from state service, all communications related to penalty imposition in the legal database, Pursuant to E.V. § 1043, § 1045, § 1046."

**Request For Production No. 35**:
"Please produce and relinquish all "Summary of Adverse Action for non-designated cases by the ERO/Disciplinary Officer for each defendant named herein, this material may include but is not limited to the following: work history, location and dates of assignments, prior adverse actions with causes and dates listed, chronological summary of investigations, dates, times, and names of supervisors conducting corrective interviews, copies of corrective memorandums, incident reports, summary statements of Witnesses, transcripts, vouchers, receipts, performance reports, photographs and CDC 602 Form (Inmate/Parolee Appeal Form). Pursuant to E.V. § 1043, § 1045, § 1046."

**Request For Production No. 36**:
"Please produce and relinquish all "ATO NOTICES" that refer or relate to allegations of misconduct or any other improper conduct, for each defendant named herein, Pursuant to E.V. § 1043, § 1045, § 1046."

**Request For Production No. 37**:
"Please produce and relinquish all "EAPT REPORTS" (Employment Advocacy and Prosecution Team), for C.S.P-CORCORAN STATE PRISON, this material may include but is not limited to the following: number of adverse actions by types of discipline, number of direct (without an investigation) adverse action by type, number of adverse actions with an investigation by type, number of actions where the discipline was sustained by the Skelly officer, number of actions where the Skelly officer recommended modification of the discipline, number that the Hiring Authority accepted the recommendations, number that the Hiring Authority rejected the recommendation, Number of settlements reached prior to the SPB decision (State Personnel Board) decisions, Number of cases where SPB upheld the original discipline, Pursuant to E.V. § 1043, § 1045, § 1046."

**Request For Production No. 38**:
"Please produce and relinquish all "Disciplinary Audits" prepared by the "Office of Legal Affairs, in conjunction with the "OIA", for Corcoran State Prison, this material may include but is not limited to the following: the assessments, adequacy, and monitoring of the statue of limitations, the assessments of training needs, evaluations, of the effectiveness of each Vertical Advocate, the appropriateness and thoroughness of the investigation, report, penalty, Notice of Adverse Action and Settlement; and the policy issues involved and/or at stake. Pursuant to E.V. § 1043, § 1045, § 1046."

### *Plaintiff's Third Request for Production of Documents*

**Request For Production No. 39**:
"Please produce and relinquish the following document(s): All (IHUOFC) "Instutional [sic] Head Use of Force Review Committees", use of force incidents reports for each defendant named herein, this material may include but is not limited to the following: evaluation of all relevant documents, executive review forms. Pursuant to E.V. § 1043, § 1045, §

1046."

**Request For Production No. 40**:
"Please produce and relinquish the following document(s): All
"USE OF FORCE EXECUTIVE REVIEW" records, files, or reports for
each defendant named herein, this material may include but is not limited
to the following: Qualitative evaluation, analysis, videos involving
calculated uses of force for incident(s), administrators' memorandums
addressed to the Warden of the outcome of the Department Executive
Review Committee, Pursuant to E.V. § 1043, § 1045, § 1046."

**Request For Production No. 41**:
"Please produce and relinquish the following document(s): All
"Manager's Review (Second Level) Review Forms: for all defendants
named herein, this material may include, but is not limited to the following:
second level analysis, determinations if use of force was within the
guidelines of the department/institution policy, procedure and training,
addres [sic] violations of policy not indentified [sic] in the review process,
pursuant to E.V. § 1043, § 1045, § 1046."

**Request For Production No. 42**:
"Please produce and relinquish the following document(s): All
"Institutional Head Review of Use of Excessive Force Critique and
Qualitative Evaluation Analysis (Attachment E)", records, files, or reports
for each defendant named herein. Pursuant to E.V. § 1043, § 1045, §
1046."

**Request For Production No. 43**:
"Please produce and relinquish all "UOFC" use of force
committee Electronic date, on the database system established by the
"UOFC", for each defendant named herein, this material may include but is
not limited to the following information collected from the use of force
incident reports., appeals of use of force, the use of force form, and the use
of force executive review, the type of force used, reasons for the use of
force, pursuant to E.V. § 1043, § 1045, § 1046."

**Request For Production No. 44**:
"Please produce and relinquish all document(s), Electronic data,
from the "Management Information System, for each defendant named
herein, Pursuant to E.V. § 1043, § 1045, § 1046."

**Request For Production No. 45**:
"Please produce and relinquish all videotape-recorded interviews
by inmates who sustained blows to the head, serious injury, or made
allegations of inappropriate use of force, against each defendant named
herein, this material may include, but not be limited to the following:
audiotapes, pursuant to E.V. § 1043, § 1045, § 1046."

**Ruling:** Defendants objected to requests 14 - 45 on the grounds that they were compound, vague

and ambiguous, overly broad, not likely to lead to the discovery of admissible evidence, and that

the documents requested are privileged under state law such that disclosure would violate

Defendants' and third parties right to privacy. Without waiving these objections, Defendants

responded that they were not disciplined for their actions in the incident giving rise to this

lawsuit.  In their opposition, Defendants contend that requests 14 - 45 seek information in

Defendants' personnel files or disciplinary records; that the requests are overly broad and

burdensome and amount to nothing more than a fishing expedition into Defendants' personnel

records; that Defendants have not received any type of disciplinary action for any actions they

took on the dates pertinent to Plaintiff's complaint; that any information relating to prior conduct

is not likely to lead to admissible evidence and is irrelevant to the isolated events giving rise to

this lawsuit so as to be inadmissible character evidence; and that much of the information

requested by Plaintiff would violate Defendants privacy rights.  Defendants do not cite any legal

authority in support of any of these arguments.

      The Court grants Plaintiff's motion in part, subject to the limitation that these requests for

production of documents are narrowed to include only those grievances, complaints, disciplinary

records, etc. filed against any Defendant(s) that involve claims similar to those raised by Plaintiff

in the instant action – i.e. Defendants Martinez, German, and Northcutt for use of excessive

physical force, assault and battery, and/or intentional infliction of emotional distress, and

Defendant Martinez for acting with deliberate indifference to serious medical needs.

**Request For Production No. 46**:
"Please produce and relinquish all documents, for each defendant
named herein, post orders and other responsibilities for each job title and
position she/he has held while employed by the Corcoran State Prison-
Department of Corrections Branch. Located at 4001 King Avenue, In
Corcoran California. Pursuant to E.V. § 1043, § 1045, § 1046."

**Request For Production No. 47**:
"Please provide and relinquish the following document(s) All
policy statements concerning the use of "spit mask" and "management cell
status", "the use of the landyard [sic] device". Pursuant to E.V. § 1043, § 1045,
§ 1046."

**Ruling:**  Defendants objected to both requests 46 and 47 on the grounds that they were

compound, vague and ambiguous, overly broad, and were not requests to produce specific

identifiable documents. Without waiving objections, Defendants responded to request 46 that

Defendants Northcutt and German were Correctional Officers and Defendant Martinez was a

Correctional Sergeant during the times relevant to Plaintiff's complaint and produced duty

14

statements for those positions.  Without waiving objections, Defendants responded to request 47

that policies regarding management cell status and the use of the landyard device cannot be

turned over to Plaintiff due to safety and security concerns, but produced the Operational

Procedure section.  In their opposition, Defendants argue that these requests were vague and

broad as they did not ask for readily identifiable documents; but that they had provided

documents that were responsive to the request, and since Plaintiff did not specifically address his

issue with these responses, Defendants were unable to guess as to Plaintiff's contention with any

perceived deficiencies.  Defendants produced documents responsive to this request.  The Court is

unable to discern grounds upon which this production might be seen as deficient and Plaintiff

provides none.  Plaintiff's motion to compel is denied.

**Request For Production No. 48**:
"Please produce and relinquish the following document(s): All
policy statements, data, and/or guidelines concerning the length of
maximum time a correctional "PEACE OFFICER" can be assigned to walk
the same unit, position and/or post consecutively, this material may include
but is not limited to the following: CDCR Statement Policy, C.S.P.-
Corcoran statement policy, pursuant to E.V. § 1043, § 1045, § 1046."

**Ruling:**  Defendants objected to this request on the grounds that it is compound, vague and

ambiguous, overly broad, and it is not a request to produce specific identifiable documents.

Without waiving objections, Defendants responded that policies, data or, guidelines for specific

post orders cannot be turned over to Plaintiff due to safety and security concerns.  Defendants

argue in their opposition that this request is vague and overly broad as it does not request a

readily identifiable document, and that after reasonable inquiry, Defendants cannot release

policies, data or guidelines for specific post orders based on security concerns of the institution.

The Court is unable to discern grounds upon which the information sought is relevant to

Plaintiff's claims and Plaintiff provides none.  Plaintiff also fails to show that Defendants'

objections are not justified.  Plaintiff's motion to compel is denied.

**Request For Production No. 49**:
"Please produce and relinquish all documents that relate or refer
to Medical treatment for prisoners who suffers injury, and/or serious injury,

this material may include, but is not limited to the following: Medical
treatment policies for M.T.A.'s R.N.'s and Psych Techs, Pursuant to E.V. §
1043, § 1045, § 1046."

**Ruling:** Defendants object to this request on the grounds that it is compound, vague and

ambiguous, overly broad, and it is not a request to produce specific identifiable documents.

These objections are overruled.  Defendants further object on the grounds that it requests

information not within defendants personal knowledge, possession, custody, or control.  If after a

reasonable inquiry this information is truly not within Defendants' possession, custody, or

control, then Plaintiff must accept that response.  Plaintiff's motion to compel is granted in as

much as Defendants did not state that they made a reasonable inquiry, and the Court is not

convinced that Defendants are unable to obtain and produce such documents.  If no such

documents exist, Defendants must state as much in their supplemental responses.


**Request For Production No. 50**:
"Please produce and relinquish all documents that relate or refer
to the serious injury treatment policy for inmates housed in the "Acute Care
Hospital" (ACH), Pursuant to E.V. § 1043, § 1045, § 1046."

**Ruling:** Defendants object to this request on the grounds that it is compound, vague and

ambiguous, overly broad, and it is not a request to produce specific identifiable documents.

These objections are overruled.  Defendants further object on the grounds that it requests

information not within defendants personal knowledge, possession, custody, or control.  If after a

reasonable inquiry this information is truly not within Defendants' possession, custody, or

control, then Plaintiff must accept that response.  Plaintiff's motion to compel is granted in as

much as Defendants did not state that they made a reasonable inquiry, and the Court is not

convinced that Defendants are unable to obtain and produce such documents.  If no such

documents exist, Defendants must state as much in their supplemental responses.


**Request For Production No. 51**:
"Please produce and relinquish the following documents: All
"JOB DESCRIPTIONS" for Medical Technician Assistances' [sic]
Registered Nurses, IDT Chairmen board members, Facility Captain,
Unite [sic] Sergeants, Psych Techs [sic], Assistant Warden, Warden,
Pursuant to E.V. § 1043, § 1045, § 1046."

**Ruling:** Defendants object to this request on the grounds that it is compound, vague and ambiguous, overly broad, and it is not likely to lead to the discovery of admissible evidence. Defendants further object on the grounds that it requests information not within their personal knowledge, possession, custody or control. These objections are overruled. Plaintiff's motion to compel is granted to the extent that each Defendant in this case must surely have access to, and are required to produce, the job description applicable to their individual positions in January and February of 2005.

**Request For Production No. 52**:
"Please produce and relinquish the following documents: All
Hunger Strike"

**Ruling:** Defendants objected to this request on the grounds that it is compound, vague and ambiguous, overly broad, and it is not likely to lead to the discovery of admissible evidence. In opposition, Defendants argue that this request does not seek a readily identifiable document and is so unspecific that Defendants cannot "begin to seek their location." These objections are sustained. Plaintiff's motion to compel is denied.

**Request For Production No. 53**:
"Please produce and relinquish the following document(s): GEORGE E. JACOBS' "UNIT HEALTHCARE RECORDS", This material may include, but is not limited to the following: (ACH) records, 1286 chrono documenting Hunger Strike for dates 1-25-07 through 2-2-07, CDC 7219 dated 2-8-07, 2-9-07, CDC 7254 dated 1-25-07 through 2-2-07, CDC 7225, all reports made to the A.W., HCM, CMO, AOD, PCP, Warden, Division Regional Administrator, Deputy Director, Institutions Division, the Chief Deputy Director/Director, Pursuant to Evidence Code Sections § 1271, § 1280, § 1530, § 1532, § 1550, § 1600."

**Request For Production No. 54**:
"Please produce and relinquish the following document(s): GEORGE E. JACOBS' ENTIRE CENTRAL FILE RECORDS, including but not limited to all confidential material, as it will not jeopardize the safety and security of the institution, Pursuant to Evidence Code Sections § 1271, § 1280, § 1530, § 1532, § 1550, § 1600."

**Request For Production No. 59**:
"Identify and produce any and all documents; such as the medical order which directed Corcoran State Prison officials to admit Plaintiff to the UNIVERSITY MEDICAL CENTER EMERGENCY ROOM on February 2nd 2005. Pursuant to E.V. § 1560, § 1561, § 1562, § 1271 et al (IBID)."

**Ruling:** Defendants objected to requests 53, 54, and 59 on the grounds that they are compound,

vague and ambiguous, overly broad, and not likely to lead to the discovery of admissible evidence. Without waiving objections, Defendants responded that the documents Plaintiff requested are part of his CDCR unified health record which is available for inspection and copying by Plaintiff under applicable institution policies and procedures, and that the items requested by Plaintiff are located in his medical and central file to which he has the same access as Defendants. Plaintiff's motion to compel is therefore denied.

**Request For Production No. 55**:
"Please produce and relinquish the identity, names of person,
John Does 1.2.3.4. and 6-10, all employees at C.S.P. Corcoran State Prison,
4001 King Avenue, Corcoran CA 93212-8800."

**Ruling:** Defendants objected to this request on the grounds that it is vague and ambiguous, and does not request a readily identifiable document. Furthermore, Defendants have answered through their interrogatories that they are unaware of the identities of the unnamed Defendants listed in the complaint. Defendants cannot be compelled to produce an unidentified document, nor are they required to compile information into a document that does not already exist. Plaintiff's motion to compel is denied.

**Request For Production No. 56**:
"Please produce and relinquish the following documents: All
electronic [sic] data that refers or relates statisical [sic] information on
how many 602's ave [sic] been screened out as untimely by C.S.P-Corcoran
Appeals Coordinators' Office, this material may include, but is not limited
to the following in how many cases hes [sic] C.S.P.-COR exercised its
discretion to consider untimely appeals, Pursuant to Evidence Code Sections
§ 1271, § 1280, § 1530, § 1532, § 1550, § 1600."

**Request For Production No. 57**:
"Identify and produce any and all documents of policies and
procedures relating to the Americans with Disability Act Prison Program,
this material may include but is not limited to the following: regulations
instructions, notes, memorandums, internal communications and directives.
Pursuant to E.V. § 1560, § 1561, § 1562, 1271, et al. (IBID)."

**Ruling:** Defendants objected to requests 56 and 57 on the grounds that they are compound, vague and ambiguous, overly broad, and not likely to lead to the discovery of admissible evidence. This case is proceeding on Plaintiff's claims against Defendants Martinez, German,

and Northcutt for use of excessive physical force, assault and battery, and/or intentional infliction of emotional distress, and Defendant Martinez for acting with deliberate indifference to Plaintiff's serious medical needs.  There are no issues as to the screening of appeals and/or the Americans with Disability Act Prison Program in this case.  Thus, Defendants objections are sustained.  Plaintiff's motion to compel is denied.

**Request For Production No. 58**:
"Identify and produce any and all documents, that refer or relate
to any insurance agreements that may cover all or part of any judgment, for
each defendant named herein. Pursuant to E.V. § 1560, § 1561, § 1562, §
1271, et al. (IBID)."

**Ruling:**  Defendants object to this request on the grounds that it is compound, vague and ambiguous, overly broad, not likely to lead to the discovery of admissible evidence, seeks documents which are part of Plaintiff's CDCR unified health record which is available for inspection and copying by Plaintiff under applicable institution policies and procedures, and could potentially request thousands of unnecessary documents because it contains no specific time frames.  Plaintiff's motion to compel is granted to the extent that Defendants are required to produce any insurance agreements  in effect in January and February of 2005, that may cover all or part of any judgment rendered in this case.  In lieu of producing any such insurance agreement, Defendants may produce an affidavit of an authorized CDCR employee as to whether there is insurance coverage, for Plaintiff's claims in this action, in excess of the amounts sought in the Complaint.

**Request For Production No. 60**:
"Identify any parties who were on duty at the prison (ACH) unit
at any time on the dates of January 26, 27, 28 of 2005. Also on January 29
through February 2nd of 2005."

**Request For Production No. 61**:
"Identify any parties who were scheduled for duty at the prison
(ACH) Unit at any time on the dates of January 26, 27, 28 of 2005, also on
January 29 through February 2nd of 2005, this includes but is not limited to:
Nurses, M.T.A.'s, psychiatrist, doctors, social workers, and prison Techs [sic]."

**Ruling:**  Defendants objected to requests 60 and 61 on the grounds that it is compound, vague

and ambiguous, overly broad, not likely to lead to the discovery of admissible evidence, and is not a proper request for production as it does not request a readily identifiable document. These objections are sustained. This type of an inquiry is properly made as an interrogatory. Plaintiff's motion to compel is denied.

## II.   Plaintiff's Request for Sanctions for an Untimely Response

Plaintiff contends that Defendants were late in responding to his discovery requests and accordingly should be sanctioned by the Court. Defendants timely served their responses to Plaintiff's request for production of documents. However, due to an inadvertent error, Defendants mailed the responses to an incorrect address. This error was determined within days and Plaintiff was re-sent the responses with an explanation for the delay. (*See* Doc 42, Plaintiff's Motion, Exhibit A, page 23). Defendants made a good faith effort to serve timely responses, Plaintiff was not harmed by this inadvertent error, and the error was corrected within days. Although Rule 37(b) applies to all failures to comply with court orders, whether willful or not, presence or lack of good faith in the parties is relevant to orders, which should be given and the severity of the sanctions (if any) imposed. *See* B.F. Goodrich Tire Co. v. Lyster, 328 F.2d 411 (5th Cir. 1964) *citing* Societe Internationale Pour Participations Industrielles v. Rogers, 357 U.S. 197, 207 (1958). There is no basis for the Court to find that Defendants error in mailing was made in bad faith. Plaintiff's request for sanctions is denied.

## III.   Motion to Require Defendants to Preserve Videotapes

On March 27, 2008, Plaintiff filed a motion to require the Defendants to preserve all video tapes of Plaintiff's injuries and interviews of excessive use of force claims, and to impose mandatory sanctions. (Doc. 46.) Neither an opposition, nor a reply were filed.

A motion to preserve evidence requires the court to consider "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also

the physical, spatial and financial burdens created by ordering the evidence preservation." <u>Daniel v. Coleman Co., Inc.</u>, No. 06-5706 KLS, 2007 WL 1463102, *2 (W.D. Wash. May 17, 2007).

As discussed on page 13 herein above, Defendants filed responses to Plaintiff's requests for production of documents that no such videotapes exist. These responses were not signed under oath by Defendants, but were signed by Defendants' counsel which certifies that, to their best knowledge, information, and belief after reasonable inquiry, the answers were given consistent with the Federal Rules of Civil Procedure; not interposed for any improper purpose; and not unreasonable, unduly burdensome, or expensive, given the needs of the particular case. Fed. R. Civ. P. 26(g).

Just as Defendants cannot be compelled to produce items which after reasonable inquiry have been determined not to exist, they also cannot be compelled to preserve non-existent evidence. Defendants' discovery responses state that no such videotapes exist, and Plaintiff fails to present any evidence to the contrary. Accordingly, Plaintiff's motion seeking to require Defendants to preserve all video tapes of Plaintiff's injuries and interviews of excessive use of force claims, and for mandatory sanctions thereon is denied.

## IV.   <u>Order</u>

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's motion to compel responses to requests 2, 3, 4, 7, 8, 10-13, 46-48, 52-57, and 59-61is DENIED;

2.   Plaintiff's motion to compel responses to requests 1, 5, 6, 9, 14-45, 49-51, and 58 is GRANTED, subject to the limitations set forth in this order;

3.   If Defendants are able to locate documents as directed herein, Defendants shall serve a response **within forty-five days** from the date of service of this order;

4.   In the alternative, if after double-checking with the appropriate record keeping departments and human resource personnel, Defendants stand by their contention that this request is burdensome, Defendants shall so notify the Court **within thirty days** from the date of service of this order and the Court will revisit this objection; and

5.      If after double-checking with the appropriate departments and/or prison administrators, Defendants stand by their contention that production of documents ordered produced herein will jeopardize the safety and/or security of any CDCR facility, staff, and/or inmates, Defendants shall so notify the Court **within thirty days** from the date of service of this order and the Court will revisit this objection.


IT IS SO ORDERED.

**Dated:** __September 24, 2009__          ___/s/ **Gary S. Austin** ___
                                        UNITED STATES MAGISTRATE JUDGE