# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLEN K. SCRIBNER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01280-AWI-GSA PC<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUBPOENA DUCES<br>TECUM AND SANCTIONS<br><br>(Doc. 64) |

**Order on Motion for Subpoena Duces Tecum and for Sanctions**

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. This action is proceeding on Plaintiff's complaint, filed September 18, 2006, against Defendants Martinez, German, and Northcutt for use of excessive physical force, assault and battery, and intentional infliction of emotional distress; and against Defendant Martinez for acting with deliberate indifference to Plaintiff's serious medical needs. The excessive force claim, which is also brought against two Doe defendants, allegedly occurred during the escort of Plaintiff from the Acute Care Hospital to the Security Housing Unit on January 26, 2005. The medical care claim against Defendant Martinez arises from Defendant's alleged failure to obtain medical care for Plaintiff on January 27, 2005, and the medical care claims against Does 3, 4, and 6-10 arise from the failure to obtain medical care for Plaintiff between January 27, 2005, and February 3, 2005. Plaintiff alleges that he was ultimately transported to an outside hospital for emergency medical care on February 2, 2005, and lost the sight in one eye as a result of his injuries.

1

1    On February 19, 2008, Plaintiff filed a motion seeking the issuance of a subpoena duces
2 tecum under Fed. R. Civ. P. 45.  (Doc. 34.)  Therein Plaintiff sought his medical records from
3 University Medical Center ("UMC"), where he was treated on February 2, 2005 and February 3,
4 2005.  Plaintiff is proceeding pro se and in forma pauperis, and is entitled to service of the
5 subpoena by the United States Marshal.  28 U.S.C. § 1915(d).  The documents sought pertained
6 to injuries Plaintiff allegedly sustained as a result of the incident of excessive force at issue in
7 this action.

8    On June 25, 2008, this Court issued an order granting Plaintiff's motion for subpoena
9 duces tecum to UMC and recommending that Plaintiff allow the records to be sent to the Court,
10 at which time the Court would forward a copy to Plaintiff and provide a copy to Defendants.
11 (Doc. 54.)  Due to the nature of the documents, Plaintiff's written permission for the procedure
12 was required.  (Id.)  However, rather than consenting, Plaintiff objected and requested the records
13 be sent directly to him as confidential mail.  (Doc. 56.)  Thus, the documents were ordered sent
14 directly to Plaintiff who was to provide a copy to Defendants' counsel.  (Docs. 58 and 54.)

15    On September 22, 2008, Plaintiff filed a notice of motion and motion for subpoena duces
16 tecum and sanctions.  (Doc. 64.)  Defendants filed an opposition on October 3, 2008.  (Doc. 65.)
17 Plaintiff did not file a reply.

18    In his motion, Plaintiff alleges that though a prior subpoena duces tecum was issued and
19 Irma P. Real, the custodian of medical records at UMC, compiled and served records thereunder,
20 the set of records Plaintiff ultimately received had been tampered with such that he did not
21 receive any of the actual medical records sought, but received merely two registration print-outs.
22 Plaintiff's instant motion seeks:  (1) issuance of a subpoena duces tecum compelling an
23 appearance by Ms. Real, to ascertain what medical documents she gathered and sent to Plaintiff
24 under a prior subpoena; and (2) sanctions against Defendants for alleged tampering with the
25 subpoenaed documents Ms. Real produced.

26    Plaintiff is entitled to conduct discovery that is not unreasonable, unduly burdensome, or
27 expensive, given the needs of the particular case.  Fed. R. Civ. P. 26(g).  Plaintiff is entitled to
28 seek documentary evidence from third parties via the issuance of a subpoena duces tecum under

1  Federal Rule of Civil Procedure 45.
2       The Court finds that issuing a subpoena duces tecum ordering the appearance by Ms. Real
3  and a full hearing on this issue would be unreasonable, unduly burdensome, and excessive given
4  the needs of the particular case. Plaintiff's motion requesting a subpoena duces tecum issue
5  requiring Ms. Real to personally appear is denied.
6       However, the Court offers to re-issue the subpoena duces tecum for the requested
7  documents from UMC to be sent to this Court. Upon receipt thereof, a copy will be filed under
8  seal into the docket and the original documents produced by UMC will be forwarded to the
9  Plaintiff. However, because of the nature of the documents, Plaintiff must give his written
10 permission for this procedure. Plaintiff has fifteen days from the date of service of this order
11 within which to consent to the aforementioned procedure. If Plaintiff fails to respond within
12 fifteen days, his lack of response will be deemed an objection to the suggested procedure.
13 Likewise, any indication from Plaintiff that he does not consent to the proposed procedure
14 outlined herein for the production of his medical records will also be deemed an objection. In
15 either event, no further efforts will be entertained, or exerted, to obtain the requested records
16 from UMC by this Court.
17      Plaintiff also seeks sanctions against Defendants for the alleged mail tampering that
18 resulted in him not receiving a full copy of his records produced by UMC. However, Plaintiff
19 fails to provide any evidence to show that the Defendants named in this action had any
20 involvement in the delivery of the mail in question. In their opposition to this motion, defense
21 counsel states that two of the three Defendants in this action do not work at the facility where
22 Plaintiff is housed and the third Defendant is a housing Sergeant who does not work in the prison
23 mail-room. Further, this case is not proceeding on any claims based on the handling of
24 Plaintiff's mail. Plaintiff's conclusory and unprovable statements that Defendants had any
25 involvement in the tampering with his mail constitute an undue consumption of court time.
26 Plaintiff's request for sanctions is denied.
27      Accordingly, it is HEREBY ORDERED that:
28      1.   Plaintiff's motion for the issuance of a subpoena duces tecum and sanctions, filed

September 22, 2008, is DENIED;

2. Within **fifteen (15) days** from the date of service of this order, Plaintiff shall notify the Court whether he consents to the proposed procedure outlined herein for the production of his medical records; and

3. In the event Plaintiff consents to the proposed procedure outlined herein for the production of his medical records, pursuant to Rule 45(b)(1), the parties are placed on notice that a subpoena duces tecum to UMC shall be issued after **fifteen (15) days** from the date of receipt of any such consent by this Court; or

4. If Plaintiff fails to respond within fifteen days of the date of this order, or otherwise indicates that he does not consent to the proposed procedure outlined herein for the production of his medical records, he will be deemed to have objected to the suggested procedure, in which case no further efforts will be entertained, or exerted, to obtain the requested records from UMC by this Court.

IT IS SO ORDERED.

Dated:   **September 30, 2009**              /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE