# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV, | CASE NO. 1:06-cv-01280-AWI-GSA PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSION AND DENYING SANCTIONS |
| v. | |
| ALLEN K. SCRIBNER, et al., | |
| Defendants. | (Doc. 45) |

## Order on Motion to Compel Responses and to Deem Requests Admitted and for Sanctions

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. This action is proceeding on Plaintiff's complaint, filed September 18, 2006, against Defendants Martinez, German, and Northcutt for use of excessive physical force, assault and battery, and intentional infliction of emotional distress; and against Defendant Martinez for acting with deliberate indifference to Plaintiff's serious medical needs. The excessive force claim, which is also brought against two Doe defendants, allegedly occurred during the escort of Plaintiff from the Acute Care Hospital to the Security Housing Unit on January 26, 2005. The medical care claim against Defendant Martinez arises from Defendant's alleged failure to obtain medical care for Plaintiff on January 27, 2005, and the medical care claims against Does 3, 4, and 6-10 arise from the failure to obtain medical care for Plaintiff between January 27, 2005, and February 3, 2005. Plaintiff alleges that he was ultimately transported to an outside hospital for emergency

1   medical care on February 2, 2005, and lost the sight in one eye as a result of his injuries.

2   **I.      Motion to Compel Requests for Admission**

3          On March 20, 2008, Plaintiff filed a motion to compel further responses to his requests

4   for admission. (Doc. 45.)  Defendants filed an opposition on April 3, 2008, and Plaintiff filed a

5   reply on April 23, 2008. (Docs. 47, 52.)  Plaintiff propounded almost three-hundred requests for

6   admission, the majority of which are at issue in his motion to compel.[1]

7          Facts, the application of law to fact, or opinions are subject to requests for admission.

8   Fed. R. Civ. P. 36(a)(1)(A).  "If a matter is not admitted, the answer must specifically deny it or

9   state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly

10  respond to the substance of the matter; and when good faith requires that a party qualify an

11  answer or deny only a part of a matter, the answer must specify the part admitted and qualify or

12  deny the rest.  The answering party may assert lack of knowledge or information as a reason for

13  failing to admit or deny only if the party states that it has made reasonable inquiry and that the

14  information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R.

15  Civ. P. 36(a)(4).  "The grounds for objecting to a request must be stated.  A party must not object

16  solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).

17          **A.      Defendant Martinez's Responses to Requests for Admission**

18  **REQUEST FOR ADMISSION NO. 6**
    "Admit or deny that on January 26, 2005 you were the only
19  sergeant apart [sic] of the escort team."

20  **Ruling:**  Defendant objects to the request on the grounds that it is compound, vague and

21  ambiguous. Without waiving objections and assuming Plaintiff is referring to the escort of

22  Plaintiff to the Security Housing Unit on January 26, 2005, after a reasonable inquiry, Defendant

23  is unable to admit or deny the request as he does not recall.  Defendant's objections are

24  overruled.  Defendant is reminded that an inquiry of solely one's own memory is insufficient

25

26  ───────────────

27          [1] Plaintiff did not move to compel further responses to all of the Requests for Admissions he propounded.
    Further in his Reply, Plaintiff concedes that Defendants answered a number of requests such that no further
    responses need be compelled -- to wit Plaintiff concedes Defendant Martinez answered requests 5, 31, and 51;
28  Defendant Northcutt answered requests 3, 8, 11, 13, 18, 19, 20, 21, 22, 27, 55, 61, 62, 66, 67, 82, and 83; and
    Defendant German answered requests 12 and 60. (Doc. 52, Reply.)  These requests will not be addressed herein.

1  basis upon which to claim an inability to admit or deny a request for admission; rather, a

2  responding party must state "that it has made a reasonable inquiry and that the information it

3  knows *or can readily obtain* is insufficient to enable it to admit or deny the request for

4  admission." Fed. R. Civ. P. 36(a)(4) (emphasis added); *see* Asea, Inc. v. Southern Pac. Transp.

5  Co. 669 F.2d 1242, 1246 (9th Cir. 1981) *ref*. City of Rome v. United States, 450 F.Supp. 378,

6  383-84 (D.D.C.1978), *aff'd*, 446 U.S. 156 (1980); Alexander v. Rizzo, 52 F.R.D. 235, 236 (E.D.

7  Pa.1971).   Thus, Defendant's response that he is unable to admit or deny this request based solely

8  on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).   Accordingly,

9  Plaintiff's motion to compel is granted.   Defendant is required to check all readily obtainable

10  information and provide an amended answer to this request.

11  **REQUEST FOR ADMISSION NO. 8**
    "Admit or deny that on January 26, 2005, Plaintiff was placed in
12  his knees in front of cell #43, door area."

13  **Ruling:**  Defendant objects to the request on the grounds that it is compound, vague and

14  ambiguous. Without waiving objections and assuming Plaintiff is referring to the escort of

15  Plaintiff to the Security Housing Unit on January 26, 2005, after a reasonable inquiry, Defendant

16  is unable to admit or deny the request as he does not recall.   Defendant's objections are

17  overruled.   Defendant's response that he is unable to admit or deny this request based solely on

18  his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).   Accordingly, Plaintiff's

19  motion to compel is granted.   Defendant is required to check all readily obtainable information

20  and provide an amended answer to this request.

21  **REQUEST FOR ADMISSION NO. 9**
    "Admit or deny that Plaintiff did not attempt to assault you at
22  anytime, on January 26, 2005. Assault by this term means that which is
    defined in section 240 of the California Penal Code. (to include section
23  4500 of the Penal Code)."

24  **Ruling:**  Defendant objects to the request on the grounds that it is compound, vague and

25  ambiguous. Without waiving objections and assuming Plaintiff is referring to the escort of

26  Plaintiff to the Security Housing Unit on January 26, 2005, Defendant is unable to recall whether

27  Plaintiff attempted to assault Defendant.   After reasonable inquiry, Defendant is unable to admit

28  or deny the request.   Defendant's objections are overruled.   Defendant's response that he is

1   unable to admit or deny this request based solely on his lack of recollection does not comply with

2   Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is

3   required to check all readily obtainable information and provide an amended answer to this

4   request.

5   **REQUEST FOR ADMISSION NO. 10**
    "Admit or deny that Plaintiff did not attempt to batter you at any
6   time on January 26, 2005. Battery by this term means that which is defined
    in section 242 of the California Penal Code (to include section 4501.5.)."
7

8   **Ruling:**  Defendant objects to the request on the grounds that it is compound, vague and

    ambiguous. Without waiving objections and assuming Plaintiff is referring to the escort of
9
    Plaintiff to the Security Housing Unit on January 26, 2005, Defendant is unable to recall whether
10
    Plaintiff attempted to batter Defendant. After reasonable inquiry, Defendant is unable to admit or
11
    deny the request.  Defendant's objections are overruled.  Defendant's response that he is unable
12
    to admit or deny this request based solely on his lack of recollection does not comply with Fed.
13
    R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required
14
    to check all readily obtainable information and provide an amended answer to this request.
15
16  **REQUEST FOR ADMISSION NO. 11**
    "Admit or deny Plaintiff was placed in a spit mask, leg irons,
17  handcuffs, and the lanyard device with the lock and triangle bar attached,
    prior to being escorted to 4A Yard building two (2), cell #43 of two right
18  side."

19  **Ruling:**  Defendant objects to the request on the grounds that it is compound, vague and

20  ambiguous.  Without waiving objections and assuming Plaintiff is referring to the escort of

21  Plaintiff to the Security Housing Unit on January 26, 2005, Defendant does not recall all of the

22  restraints placed on Plaintiff, but admits that it is customary to place an inmate in leg and arm

23  restraints when escorting them to the Security Housing Unit.  Plaintiff's response appears to be

24  based solely on his lack of recollection, which does not comply with Fed. R. Civ. P. 36(a)(4), and

25  does not address whether he was placed in a spit mask and/or lanyard.  Accordingly, Plaintiff's

26  motion to compel is granted.  Defendant is required to check all readily obtainable information

27  and provide an amended answer to this request.

    / / /
28

**REQUEST FOR ADMISSION NO. 12**
"Admit or deny that Plaintiff was escorted as such any
time he was removed from his cell for any reason."

**Ruling:** Defendant objects to the request on the grounds that it is overly broad, vague and

ambiguous.  Defendants objections are sustained.  Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 13**
"Admit or deny that you placed Plaintiff in cell #43 on
January 26, 2005, with no mattress, linen, clothes,
toliet [sic] paper or state supplies."

**Ruling:** Defendant objects to the request on the grounds that it is compound, vague and

ambiguous.  Without waiving objections, after reasonable inquiry, Defendant is unable to admit

or deny the request as he does not recall Plaintiff's personal items on January 26, 2005.

Defendant's objections are overruled.  Defendant's response that he is unable to admit or deny

this request based solely on his lack of recollection does not comply with Fed. R. Civ. P.

36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check

all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 14**
"Admit or deny that cell #43 in building two (2) right side is not
a management cell."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous. Without

waiving objections, after reasonable inquiry, Defendant is unable to admit or deny the request

because he does not recall whether the specified cell was placed on Management Control Status

on the specified date.  Defendant's objections are overruled.  Defendant's response that he is

unable to admit or deny this request based solely on his lack of recollection does not comply with

Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is

required to check all readily obtainable information and provide an amended answer to this

request.

**REQUEST FOR ADMISSION NO. 15**
"Admit or deny that Plaintiff remained with a mattress, linen,
blankets, clothes, toilet [sic] paper or state supplies until February 8, 2005 where
doing [sic] I.C.C. Committee the Assistant Warden directed you to provide these
items to Plaintiff."

**Ruling:** Defendant objects to the request on the grounds that it is compound, vague and

ambiguous. Without waiving objections, after reasonable inquiry, Defendant is unable to admit

or deny the request as he does not recall Plaintiff's personal items during the specified time

period. Defendant's objections are overruled. Defendant's response that he is unable to admit or

deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P.

36(a)(4). Accordingly, Plaintiff's motion to compel is granted. Defendant is required to check

all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 17**
"Admit or deny that on or around January 27, 28th 2005 Plaintiff
directly told you he had an medical emergency."

**Ruling:** Defendant objects to the request on the grounds that it is compound, vague and

ambiguous. Without waiving objections, Defendant is unable to admit or deny the request as he

does not recall, however, Defendant denies that Plaintiff told him about an emergency on January

28, 2005, as that was Defendant's regular day off. Defendant's objections are overruled.

Defendant's response that he is unable to admit or deny this request as to the events on January

27th based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).

Accordingly, Plaintiff's motion to compel is granted. Defendant is required to check all readily

obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 18**
"Admit or deny that on or around January 27, 28th 2005 you
approached Plaintiff cell #43 during third watch shift."

**Ruling:** Defendant objects to the request on the grounds that it is compound, vague and

ambiguous. Without waiving objections, Defendant denies the request as to January 28, 2005,

because that was Defendant's regular day off. Defendant's objections are overruled.

Defendant's response does not comply with Fed. R. Civ. P. 36(a)(4) as he fails to admit, deny, or

state an inability to do so as to the request for admission of activity on or around January 27,

2005. Accordingly, Plaintiff's motion to compel is granted. Defendant is required to check all

readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 21**
"Admit or deny that Plaintiff did not have a cell mate at any time
he was housed in 4A-building two (2) right cell #43."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous and the

request asks Defendant to admit or deny a statement that is not a material fact to this lawsuit.

Defendant's objections are overruled.  Further, stating that a request asked Defendant to admit or

deny a statement that is not a material fact to this lawsuit is not a proper objection as Plaintiff is

entitled to obtain discovery on any nonprivileged matter which need not be admissible at the trial

if it appears reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's

motion to compel is granted.  Defendant is required to check all readily obtainable information

and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 22**
"Admit or deny that Plaintiff did not have a cell mate when you
picked him up from the (ACH) unit on January 26, 2005."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous and the

request asks Defendant to admit or deny a statement that is not a material fact to this lawsuit.

Defendants objections are overruled.  Further, stating that a request asked Defendant to admit or

deny a statement that is not a material fact to this lawsuit is not a proper objection as Plaintiff is

entitled to obtain discovery on any nonprivileged matter which need not be admissible at the trial

if it appears reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's

motion to compel is granted.  Defendant is required to check all readily obtainable information

and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 24**
"Admit or deny that on January 26, 2005, as a result of the attack,
Plaintiff was injured resulting in severe emotional distress."

**Ruling:**  Defendant objects to the request on the grounds that it is compound, vague and is not a

plain statement of fact.  Without waiving objections, Defendant is unable to admit or deny the

request because he is unaware of any attack on Plaintiff on January 26, 2005.  Defendant's

objections are sustained.  Further, Plaintiff has not shown any basis upon which Defendant would

be able and/or qualified to have ascertained whether Plaintiff suffered from sever emotional

distress.  Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 26**
"Admit or deny that Plaintiff had no pre-existing injuries to any
of the area of his body in controversy in this lawsuit at the time."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous.

Without waiving objections, Defendant is unable to admit or deny Plaintiff's request, but vaguely recalls that Plaintiff had some red irritation to area around his eyes.  Defendant's objections are sustained.  Further, Plaintiff has not shown any basis upon which Defendant would be able and/or qualified to have ascertained whether Plaintiff suffered from any pre-existing injuries. Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 28**
"Admit or deny that Plaintiff complied with all orders on January 26, 2005.

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous. Defendant's objections are sustained.  Without waiving objections and assuming Plaintiff is referring to the escort of Plaintiff to the Security Housing Unit on January 26, 2005, Defendant is unable to specifically admit or deny the request, but Defendant does not recall Plaintiff failing to comply with orders on January 26, 2005.  Plaintiff fails to show any deficiency in this response. Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 30**
"Admit or deny that you have moved Plaintiff back and forth to your building housing unit 4 times in the past year."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous. Defendant's objections are sustained.  Further, this request is irrelevant as it does not appear that a response to this request is likely to lead to the discovery of admissible evidence.  Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 32**
"Admit or deny that you have sprayed Plaintiff with O.C. pepper spray since the filing of this complaint."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous and the request asks Defendant to admit or deny a statement that is not a material fact to this lawsuit. Defendant's objections are overruled.  However, this request does not appear reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 33**
"Admit or deny that this situation took place on July 30, 2007 while Plaintiff was housed in your unit for the fourth time,

in C-Section 4A-2Right cell #47."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous and the request asks Defendant to admit or deny a statement that is not a material fact to this lawsuit. Defendant's objection that this request is vague and ambiguous is sustained. Whether it seeks a material fact to this lawsuit is not a proper objection. However, this request does not appear reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 34**
"Admit or deny that a week prior to that incident on July 30,
2007, you came in contact with Plaintiff on July 24, 2007 and
threatened to spray Plaintiff."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous and the request asks Defendant to admit or deny a statement that is not a material fact to this lawsuit. Defendant's objection that this request is vague and ambiguous is sustained. Whether it seeks a material fact to this lawsuit is not a proper objection. However, this request does not appear reasonably calculated to lead to the discovery of admissible evidence. Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 35**
"Admit or deny that you have had citizen's complaints filed
against you for excessive use of force/employee misconduct."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous and the request asks Defendant to admit or deny a statement that is not a material fact to this lawsuit. Defendants objections are overruled. Further, stating that a request asked Defendant to admit or deny a statement that is not a material fact to this lawsuit is not a proper objection as Plaintiff is entitled to obtain discovery on any nonprivileged matter which need not be admissible at the trial if it appears reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's motion to compel is granted, with the limitation that Defendant must provide a response to this request only for the time frame of January 1, 2002 to the date of this order. Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 36**
"Admit or deny that you have been investigated in the past for

improper and/or misconduct, toward inmates housed in the Corcoran
security housing unit."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous and the request asks Defendant to admit or deny a statement that is not a material fact to this lawsuit. Defendants objections are overruled. Further, stating that a request asked Defendant to admit or deny a statement that is not a material fact to this lawsuit is not a proper objection as Plaintiff is entitled to obtain discovery on any non-privileged matter which need not be admissible at the trial if it appears reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's motion to compel is granted, with the limitation that Defendant must provide a response to this request only for the time frame of January 1, 2002 to the date of this order. Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 37**
"Admit or deny that you have had previous citizen
complaints/602's filed against you for retaliatory actions."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous and asks Defendant to admit or deny a statement that is not a material fact to this lawsuit. Defendant's objections that this request is vague and ambiguous is overruled. Whether a request seeks a material fact to this lawsuit is not a proper objection. However, this request does not appear reasonably calculated to lead to the discovery of admissible evidence as there are no claims of retaliation in this action. Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 38**
"Admit that you were aware Plaintiff was and still is a participant
in the mental health program."

**Ruling:** Defendant objects to this request on the grounds that it is vague and ambiguous. Without waiving objections, Defendant is unable to admit or deny the request because he does not know Plaintiff's mental health status now and does not know if Plaintiff's mental health status has ever been made known to him. Defendant's objections are overruled. However, while responding solely from one's own memory to a request for admission is ordinarily insufficient, this request seeks an admission or denial as to Defendant's own knowledge. Defendant

responded that he does not recall, which, in this situation is sufficient. Plaintiff's motion to

compel is denied.

**REQUEST FOR ADMISSION NO. 39**
"Admit or deny that you have and had access to all prisoner files
housed in your unit, at your disposal."

**Ruling:** Defendant objects to this request on the grounds that it is vague and ambiguous as to

"all prisoner files." Defendant's objection is overruled. Accordingly, Plaintiff's motion to

compel is granted with the limitation that Defendant must provide a response to this request only

for the time frame of October 1, 2004 through January 31, 2005.

**REQUEST FOR ADMISSION NO. 42**
"Admit or deny that Prisoner James L. Thompson C 89908 filed
a 42 U.S.C. § 1983 complaint against you, alleging you, D. Morales, and B.
David, J. Masiel and F. Reynoso brutally attacked him and beat him while
in mechanical restraints resulting in him receiving 13 stitches in his head,
two black eyes and suffering great bodily injuries. "

**REQUEST FOR ADMISSION NO. 43**
"Admit or deny that you and your co-defendants D. Morales, and
B. David et al,. filed (RUR) CDC-115 and CDC 837 incident reports of this
brutal assault, attack, and beating of Prisoner James L. Thompson in June
2003."

**REQUEST FOR ADMISSION NO. 44**
"Admit or deny that James L. Thompson filed an appeal 602-
citizen complaint against you on this matter."

**REQUEST FOR ADMISSION NO. 45**
"Admit or deny that Prisoner Parker P-13216 was also brutally
attacked and beaten by you D. Morales, B. David et al., while he was in
mechanical restraints resulting in him receiving injuries and suffering great
bodily injury.

**REQUEST FOR ADMISSION NO. 46**
"Admit or deny that you and your co-defendants D. Morales and
B. David et al, filed (RUR) CDC 115 and CDC 837 incident reports of this
brutal assault, attack and beating of Prisoner Parker in May 2006."

**REQUEST FOR ADMISSION NO. 47**:
"Admit or deny that Prisoner Kevin L. Parker E92954 was also
brutally attacked and beaten by you D. Morales, and B. David et al., while
he was in mechanical restraints resulting in him receiving injuries and
suffering great bodily injury.

**REQUEST FOR ADMISSION NO. 48**:
"Admit or deny that you and your co-defendants D. Morales and
B. David et al., filed (RUR) CDC 115 and CDC 837 incident reports of this
brutal assault, attack and beating of Prisoner Kevin L. Havery in May/June
2006."

**Ruling:** Defendant objects to the requests 42-48 on the grounds that they are compound, vague and ambiguous and ask Defendant to admit or deny a statement that is not a material fact to this lawsuit. Defendant's objection that these requests are vague and ambiguous is sustained. Whether a request for admission seeks a material fact to this lawsuit is not a proper objection. However, these requests seek information regarding claims of another prisoner which do not appear reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiff has propounded alternative forms of discovery regarding these issues, which are more likely to lead to the discovery of admissible evidence than requests for admissions. Accordingly, Plaintiff's motion to compel further responses to requests 42-48 is denied.

**REQUEST FOR ADMISSION NO. 49**:
"Admit or deny that were in possession and/or aware the MEMO concerning Plaintiffs [sic] alleged prior acts of assault with a weapon, dated January 26, 2005."

**Ruling:** Defendant's objections to the request on the grounds that it is compound, vague and ambiguous are overruled. Plaintiff is sufficiently clear in identifying the memo and Defendant must answer. Further, Defendant's objection that this request is not a plain statement of fact is not a proper basis for objection. Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 50**:
"Admit or deny that you read this memo prior to escorting Plaintiff to building two (2) security housing unit."

**Ruling:** Defendant's objections to the request on the grounds that it is compound, vague and ambiguous are overruled. Defendant's objection that this request is not a plain statement of fact is not a proper basis for objection. Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 52**:
"Admit or deny that your employers and/or superiors have been aware of the length of time you have been assigned to the 4A 2 building security housing unit at Corcoran State Prison."

**Ruling:** Defendant objects to the request on the grounds that it is compound, calls for speculation, vague and ambiguous and is not a plain statement of fact. Defendant's objection that this request calls for speculation is sustained. Defendant further objects on the grounds that the request asks Defendant to admit or deny a statement that is not a material fact to this lawsuit. Whether a request for admission seeks a material fact to this lawsuit is not a proper objection.

However, this request seeks information as to Defendant's superiors' knowledge which does not

appear reasonably calculated to lead to the discovery of admissible evidence as there are no

claims against Defendant's superiors in this action.  Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 54**:
"Admit or deny that your employers and/or superiors have been
aware of your actions, since you have been assigned to the 4A 2 building
security housing unit at Corcoran State Prison."

**Ruling:**  Defendant objects to the request on the grounds that it is compound, calls for

speculation, vague and ambiguous and is not a plain statement of fact.  Defendant's objection

that this request calls for speculation is sustained.  Defendant further objects on the grounds that

the request asks Defendant to admit or deny a statement that is not a material fact to this lawsuit.

Whether a request for admission seeks a material fact to this lawsuit is not a proper objection.

However, this request seeks information as to Defendant's superiors' knowledge which does not

appear reasonably calculated to lead to the discovery of admissible evidence as there are no

claims against Defendant's superiors in this action.  Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 55**:
"Admit or deny that during the weekly I.C.C. Committee hearing
held in 4A 2 building unit you are present and apart [sic] of the Committee
board/hearing."

**Ruling:**  Defendant objects to the request on the grounds that it is compound, vague and

ambiguous, is not a plain statement of fact, and requests Defendant to admit or deny a statement

that is not a material fact to this lawsuit.  Defendant's objections are overruled.  Whether a

request for admission seeks a material fact to this lawsuit is not a proper objection.  Plaintiff's

motion to compel is granted with the limitation that Defendant must provide a response to this

request only for the time frame of December 1, 2004 through January 31, 2005.

**REQUEST FOR ADMISSION NO. 56**:
"Admit or deny that during these weekly I.C.C Committee
hearings you have communication with the 4A yard facility captain,
Assistant Warden, Chief Deputy Warden, and (S.H.U.) Warden. Be
specific."

**Ruling:**  Defendant objects to the request on the grounds that it is compound, vague and

ambiguous, is not a plain statement of fact, and requests Defendant to admit or deny a statement

that is not a material fact to this lawsuit.  Defendant's objections are overruled – other than that

the phrase "Be specific" is vague and ambiguous.  Whether a request for admission seeks a material fact to this lawsuit is not a proper objection.  Plaintiff's motion to compel is granted, with the limitation that Defendant must provide a response to this request only for the time frame of December 1, 2004 through January 31, 2005.

**REQUEST FOR ADMISSION NO. 57**:
"Admit or deny that you are authorized a "Spit Mask" to be placed over Plaintiff's face/head, on January 26, 2005."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous. Without waiving objections, Defendant is unable to admit or deny the request as he does not recall whether he ordered that Plaintiff wear a spit mask on January 26, 2005.  Defendant's objections are overruled.  Defendant's response that he is unable to admit or deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 58**:
"Admit or deny that you are presently being sued by other inmates who were housed in the same unit as you, 4A - 2 building (S.H.U.)."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous and is not a plain statement of fact. Defendant further objects on the grounds that the request asks Defendant to admit or deny a statement that is not a material fact to this lawsuit.

lawsuit.  Defendant's objection that these requests are vague and ambiguous is overruled. Whether a request for admission seeks a material fact to this lawsuit is not a proper objection. However, this request seeks information regarding claims that other prisoners might have against Defendant which does not appear reasonably calculated to lead to the discovery of admissible evidence.  Further, Plaintiff has propounded alternative forms of discovery regarding these issues, which are more likely to lead to the discovery of admissible evidence than requests for admissions.  Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 60**:
"Admit or deny that you were acting under color of law on January 26, 2005."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous and calls for a legal conclusion. Defendant's objections are overruled as this request seeks an application of law to fact – i.e. whether Defendant was employed by the state, so as to be a state actor, so as to have been acting under the color of law on January 26, 2005. *See* <u>West v. Atkins</u>, 487 U.S. 42, 49-50 (1988). Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 62**:
"Admit or deny that you are responsible for the daily operation of 4A 2 building unit on, or before January 26, 2005."

**REQUEST FOR ADMISSION NO. 63**:
"Admit or deny that you are responsible for the daily operation of 4A 2 building unit after January 26, 2005."

**Ruling:** Defendant objects to these request on the grounds that they are overly broad, vague and ambiguous and are not a statements of fact. Whether a request for admission is a "plain statement of fact" is not a proper basis for objection. However, Defendant's objections that these requests are overly broad, vague and ambiguous are sustained. Accordingly, Plaintiff's motion to compel additional responses to requests 62 and 63 is denied.

**REQUEST FOR ADMISSION NO. 64**:
"Admit or deny that Plaintiff requested medical care after he was assaulted sometime on and/or thereafter January 26, 2005."

**Ruling:** Defendant objects to the request on the grounds that it is overly broad, vague and ambiguous and is not a plain statement of fact. Defendant's objections are overruled. Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 77**:
"Admit or deny that you are familiar with California law, Penal Code § 129 - False Statement purportedly under oath though not sworn to."

**REQUEST FOR ADMISSION NO. 78**:
"Admit or deny that you are familiar with California Law, Penal Code §132 - Offering forged or altered documents as genuine."

**REQUEST FOR ADMISSION NO. 79**:
"Admit or deny that you are familiar with California law, Penal Code § 134 - Falsifying documents to be used in evidence."

**REQUEST FOR ADMISSION NO. 80**:
"Admit or deny that you are familiar with California law, Penal Code § 135 - Destroying or concealing documentary evidence."

**REQUEST FOR ADMISSION NO. 81**:

"Admit or deny that you are familiar with California law, Penal Code § 135 Destroying or concealing documentary evidence."

**REQUEST FOR ADMISSION NO. 82**:
"Admit or deny that you are familiar with California law, Penal Code § 141 Planting, altering, or concealing physical evidence."

**REQUEST FOR ADMISSION NO. 83**:
"Admit or deny that you are familiar with California law, Penal Code § 147 - inhumane treatment or oppression of prisoner."

**REQUEST FOR ADMISSION NO. 84**:
"Admit or deny that you are familiar with California law, Penal Code § 149 Assault and Battery by a peace officer - Third Degree."

**Ruling:** Defendant objects to requests 77-84 on the grounds that they are vague and ambiguous, and on the grounds that the requests ask Defendant to admit or deny a statement that is not a material fact to this lawsuit. Without waiving objections, Defendant admits that in January 2005, he was aware of the rules and regulations associated with executing his duties as a Correctional Sergeant. Defendant's objections are overruled. However, Plaintiff has not shown any deficiency with Defendant's response to these requests. Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 85**:
"Admit or deny that you have been investigated by the internal affairs office for acts of misconduct."

**Ruling:** Defendant objects to the request on the grounds that it is compound, vague and ambiguous – which are sustained. Defendant also objects to this request on the basis that it requests that Defendant admit or deny a statement that is not a material fact to this lawsuit. Defendants objections are overruled. Stating that a request seeks a Defendant to admit or deny a statement that is not a material fact to this lawsuit is not a proper objection. Plaintiff is entitled to obtain discovery on any nonprivileged matter which need not be admissible at the trial if it appears reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiff has propounded alternative forms of discovery regarding these issues, which are more likely to lead to the discovery of admissible evidence than requests for admissions. Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 86**:
"Admit or deny that greater force was used against Plaintiff, where no force was required at all."

1  **Ruling:**  Defendant's objection to the request on the grounds that it is vague and ambiguous is

2  sustained.  Accordingly, Plaintiff's motion to compel is denied.  Defendant further objects to the

3  request on the grounds that it does not contain a plain statement of fact to be admitted or denied –

4  which is not a proper basis for objection.

5  **REQUEST FOR ADMISSION NO. 88**:
   "Admit or deny that Plaintiff was escorted out of cell #43 to be

6  interviewed by the psychologist in the 4A-2 building - 2 right side
   rotunda/sally port holding cages."

7  **REQUEST FOR ADMISSION NO. 89**:

8  "Admit or deny that once Plaintiff was placed in the holding
   cages his restraints were not removed."

9  **Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous.

10  Defendant further objects to the request on the grounds that the request asks Defendant to admit

11  or deny a statement that is not a material fact to this lawsuit.  Defendant's objections are

12  overruled.  Plaintiff's motion to compel is granted with the limitation that Defendant must

13  provide a response to this request only for the time frame of January 1, 2005 through February

14  28, 2005.

15  **REQUEST FOR ADMISSION NO. 90**:
   "Admit or deny that you were the sole contributing cause of the

16  subject incident."

17  **Ruling:**  Defendant's objections to the request on the grounds that it is overly broad, vague and

18  ambiguous are sustained.  Plaintiff's motion to compel is denied.

19  **REQUEST FOR ADMISSION NO. 91**:
   "Admit or deny that Plaintiff had a swollen black eye after the

20  incident in subject."

21  **Ruling:**  Defendant objects to the request on the grounds that it is overly broad, vague and

22  ambiguous and does not contain a plain statement of fact to be admitted or denied by Defendant.

23  Without waiving objections, Defendant denies that he committed or assisted in any acts on

24  January 26, 2005, leading to Plaintiff being physically harmed.  Defendant's objections of overly

25  broad, vague and ambiguous are sustained.  Plaintiff does not show any deficiencies in the

26  answer Defendant provided and the Court finds none.  Plaintiff's motion to compel is denied.

27  **REQUEST FOR ADMISSION NO. 92**:

28  "Admit or deny that you were investigated by prison officials in

this case, of excessive force used on January 26 2005, concerning your actions."

**Ruling:** Defendant objects to the request on the grounds that it is overly broad, vague and ambiguous and does not contain a plain statement of fact to be admitted or denied by Defendant. Defendant's objections are overruled. Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 93**:
"Admit or deny that you made threats toward Plaintiff on January 26, 2005 about his alleged past actions not being tolerated."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous and does not contain a plain statement of fact to be admitted or denied by Defendant. Without waiving objections, Defendant denies making any threatening statements to Plaintiff on January 26, 2005. Defendant's objections are overruled. However, Plaintiff does not show any deficiencies in the answer Defendant provided and the Court finds none. Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 94**:
"Admit or deny that you can identify the guards who accompanied you to escort Plaintiff on January 26 2005."

**Ruling:** Defendant objects to the request on the grounds that it is overly broad, vague and ambiguous and does not contain a plain statement of fact to be admitted or denied by Defendant. Defendant's objections are overruled. Plaintiff's motion to compel is granted. Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 95**:
"Admit or deny that you are familiar with California Law, Penal Code § 139 Threatening Witnesses."

**Ruling:** Defendant objects to the request on the grounds that it is overly broad, vague and ambiguous and asks Defendant to admit or deny a statement that is not a material fact to this lawsuit. Defendant's objections are overruled. However, this request seeks information that is irrelevant as it is not likely to lead to the discovery of admissible evidence and Plaintiff has not shown any deficiency with Defendant's response to this request. Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 96**:
"Admit or deny that punching or striking an inmate with your fist

is apart [sic] of the CDCR Departmental use of force policy and options."

**Ruling:**  Defendant objects to the request on the grounds that it is overly broad, vague and

ambiguous and does not contain a plain statement of fact to be admitted or denied by Defendant.

Defendant's objections are overruled.  Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 97**:
"Admit or deny that punching or striking an [sic] prisoner with your
fist is in compliance with the Corcoran State Prison use of force
policy and options."

**Ruling:**  Defendant objects to the request on the grounds that it is overly broad, vague and

ambiguous and does not contain a plain statement of fact to be admitted or denied by Defendant.

Defendant's objections are overruled.  Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 98**:
"Admit or deny that punching and/or striking an prisoner in the
facial area is apart [sic] of the CDCR Departmental use of force
policy and options."

**Ruling:**  Defendant objects to the request on the grounds that it is overly broad, vague and

ambiguous and does not contain a plain statement of fact to be admitted or denied by Defendant.

Defendant's objections are overruled.  Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 99**:
"Admit or deny that punching and/or striking a prisoner in the
facial area is apart [sic] of the Corcoran State Prison use of force policy and
options."

**Ruling:**  Defendant objects to the request on the grounds that it is overly broad, vague and

ambiguous and does not contain a plain statement of fact to be admitted or denied by Defendant.

Defendant's objections are overruled.  Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 100**:
"Admit or deny that an interview tape was conducted of
Plaintiff [sic] injuries."

**Ruling:**  Defendant objects to the request on the grounds that it is overly broad, vague and

ambiguous and does not contain a plain statement of fact to be admitted or denied by Defendant.

Defendant's objections are overruled.  Plaintiff's motion to compel is granted.  Defendants is

required to check all readily obtainable information and provide an amended answer to this

request.

**_____ B.     Defendant Northcutt's Responses to Requests for Admission**

**REQUEST FOR ADMISSION NO. 4**
"Admit or deny that Plaintiff did not attempt to commit battery
on you at anytime on January 26, 2005. Battery by this term, means that
which is defined in Section 242 of the California Penal Code, (to include
section 4501.5)."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous. Without

waiving objections and assuming battery refers to an attempt to cause bodily harm, Defendant

admits that he does not recall Plaintiff attempting to assault him on January 26, 2005.

Defendant's objections are overruled.  Defendant is reminded that an inquiry of solely one's own

memory is insufficient.  Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 5**
"Admit or deny that Plaintiff's hands were secured behind his
back with a pair of handcuffs and the lanyard device attached to the
handcuffs with a pad lock, during the entire escort on January 26, 2005."

**REQUEST FOR ADMISSION NO. 6**
"Admit or deny that Plaintiff was also secured in leg irons during
the entire escort on January 26, 2005."

**Ruling:** Defendant objects to theses request on the grounds that they are compound, vague and

ambiguous.  Without waiving objections, Defendant is unable to admit or deny the restraints used

on Plaintiff on January 26, 2005, but Defendant admits that whenever an inmate is escorted to the

Security Housing Unit, they are generally transported in handcuffs and leg restraints.

Defendant's objections are overruled.  Defendant is reminded that an inquiry of solely one's own

memory is insufficient.  Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 7**
"Admit or deny that Plaintiff was placed in a spit mask on
January 26, 2005 during the entire escort."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous.

Without waiving objections, after reasonable inquiry, Defendant is unable to admit or deny the

request because he does not recall whether Plaintiff had a spit mask placed on his head while

being transported to the Security Housing Unit on January 26, 2005.  Defendant's objections are

overruled.  Defendant is reminded that an inquiry of solely one's own memory is insufficient

basis upon which to claim an inability to admit or deny a request for admission.  Plaintiff's

motion to compel is granted.

**REQUEST FOR ADMISSION NO. 9**
"Admit or deny that you have no facts in support of your general
denial."

**REQUEST FOR ADMISSION NO. 10**
"Admit or deny that you have no facts in support of your
affirmative defense listed in your general denial."

**Ruling:** Defendant objects to theses request on the grounds that they are vague and ambiguous,

and do not contain a plain statement of fact.  Without waiving objections, Defendant denies that

Plaintiff's allegations as stated in the complaint are true. These requests are over broad.

Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 12**
"Admit or deny that during the escort of Plaintiff from the (ACH)
unit to the 4A yard, building two (2), right side, your were in control of
holding the lanyard device attached to Plaintiffs handcuffs."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous.

Without waiving objections and assuming Plaintiff is referring to being transported to the

Security Housing Unit on January 26, 2005, after reasonable inquiry, Defendant is unable to

admit or deny the request because he does not recall what restraints were used on Plaintiff.

Defendant's objections are overruled.  Defendant's response that he is unable to admit or deny

this request based solely on his lack of recollection does not comply with Fed. R. Civ. P.

36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check

all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 14**
"Admit or deny that you escorted Plaintiff to C-Section cell #43
and placed Plaintiff on his knees."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous.

Without waiving objections and assuming Plaintiff is referring to being transported to the

Security Housing Unit on January 26, 2005, Defendant admits that he assisted in transporting

Plaintiff, but does not recall whether he placed Plaintiff on his knees.  Defendant's objections are

overruled.  Defendant's response that he is unable to admit or deny this request based solely on

his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's

motion to compel is granted.  Defendant is required to check all readily obtainable information

and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 15**
"Admit or deny that you removed the leg irons from Plaintiffs
legs/ankles."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous.

Without waiving objections and assuming Plaintiff is referring to being transported to the

Security Housing Unit on January 26, 2005, Defendant admits that he assisted in transporting

Plaintiff, but does not recall if he removed the leg restraints.  Defendant's objections are

overruled.  Defendant's response that he is unable to admit or deny this request based solely on

his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's

motion to compel is granted.  Defendant is required to check all readily obtainable information

and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 16**
"Admit or deny that you removed the handcuffs and lanyard
device from Plaintiffs wrist."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous.

Without waiving objections and assuming Plaintiff is referring to being transported to the

Security Housing Unit on January 26, 2005, Defendant admits that he assisted in transporting

Plaintiff, but does not recall if he removed any restraints.  Defendant's objections are overruled.

Defendant's response that he is unable to admit or deny this request based solely on his lack of

recollection does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to

compel is granted.  Defendant is required to check all readily obtainable information and provide

an amended answer to this request.

**REQUEST FOR ADMISSION NO. 23**
"Admit or deny that you were the sole contributing cause of the
subject incident."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous, and

does not contain a plain statement of fact.  Without waiving objections, Defendant denies that the

facts stated in Plaintiff's complaint are true.  Whether a request for admission is a "plain

statement of fact" is not a proper basis for objection.  However, Defendant's objections that this

request is vague and ambiguous is sustained.  Accordingly, Plaintiff's motion to compel is

denied.

**REQUEST FOR ADMISSION NO. 24**
"Admit or deny that Plaintiff complied with all orders on January
26, 2005."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous.

Defendant's objections are sustained.  Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 25**
"Admit or deny that you are mentally capable to determine the
difference between reasonable force, excessive force and
unnecessary force being applied."

**Ruling:**  Defendant neither admits nor denies these requests, but rather objects on the grounds

that they are vague and ambiguous.  Defendant's objection is sustained.  Plaintiff's motion to

compel is denied.

**REQUEST FOR ADMISSION NO. 26**
"Admit or deny that you were acting under the color of the law
on January 26, 2005."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous and calls

for a legal conclusion.  Defendant's objections are overruled as this request seeks an application

of law to fact – i.e. whether Defendant was employed by the state, so as to be a state actor, so as

to have been acting under the color of law on January 26, 2005.  *See* West, 487 U.S. at 49-50.

Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 40**
"Admit or deny that you are and/or were familiar with California
Law, Penal Code §129-False Statement purportedly under oath though not
sworn to, on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 41**
"Admit or deny that you are and/or were familiar with California
Law, Penal Code §132-Offering Forged or Altered Document as genuine,
on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 42**
"Admit or deny that you are and/or were familiar with California
Law, Penal Code § 134-Falsifying documents to be used in evidence, on or
before 1-26-05."

**REQUEST FOR ADMISSION NO. 43**
"Admit or deny that you are and/or were familiar with California
Law, Penal Code § 135-Destroying or concealing documentary evidence,

on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 44**
"Admit or deny that you are and/or were familiar with California Law, Penal Code § 141-Planting, Altering, or concealing Physical Evidence, on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 45**
"Admit or deny that you are and/or were familiar with California Law, Penal Code § 147-Inhumane Treatment or Oppression of Prisoner, on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 46**
"Admit or deny that you are and/or were familiar with California Law, Penal Code § 149-Assault and Battery by a Peace Officer - Third Degree, on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 47:**
"Admit or deny that you are and/or were familiar with California Law, Penal Code § 653f-Solicitation to committ [sic] a felony, on or before 1-26-05."

**Ruling:** Defendant objects to requests 40-47 on the grounds that they are vague and ambiguous, and on the grounds that the requests ask Defendant to admit or deny a statement that is not a material fact to this lawsuit. Without waiving objections, Defendant admits that in January 2005, he was aware of the rules and regulations associated with executing his duties as a Correctional Sergeant. Defendant's objections are overruled. However, Plaintiff has not shown any deficiency with Defendant's response to these requests. Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 48:**
"Admit or deny that Plaintiff had no pre-existing injuries to any of the areas of his body in controversay [sic], in this lawsuit, at the time of the subject incident."

**Ruling:** Defendant objects to this request on the grounds that it is vague and ambiguous. Without waiving objections, Defendant is unable to admit or deny the request because he does not recall whether Plaintiff had some pre-existing injuries on January 26, 2005. Defendant's objections are sustained. Further, Plaintiff has not shown any basis upon which Defendant would be able and/or qualified to have ascertained whether Plaintiff suffered from any pre-existing injuries. Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 49:**
"Admit or deny that you have no documentary/documentation which would support the contention that Plaintiff had any pre-existing injuries to similar parts of his body that are in issue in the subject incident."

**Ruling:** Defendant objects to this request on the grounds that it is vague and ambiguous, and does not contain a plain statement of fact. Without waiving objections, Defendant is unable to admit or deny the request because he does not recall whether Plaintiff had some pre-existing injuries on January 26, 2005.  Defendant's objections are overruled.  Defendant's response that he is unable to admit or deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 50**:
"Admit or deny that you have had prior citizens' complaints filed against you for excessive use of force/employee misconduct."

**REQUEST FOR ADMISSION NO. 52**:
"Admit or deny that you have had prior 602's CDC prison complaints filed against you for excessive use of force/employee misconduct."

**Ruling:** Defendant objects to these requests on the grounds that they are overly broad, vague and ambiguous and ask Defendant to admit or deny a statement that is not a material fact to this lawsuit.  Defendants objections are overruled.  Further, stating that a request asked Defendant to admit or deny a statement that is not a material fact to this lawsuit is not a proper objection as Plaintiff is entitled to obtain discovery on any nonprivileged matter which need not be admissible at the trial if it appears reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's motion to compel is granted, with the limitation that Defendant must provide a response to this request only for the time frame of January 1, 2002 to the date of this order. Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 51**:
"Admit or deny that you have had prior citizens' complaints filed against you for retaliation."

**REQUEST FOR ADMISSION NO. 53**:
"Admit or deny that you have had prior 602's CDC complaints filed against you for retaliation."

**Ruling:** Defendant objects to these requests on the grounds that they are overly broad, vague and

ambiguous, and asks Defendant to admit or deny a statement that is not a material fact to this

lawsuit.  Defendant's objections that this request is overly broad, vague and ambiguous are

overruled.  Whether a request seeks a material fact to this lawsuit is not a proper objection.

However, this request does not appear reasonably calculated to lead to the discovery of

admissible evidence as there are no claims of retaliation in this action.  Accordingly, Plaintiff's

motion to compel is denied.

**REQUEST FOR ADMISSION NO. 54:**
"Admit or deny that you were investigated and/or interviewed by
Corcoran State Prison officials concerning the incident subject of 1-26-05."

**Ruling:**  Defendant objects to this request on the grounds that it is overly broad, vague and

ambiguous, and is asks Defendant to admit or deny a statement that is not a material fact to this

lawsuit.  Without waiving objections, Defendant denies that he received any disciplinary

punishment from any actions taken on January 26, 2005.  Defendant's objections are overruled.

Defendant's response did not answer the request such that Plaintiff's motion to compel is

granted.

**REQUEST FOR ADMISSION NO. 57:**
"Admit or deny that Plaintiff suffered a swollen black eye on the
right side of his face."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous.

Without waiving objections, Defendant denies that he caused Plaintiff any physical injuries.

Defendant's objections of overly broad, vague and ambiguous are overruled.  Defendant's

response did not answer the request such that Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 59:**
"Admit or deny that you have and had access to all inmates 1140
files housed in the Security Housing of 4A yard, at your disposal."

**Ruling:**  Defendant objects to this request on the grounds that it is vague and ambiguous.

Without waiving objections, Defendant is unable to respond to the request as he is unsure of

what a 1140 file is.  Defendant's objections are overruled.  Defendant's response that he is

unable to admit or deny this request based solely on his lack of recollection does not comply with

Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted with the limitation

that Defendant must provide a response to this request only for the time frame of October 1, 2004

through January 31, 2005.  Defendant is required to check all readily obtainable information and

provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 60:**
"Admit or deny that you have access to the Daily Movement
Sheet (D.M.S.) Printout which informs you which inmates
housed in the 4A units are participants in the mental health program."

**Ruling:**  Defendant objects to this request on the grounds that it is vague and ambiguous as to

time.  Defendant's objection is sustained.  However, Defendant's failure to even attempt to

provide a qualified response to this request by limiting his response as to his access to such

records on the date of incident (January 26, 2005) as alleged in the Complaint attempts to avoid

responding based on a technicality rather than attempting to meet the substance of the requested

admission. Fed. R. Civ. P. 36(a).  Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 63:**
"Admit or deny that you can identify the rest of the guards who
participated and assisted in the escorting of Plaintiff on 1-26-05."

**Ruling:**  Defendant objects to this request on the grounds that it is vague and ambiguous.

Without waiving objections, Defendant denies the request as he does not recall any of the names

of any officers that may have assisted in escorting Plaintiff to the Security Housing Unit on

January 26, 2005.  Defendant's objection is overruled.  Defendant's response that he is unable to

admit or deny this request based solely on his lack of recollection does not comply with Fed. R.

Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to

check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 64:**
"Admit or deny that you were in possession and/or read the
MEMO concerning Plaintiffs' arrival dated 1-26-05."

**Ruling:**  Defendant's objections to the request on the grounds that it is compound, vague and

ambiguous are overruled.  Plaintiff is sufficiently clear in identifying the memo and Defendant

must answer.  Further, Defendant's objection that this request is not a plain statement of fact is

not a proper basis for objection.  Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 68:**
"Admit or deny that you have a history of assaulting prisoners
in mechanical restraints."

**Ruling:** Defendant objects to this request on the grounds that it is vague and ambiguous and not reasonably related to the discovery of admissible evidence. Defendant's objections are sustained. Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 69**:
"Admit or deny that you had knowledge of Plaintiffs alleged prior acts of assault on guards, at Tehachapi State Prison."

**REQUEST FOR ADMISSION NO. 70:**
"Admit or deny that you had knowledge of Plaintiff's alleged prior acts of assault on guards in general."

**Ruling:** Defendant objects to these requests on the grounds that they are vague and ambiguous. Defendant's objections are overruled. Without waiving objections, Defendant does not specifically recall Plaintiff, nor is he able to recall what information he had in January 2005, regarding Plaintiff's prior assaults on officers. Thus, he is unable to admit or deny the request. However, while responding solely from one's own memory to a request for admission is ordinarily insufficient, this request seeks an admission or denial as to Defendant's own knowledge. Defendant responded that he does not recall, which, in this situation is sufficient. Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 71:**
"Admit or deny that you, H. German and John Doe entered Plaintiffs cell at the (ACH) unit on 1-26-05 and placed Plaintiff in mechanical restraints."

**Ruling:** Defendant objects to this request on the grounds that it is vague and ambiguous. Without waiving objections, after reasonable inquiry, Defendant is unable to admit or deny the request because he does not recall who placed Plaintiff in restraints on January 26, 2005. Defendant's objection is overruled. Defendant's response that he is unable to admit or deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4). Accordingly, Plaintiff's motion to compel is granted. Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 73**:
"Admit or deny that you have been sued by other inmates at C.S.P. - COR for similar acts of misconduct in the form of excessive use of force which resulted in injury or otherwise."

**Ruling:** Defendant objects to this request on the grounds that it is vague and ambiguous and

does not ask Defendant to admit or deny a statement that is a material fact to this lawsuit.

Defendants objections are overruled.  Further, stating that a request asked Defendant to admit or

deny a statement that is not a material fact to this lawsuit is not a proper objection as Plaintiff is

entitled to obtain discovery on any nonprivileged matter which need not be admissible at the trial

if it appears reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's

motion to compel is granted with the limitation that Defendant must provide a response to this

request only for the time frame of January 1, 2002 to the date of this order.  Defendant is required

to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 74**:
"Admit or deny that you have been served 42 U.S.C. § 1983
complaints by other inmates, thought the marshalls [sic] services, for similar act
of misconduct in the form of assault and battery/excessive use of force,
which resulted in injury or otherwise."

**Ruling:**  Defendant objects to this request on the grounds that it is vague and ambiguous and

asks Defendant to admit or deny a statement that is not a material fact to this lawsuit.  Defendants

objections are overruled.  Further, stating that a request asked Defendant to admit or deny a

statement that is not a material fact to this lawsuit is not a proper objection as Plaintiff is entitled

to obtain discovery on any nonprivileged matter which need not be admissible at the trial if it

appears reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's motion

to compel is granted with the limitation that Defendant must provide a response to this request

only for the time frame of January 1, 2002 to the date of this order.  Defendant is required to

check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 76:**
"Admit or deny that on 1-26-05 there were two sergeants present
during the escort of Plaintiff on 1-26-05."

**Ruling:**  Defendant objects to this request on the grounds that it is vague and ambiguous, and

asks Defendant to admit or deny a statement that is not a material fact to this lawsuit.  Without

waiving objections, Defendant is unable to admit or deny the request "because he only recalls

Sergeant Martinez as present during the escort of Plaintiff on January 26, 2005."  Defendant's

objections are overruled.  Defendant's response that he is unable to admit or deny this request

based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).

Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check all readily

obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 77:**
"Admit or deny that you have been investigated by the Internal
Affairs Office for the same or similar acts of misconduct in the form of
assault and battery/excessive use of force on a prisoner."

**Ruling:**  Defendant objects to this request on the grounds that it is vague and ambiguous.

Without waiving objections, Defendant is unable to admit or deny the request because he does

not recall if he placed a "spitmask" on Plaintiff on January 26, 2005.  Defendant's objections are

overruled and the response appears completely unrelated to the request.  Plaintiff's motion to

compel is granted with the limitation that Defendant must provide a response to this request only

for the time frame of January 1, 2002 to the date of this order.  Defendant is required to check all

readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 78:**
"Admit or deny that punching or striking an inmate with your fist
is apart [sic] of the CDCR Departmental use of force policy and options."

**REQUEST FOR ADMISSION NO. 79:**
"Admit or deny that punching or striking an inmate with your fist
is in compliance with the Corcoran State Prison use of force policy and
options."

**REQUEST FOR ADMISSION NO. 80:**
"Admit or deny striking or punching an inmate in the facial area
in apart [sic] of the CDCR Departmental use of force policy and options."

**REQUEST FOR ADMISSION NO. 81:**
"Admit or deny striking or punching an inmate in the facial area
is apart [sic] of the Corcoran State Prison use of force policy and options."

**Ruling:**  Defendant objects to these requests on the grounds that they are vague and ambiguous,

and incomplete hypotheticals.  Defendant's objections are overruled.  Plaintiff's motion to

compel is granted.

**REQUEST FOR ADMISSION NO. 86:**
"Admit or deny that cell #43 in building two (2) right, c-section,
was not fitted as a management cell on, or before January 26 2005, or
thereafter."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous. Without

waiving objections, Defendant is unable to admit or deny the request because he does not recall

whether the specified cell was placed on Management Control Status on the specified date.

Defendant's objections are overruled.  Defendant's response that he is unable to admit or deny

this request based solely on his lack of recollection does not comply with Fed. R. Civ. P.

36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check

all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 87**:
"Admit or deny that Plaintiff did not have a cell mate at anytime,
while he was housed in the 4A building two (2) right, cell #43."

**REQUEST FOR ADMISSION NO. 88**:
"Admit or deny that Plaintiff did not have a cell mate when you
picked him from the (ACH) unit cell on January 26, 2005."

**Ruling:**  Defendant is unable to admit or deny these requests because they ask Defendant to

admit or deny statements that are not material facts to this lawsuit.  Stating that a request asked

Defendant to admit or deny a statement that is not a material fact to this lawsuit is not a proper

objection as Plaintiff is entitled to obtain discovery on any nonprivileged matter which need not

be admissible at the trial if it appears reasonably calculated to lead to the discovery of admissible

evidence.  Defendant's objections are overruled.  Plaintiff's motion to compel is granted.

Defendant is required to check all readily obtainable information and provide an amended answer

to this request.

**REQUEST FOR ADMISSION NO. 89:**
"Admit or deny that on January 26, 2005 prior to you escorting
Plaintiff from the (ACH) unit he did not have any injuries whatsoever."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous as to

"injuries."  Defendant is unable to admit or deny the request because he cannot recall Plaintiff's

physical condition when he was escorted on January 26, 2005.  Defendant's objections are

sustained.  Plaintiff has not shown any basis upon which Defendant would be able and/or

qualified to have ascertained whether Plaintiff suffered from any pre-existing injuries.  Further,

Plaintiff fails to show deficiencies in Defendant's response and the Court finds none in as much

as Defendant would only be able to respond as to any visible injuries he recalls seeing on

Plaintiff during the escort.  Since Defendant does not recall Plaintiff's condition when he was

escorted, and the request seeks information based on Defendant's memory, Plaintiff's motion to

compel is denied.

**REQUEST FOR ADMISSION NO. 90:**
"Admit of [sic] deny that on January 26, 2005 you were
acting on instructions given to you by J.M. Martinez."

**Ruling:** Defendant objects to the request on the grounds that it does not contain a plain

statement of fact to be admitted or denied by Defendant – which is not a proper objection and

hence is overruled.  However, Defendant objects to the request on the grounds that it is vague

and ambiguous as to "acting on instructions."  This objection is sustained.  Plaintiff's motion to

compel is denied.

**REQUEST FOR ADMISSION NO. 92:**
"Admit or deny that you answered these admissions
under sworn oath."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous.

Without waiving objections, Defendant admits that these responses are accurate as to the best of

Defendant's recollection.  Defendant's objection is overruled.  However, there is no requirement

that the response be verified.  Defense counsel's signature on Defendant's responses creates a

"certificate of merit."  Fed. R. Civ. P. 26(g).  No further response is required, hence Plaintiff's

motion to compel is denied.

### C.   Defendant German's Responses to Requests for Admission

**REQUEST FOR ADMISSION NO. 3**:
"Admit or deny that on January 26, 2005 you were apart [sic] of the
escort team that escorted Plaintiff from the (ACH) unit to the 4A yard
building two (2) security housing unit."

**REQUEST FOR ADMISSION NO. 4**
"Admit or deny that on January 26, 2005 you were one of the
escort guards holding on arm during the escort."

**REQUEST FOR ADMISSION NO. 5**
"Admit or deny that on January 26, 2005 Plaintiff was escorted to
4A right Rotunda/Sally Port area, and placed up against the wall. by
yourself and M. Northcutt."

**Ruling:** Defendant responded to these requests that, after reasonable inquiry, Defendant is unable

to admit or deny the request because he does not recall whether he escorted Plaintiff on the

specified date.  Defendant does admit to working on January 26, 2005, and that escorting inmates

to the SHU was part of his normal duties.  Defendant's response that he is unable to admit or

deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 6**
"Admit or deny that on January 26, 2005 M. Northcutt and J.M.
Martinez were also apart [sic] of this escort team."

**Ruling:** After reasonable inquiry, Defendant is unable to admit or deny the request because he does not recall whether he escorted Plaintiff on the specified date.  Defendant does admit to working on January 26, 2005, and that during that time period he worked with Officer Northcutt and Sergeant Martinez.  Defendant's response that he is unable to admit or deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4). Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 7**
"Admit or deny that you know the identies [sic] of the other guards
who participated in the escort of Plaintiff on January 26, 2005."

**Ruling:** Defendant is unable to admit or deny the request because he does not recall whether he escorted Plaintiff on the specified date.  Defendant's response that he is unable to admit or deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 8**
"Admit or deny that there was two sergeants present during the
escort of Plaintiff on January 26, 2005."

**Ruling:** After reasonable inquiry, Defendant is unable to admit or deny the request because he does not recall whether he escorted Plaintiff on the specified date.  Defendant's response that he is unable to admit or deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 9**

"Admit or deny that on January 26, 2005 you volunteered to
participate in the escorting of Plaintiff."

**Ruling:** After reasonable inquiry, Defendant is unable to admit or deny the request because he does not recall whether he escorted Plaintiff on the specified date. Defendant does admit to working on January 26, 2005, and that escorting inmates to the SHU was part of his normal duties. Defendant's response that he is unable to admit or deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4). Accordingly, Plaintiff's motion to compel is granted. Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 10**
"Admit or deny that on January 26, 2005 you escorted Plaintiff to
cell #43 in C-Section and placed him on his knees infront [sic] of the cell
door/area."

**Ruling:** After reasonable inquiry, Defendant is unable to admit or deny the request because he does not recall whether he escorted Plaintiff on the specified date. Defendant does admit to working on January 26, 2005, and that escorting inmates to the SHU was part of his normal duties. Defendant's response that he is unable to admit or deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4). Accordingly, Plaintiff's motion to compel is granted. Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 11**
"Admit or deny that on January 26, 2005 Plaintiff was placed in
cell #43 in C-Section and placed him on his knees infront [sic] of the cell
door/area."

**Ruling:** After reasonable inquiry, Defendant is unable to admit or deny the request because he does not recall whether he escorted Plaintiff on the specified date. Defendant does admit to working on January 26, 2005, and that escorting inmates to the SHU was part of his normal duties. Defendant's response that he is unable to admit or deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4). Accordingly, Plaintiff's motion to compel is granted. Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 13**
"Admit or deny that Plaintiff was placed in a spit mask, leg irons,
handcuffs, and the lanyard chain attached to the handcuffs along with the
pad lock and triangle handle, prior to being escorted from the (ACH) unit
on January 26, 2005."

**Ruling:**  After reasonable inquiry, Defendant is unable to admit or deny the request because he

does not recall whether he escorted Plaintiff on the specified date.  Defendant's response that he

is unable to admit or deny this request based solely on his lack of recollection does not comply

with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is

required to check all readily obtainable information and provide an amended answer to this

request.

**REQUEST FOR ADMISSION NO. 14**
"Admit or deny that Plaintiff did not attempt to assault you at
anytime on January 26, 2005. Assault by this term means that which is
defined in Section 240 of the California Penal Code. (to include section
4800 of the Penal Code)."

**Ruling:**  After reasonable inquiry, Defendant is unable to admit or deny the request because he

has no recollection of Plaintiff attempting to assault him on January 26, 2005.  Defendant's

response that he is unable to admit or deny this request based solely on his lack of recollection

does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is

granted.  Defendant is required to check all readily obtainable information and provide an

amended answer to this request.

**REQUEST FOR ADMISSION NO. 15**
"Admit or deny that Plaintiff did not attempt to commit battery
on you at anytime on January 26, 2005. Battery by this term, means that
which is defined in section 242 of the California Penal Code (to include
Section 4501.5)."

**Ruling:**  After reasonable inquiry, Defendant is unable to admit or deny the request because he

has no recollection of Plaintiff attempting to batter him on January 26, 2005.  Defendant's

response that he is unable to admit or deny this request based solely on his lack of recollection

does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is

granted.  Defendant is required to check all readily obtainable information and provide an

amended answer to this request.

**REQUEST FOR ADMISSION NO. 16**

"Admit or deny that Cell #43 in building two (2) right C-Section
is not a management cell, and was not one in January 26, 2005."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous.

Defendant's objections are overruled.  Without waiving objections, Defendant is unable to admit

or deny the request because he does not recall whether the specified cell was placed on

Management Control Status on the specified date.  Defendant's response that he is unable to

admit or deny this request based solely on his lack of recollection does not comply with Fed. R.

Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to

check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 18**
"Admit or deny that on January 26, 2005 you removed Plaintiff's
mechanical restraints prior to placing him in cell #43."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous. Without

waiving objections and assuming Plaintiff is referring to the purported escort on January 26,

2005, Defendant is unable to admit or deny the request because he does not recall whether he

escorted Plaintiff on the specified date.  Defendant's response that he is unable to admit or deny

this request based solely on his lack of recollection does not comply with Fed. R. Civ. P.

36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check

all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 19**
"Admit or deny that Plaintiff did not have a cell mate at any time,
while he was housed in 4A-building (2) right cell #43."

**Ruling:**  Defendant is unable to admit or deny the request because he does not recall whether

Plaintiff had a cell mate on January 26, 2005, however, it often varies as to whether Security

Housing Unit inmates have cell mates.  Defendant's response that he is unable to admit or deny

this request based solely on his lack of recollection does not comply with Fed. R. Civ. P.

36(a)(4).  Accordingly, Plaintiff's motion to compel is granted.  Defendant is required to check

all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 20**
"Admit or deny that Plaintiff did not have a cell mate when you
picked him up from the (ACH) unit cell on January 26, 2005."

**Ruling:** Defendant is unable to admit or deny the request because he does not recall whether Plaintiff had a cell mate on January 26, 2005, however, it often varies as to whether Security Housing Unit inmates have cell mates. Defendant's response that he is unable to admit or deny this request based solely on his lack of recollection does not comply with Fed. R. Civ. P. 36(a)(4). Accordingly, Plaintiff's motion to compel is granted. Defendant is required to check all readily obtainable information and provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 21**
"Admit or deny that on January 26, 2005 prior to you escorting
Plaintiff from the (ACH) unit he did not have any injuries whatsoever."

**Ruling:** After reasonable inquiry, Defendant is unable to admit or deny the request because he does not recall whether he escorted Plaintiff on the specified date. Defendant's objections are sustained. Defendant's objections are sustained. Further, Plaintiff has not shown any basis upon which Defendant would be able and/or qualified to have ascertained whether Plaintiff suffered from any pre-existing injuries. Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 22**
"Admit or deny that no person or entity other than these listed in
the complaint contributed in any way to the subject incident."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous. These objections are sustained. Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 23**
"Admit or deny that Plaintiff did not contribute in
anyway to the subject incident."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous. Without waiving objections and assuming Plaintiff is referring to the purported escort on January 26, 2005, after reasonable inquiry, Defendant is unable to admit or deny the request because he does not recall whether he escorted Plaintiff on the specified date. Defendant's objections are sustained. Accordingly, Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 24**
"Admit or deny that Plaintiff complied with all orders
on January 26, 2005."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous. Without waiving objections and assuming Plaintiff is referring to the purported escort on January 26,

2005, after reasonable inquiry, Defendant is unable to admit or deny the request because he does not recall whether he escorted Plaintiff on the specified date.  Defendant's objections are sustained.  Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 26**
"Admit or deny that you are mentally capable to determine
the difference between reasonable force, excessive force
and unnecessary force being applied."

**Ruling:**  Defendant objects to the request on the grounds that it is compound, vague and ambiguous.  Defendant's objections are sustained.  Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 27**
"Admit or deny that you were acting under the color of law on
January 26, 2005."

**Ruling:**  Defendant objects to the request on the grounds that it is compound, vague and ambiguous, and calls for a legal conclusion.  Defendant's objections are overruled as this request seeks an application of law to fact – i.e. whether Defendant was employed by the state, so as to be a state actor, so as to have been acting under the color of law on January 26, 2005.  *See* <u>West</u>, 487 U.S. at 49-50.  Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 40**
"Admit or deny that you are and/or were familiar with California
Law, Penal Code §118-1-False Report filed by a Peace Officer, on or
before 1-26-05."

**REQUEST FOR ADMISSION NO. 41**
"Admit or deny that you are and/or were familiar with California
Law, Penal Code §129-False Statement Purportedly under oath though not
sworn to, on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 42**
"Admit or deny that you are and/or were familiar with California
Law, Penal Code §132-Offering Forged or Altered Document as genuine,
on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 43**
"Admit or deny that you are and/or were familiar with California
Law, Penal Code §134-Falsifying Documents to be used in Evidence, on or
before 1-26-05."

**REQUEST FOR ADMISSION NO. 44**
"Admit or deny that you are and/or were familiar with California
Law, Penal Code §135-Destroying or Concealing Documentary Evidence,
on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 45**

"Admit or deny that you are and/or were familiar with California
Law, Penal Code §141-Planting, Altering, or Concealing Physical
Evidence, on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 46**
"Admit or deny that you are and/or were familiar with California
Law, Penal Code §147-Inhumane Treatment or Oppression of Prisoner,
on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 47**:
"Admit or deny that you are and/or were familiar with California
Law, Penal Code §149-Assault and Battery by a Peace Officer-Third
Degree, on or before 1-26-05."

**REQUEST FOR ADMISSION NO. 48**:.
"Admit or deny that you are and/or were familiar with California
Law, Penal Code § 653(f)-Solicitation to Commit [sic] a Felony,
on or before 1-26-05."

**Ruling:**  Defendant objects to requests 40-48 on the grounds that they are vague and ambiguous,

and on the grounds that the requests ask Defendant to admit or deny a statement that is not a

material fact to this lawsuit.  Without waiving objections, Defendant admits that in January 2005,

he was aware of the rules and regulations associated with executing his duties as a Correctional

Sergeant.  Defendant's objections are overruled.  However, Plaintiff has not shown any

deficiency with Defendant's response to these requests.  Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 50**:
"Admit or deny that you did not seek medical attention for
Plaintiff's injuries."

**Ruling:**  Defendant objects to this request on the grounds that it is vague and ambiguous.

Defendant's objection is overruled.  Without waiving objections, Defendant is unable to admit or

deny the request because it is not specific as to time and date.  This is a valid qualifying

statement as the request is overly broad as to the time and date as phrased.  However, Plaintiff's

motion to compel is granted, with the limitation that Defendant must provide a response to this

request only for the time frame of January 1, 2005 through February 28, 2005.

**REQUEST FOR ADMISSION NO. 52**:
"Admit or deny that you were aware Plaintiff was and still is a
participant in the mental health program."

**Ruling:**  Defendant objects to this request on the grounds that it is vague and ambiguous.

Without waiving objections, Defendant is unable to admit or deny the request because he does

not know Plaintiff's mental health status now and does not know if Plaintiff's mental health

status has ever been made known to him.  Defendant's objections are overruled.  However, while

responding solely from one's own memory to a request for admission is ordinarily insufficient,

this request seeks an admission or denial as to Defendant's own knowledge.  Defendant

responded that he does not recall, which, in this situation is sufficient.  Plaintiff's motion to

compel is denied.

**REQUEST FOR ADMISSION NO. 53**:
"Admit or deny that you had access to all inmate files housed in
the same unit that you work in."

**Ruling:**  Defendant objects to this request on the grounds that it is vague and ambiguous.

Defendant's objections are overruled.  Plaintiff's motion to compel is granted with the limitation

that Defendant must provide a response to this request only for the time frame of October 1, 2004

through January 31, 2005.  Defendant is required to check all readily obtainable information and

provide an amended answer to this request.

**REQUEST FOR ADMISSION NO. 55**:
"Admit or deny that in the past few years there has been other
staff compliants [sic] filed against you by other prisoners, alleging you used
excessive use of force on them here at Corcoran State Prison."

**Ruling:**  Defendant objects to this request on the grounds that it is vague and ambiguous, and not

likely to lead to the discovery of admissible evidence. Without waiving objections, Defendant is

unable to admit or deny the request because he cannot possibly know the subject matter of all

inmate appeals filed within the last few years.  Defendants objections are overruled.  Plaintiff is

entitled to obtain discovery on any nonprivileged matter which need not be admissible at the trial

if it appears reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's

motion to compel is granted, with the limitation that Defendant must provide a response to this

request only for the time frame of January 1, 2002 to the date of this order.

**REQUEST FOR ADMISSION NO. 56**:
"Admit or deny that you can identify M. Northcutt as one of the
guards escorting Plaintiff on 1-26-05 from the (ACH) Unit to 4A building
two (2)."

**Ruling:**  Defendant objects to the request on the grounds that it is vague and ambiguous.

Without waiving objections and assuming Plaintiff is referring to the purported escort on January

26, 2005, Defendant is unable to admit or deny the request because he does not recall whether he

escorted Plaintiff on the specified date.  Defendant's objections are overruled.  Defendant's

response that he is unable to admit or deny this request based solely on his lack of recollection

does not comply with Fed. R. Civ. P. 36(a)(4).  Accordingly, Plaintiff's motion to compel is

granted.  Defendant is required to check all readily obtainable information and provide an

amended answer to this request.

**REQUEST FOR ADMISSION NO. 58**:
"Admit or deny that you were aware in possession of and/or read
the MEMO dated 1-26-05, concerning Plaintiff."

**Ruling:**  Defendant's objections to the request on the grounds that it is compound, vague and

ambiguous are overruled.  Plaintiff is sufficiently clear in identifying the memo and Defendant

must answer.  Further, Defendant's objection that this request is not a plain statement of fact is

not a proper basis for objection.  Plaintiff's motion to compel is granted.

**REQUEST FOR ADMISSION NO. 59**:
"Admit or deny that prison officials conducted an investigation
into your actions concerning the incident on 1-26-05."

**Ruling:**  Defendant objects to the request on the grounds that it is "vague and ambiguous as to

'an investigation.'"  Without waiving objections, Defendant is unable to admit or deny the

request because he is unaware of any investigations conducted by prison officials into any actions

he committed on January 26, 2005.  Defendant denies, however, that any disciplinary action was

taken against him for any actions arising out of January 26, 2005.  Defendant's objections are

overruled.  To the extent that Defendant responded that he is unable to admit or deny this request

based solely on his lack of recollection, such response does not comply with Fed. R. Civ. P.

36(a)(4).  While Defendant responded that he was not subjected to any disciplinary action as a

result of the incident, the request sought admission as to whether an investigation into

Defendant's actions was conducted, not the result thereof.  Thus, Defendant's answer was not

responsive to the request.  Accordingly, Plaintiff's motion to compel is granted.  Defendant is

required to check all readily obtainable information and provide an amended answer to this

request.

**REQUEST FOR ADMISSION NO. 61**:

"Admit or deny that on January 26, 2005 J.M. Martinez was your
superior officer of the day in 4A 2 building."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous. This

objection is overruled. Without waiving objections, Defendant admits that J. Martinez was a

Sergeant in January 2005, and if he was on duty the same time as Defendant, would have been

Defendant's supervising officer. Plaintiff does not show any deficiencies with Defendant's

response and the Court finds none. Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 62**:
"Admit or deny that on January 26, 2005 you were acting on
instructions given to you by J.M. Martinez."

**Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous. This

objection is sustained. Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 63**:
"Admit or deny that you have been investigated by the
Internals [sic] Affairs Office for prior acts of misconduct."

**Ruling:** Defendant objects to the request on the grounds that it is compound, vague and

ambiguous – which are sustained. Defendant also objects to this request on the basis that it

requests that Defendant admit or deny a statement that is not a material fact to this lawsuit.

Defendants objections are overruled. Stating that a request seeks a Defendant to admit or deny a

statement that is not a material fact to this lawsuit is not a proper objection. Plaintiff is entitled

to obtain discovery on any nonprivileged matter which need not be admissible at the trial if it

appears reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiff

has propounded alternative forms of discovery regarding these issues, which are more likely to

lead to the discovery of admissible evidence than requests for admissions. Accordingly,

Plaintiff's motion to compel is denied.

**REQUEST FOR ADMISSION NO. 64**:
"Admit or deny that prisoner Charles Kensey P-04-738 filed a 42
U.S.C. §1983 complaint against you, alleging you and your co-defendants
of that case, brutally attacked and beat him while he was in mechanical
restraints, resulting in him receiving numerous stitches to his face and
head, which rendered him confined to a wheel chair."

**REQUEST FOR ADMISSION NO. 65**:
"Admit or deny that you and your co-defendants of that case,
filed (RUR) CDC-115 and CDC 837 incidents reports of this brutal assault,

1    attack and beating of prisoner Charles Kensey P-04738."

2    **REQUEST FOR ADMISSION NO. 66**:
     "Admit or deny that Charles Kensey P-04738 filed an appeal 602
3    complaint against you on this matter."

4    **Ruling:** Defendant objects to these requests on the grounds that they are compound, vague and

5    ambiguous – which are sustained.  Defendant also asserts that these requests ask him to admit or

6    deny a statement that is not a material fact to this lawsuit.  Whether a request for admission seeks

7    a material fact to this lawsuit is not a proper objection.  However, these requests seeks

8    information regarding claims that another prisoner had against Defendant and other prison

9    personnel which does not appear reasonably calculated to lead to the discovery of admissible

10   evidence.  Further, Plaintiff has propounded alternative forms of discovery regarding these

11   issues, which are more likely to lead to the discovery of admissible evidence than requests for

12   admissions.  Accordingly, Plaintiff's motion to compel further responses is denied.

13   **REQUEST FOR ADMISSION NO. 69**:
     "Admit or deny that punching or striking a prisoner with your fist
14   is in compliance with the Corcoran State Prison use of force policy
     and options."

15   **REQUEST FOR ADMISSION NO. 70**:
     "Admit or deny that punching or stiking [sic] a prisoner with your fist
16   is apart [sic] of the CDCR Departmental use of force policy and options."

17   **REQUEST FOR ADMISSION NO. 71**:
     "Admit or deny that punching and/or striking a prisoner in the
18   facial area is apart [sic] of the CDCR Departmental use of force
     policy and options."
19
     **REQUEST FOR ADMISSION NO. 72**:
20   "Admit or deny that punching and/or striking a prisoner in the
     facial area with your fist is in compliance with the Corcoran
21   State Prison use of force policy and options."

22   **Ruling:** Defendant objects to these requests on the grounds that it is vague and ambiguous, and

23   incomplete hypotheticals.  Defendant's objections are overruled.  Plaintiff's motion to compel is

24   granted.

25   **REQUEST FOR ADMISSION NO. 73**:
     "Admit or deny that an interview tape was conducted of
26   Plaintiff [sic] injuries."

27   **Ruling:** Defendant objects to the request on the grounds that it is vague and ambiguous.

28

Defendant's objection is overruled.  Accordingly, Plaintiff's motion to compel is granted.

Defendant is required to check all readily obtainable information and provide an amended answer

to this request.

**REQUEST FOR ADMISSION NO. 90**:
"Admit or deny that on January 26, 2005 you were acting on
instructions given to you by J.M. Martinez."

**Ruling:**  Defendant objects to the request on the grounds that it does not contain a plain

statement of fact to be admitted or denied by Defendant – which is overruled.  However,

Defendant's objection to the request on the grounds that it is vague and ambiguous as to "acting

on instructions" is sustained.  Plaintiff's motion to compel is denied.

**II.    Conclusion**

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion to compel responses from Defendant Martinez to requests and

12, 24, 26, 28, 30, 32-34, 37, 38, 42-48, 52, 54, 58, 62, 63, 77-86, 90, 91, 93, and

95 are DENIED;

2.    Plaintiff's motion to compel responses from Defendant Martinez to requests 6, 8-

11, 13-15, 17, 18, 21, 22, 35, 36, 39, 49, 50, 55-57, 60, 64, 88, 89, 92, 94, and 96-

100 are GRANTED, subject to the limitations set forth in this order;

3.    Plaintiff's motion to compel responses from Defendant Northcutt to requests 9,

10, 23-25, 40-48, 51, 53, 68-70, 89, 90, and 92 are DENIED;

4.    Plaintiff's motion to compel responses from Defendant Northcutt to requests 4-7,

12, 14-16, 26, 49, 50, 52, 54, 57, 59, 60, 63, 64, 71, 73, 74, 76-81, and 86-88 are

GRANTED, subject to the limitations set forth in this order;

5.    Plaintiff's motion to compel responses from Defendant German to requests 21-24,

26, 40-48, 52, 61-66, and 90 are DENIED; and

6.    Plaintiff's motion to compel responses from Defendant German to requests 3-11,

13-16, 18-20, 27, 50, 53, 55, 56, 58, 59, and 69-73 are GRANTED, subject to the

limitations set forth in this order.

IT IS SO ORDERED.

**Dated:** __  **October 27, 2009**  __                    _____/s/ **Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE