1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GEORGE E. JACOBS IV,                     1:06-cv-01280-AWI-GSA-PC

12              Plaintiff,                    ORDER DENYING PLAINTIFF'S
                                             MOTION TO COMPEL DEFENDANTS'
         vs.                                 COMPLIANCE WITH COURT ORDERED
13                                           SUPPLEMENTAL RESPONSES
     ALLEN K. SCRIBNER, et al.,              TO PLAINTIFF'S REQUESTS FOR
14                                           ADMISSIONS
                                             (Doc. 128.)
15              Defendants.

16   _____/

17   **I.      BACKGROUND**

18          Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on Plaintiff's

20   original complaint, filed September 18, 2006, against defendants Sgt. J. M. Martinez, C/O German and

21   C/O Northcutt ("Defendants") for use of excessive physical force, and against defendant Sgt. J. M.

22   Martinez for acting with deliberate indifference to Plaintiff's serious medical needs.[1]  (Doc. 1.)  The

23   excessive force claim, which is also brought against two Doe defendants, allegedly occurred during the

24   _____

25          [1]On June 4, 2007, the Court ordered that this action proceed on Plaintiff's original complaint against defendants
     Martinez, German, Northcutt, and Does 1 and 2 for use of excessive force, assault and battery, and intentional infliction of
26   emotional distress; and against defendants Martinez and Does 3, 4, and 6-10 for acting with deliberate indifference to
     Plaintiff's serious medical needs; and all other defendants and claims were dismissed by the Court based on Plaintiff's failure
27   to state a claim.  (Doc. 17.)  On November 16, 2009, summary judgment was granted in favor of Defendants on Plaintiff's
     claims for assault and battery and intentional infliction of emotional distress under California law.  (Doc. 101.)  Plaintiff has
28   not sufficiently identified the Doe defendants to enable service of process by the Marshal.  See Doc. 101 at 2 fn.2.

1   escort of Plaintiff from the Acute Care Hospital to the Security Housing Unit on January 26, 2005.  The

2   medical care claim against defendant Martinez arises from defendant Martinez' alleged failure to obtain

3   medical care for Plaintiff on January 27, 2005; and the medical care claims against Does 3, 4, and 6-10

4   arise from the failure to obtain medical care for Plaintiff between January 27, 2005 and February 3,

5   2005.  Plaintiff alleges that he was ultimately transported to an outside hospital for emergency medical

6   care on February 2, 2005, and lost the sight in one eye as a result of his injuries.

7        On June 14, 2010, Plaintiff filed a motion to compel Defendants to comply with court-ordered

8   responses to Plaintiff's Requests for Admissions.  (Doc. 128.)  On June 25, 2010, Defendants filed an

9   opposition to the motion.  (Doc. 129.)

10  **II.     LEGAL STANDARDS**

11       **A.     Rule 37(b)(2) - Failure to Comply With a Discovery Order**

12       Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an

13  order to provide or permit discovery, the court may issue further orders, which may include the

14  imposition of sanctions upon the disobedient party.  Fed. R. Civ. P. 37(b)(2)(A).

15       **B.     Rule 36 - Requests for Admissions**

16       Facts, the application of law to fact, or opinions are subject to requests for admission.  Fed.

17  R. Civ. P. 36(a)(1)(A). "If a matter is not admitted, the answer must specifically deny it or state in

18  detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the

19  substance of the matter; and when good faith requires that a party qualify an answer or deny only a

20  part of a matter, the answer must specify the part admitted and qualify or deny the rest. The

21  answering party may assert lack of knowledge or information as a reason for failing to admit or deny

22  only if the party states that it has made reasonable inquiry and that the information it knows or can

23  readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). "The grounds for

24  objecting to a request must be stated. A party must not object solely on the ground that the request

25  presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

26  **III.    PLAINTIFF'S MOTION TO COMPEL**

27       Plaintiff brings a motion for the Court to compel Defendants to comply with the Court's order

28  of October 28, 2009, which ordered Defendants to provide supplemental responses to Plaintiff's

2

1   Requests for Admissions.  (Doc. 128.)  The Court ordered defendant Martinez to respond to

2   Plaintiff's requests 6, 8-11, 13-15, 17, 18, 21, 22, 35, 36, 39, 49, 50, 55-57, 60, 64, 88, 89, 92, 94,

3   and 96-100; defendant Northcutt to respond to Plaintiff's requests 4-7, 12, 14-16, 26, 49, 50, 52, 54,

4   57, 59, 60, 63, 64, 71, 73, 74, 76-81, and 86-88; and defendant German to respond to Plaintiff's

5   requests 3-11, 13-16, 18-20, 27, 50, 53, 55, 56, 58, 59, and 69-73.

6        Plaintiff contends that defendant Martinez failed to comply with the Court's order with

7   regard to Plaintiff's request 57; defendant Northcutt failed to comply with regard to requests 5 and

8   88; and defendant German failed to comply with regard to requests 3-11, 13-16, 50, 56, 58, and 73.

9        In opposition, Defendants argue that except for two inadvertent admissions, they have

10  complied with Federal Rule of Civil Procedure 36(a)(1)(A).  Defendants also argue that Plaintiff

11  should be required to comply with Rule 56(f) by showing what facts he hopes to discover, that these

12  facts actually exist, and that these facts are essential to resist Defendants' motion for summary

13  judgment filed on May 25, 2010.

14  **IV.   DISCUSSION**

15       Plaintiff argues that Defendants failed to comply with the Court's order issued on October

16  28, 2009, which ordered Defendants to provide supplemental responses to Plaintiff's Requests for

17  Admissions.  The only issue now before the Court is whether Defendants have complied with the

18  Court's order.[2]  The Court here issues rulings on the supplemental responses at issue.

19       **A.   Defendant Martinez**

20       **Request for Admission 57**:

21       "Admit or deny that you are (*sic*) authorized a "Spit Mask" to be
    placed over Plaintiff's face/head, on January 26, 2005."

22

23  Plaintiff argues that defendant Martinez failed to provide any supplemental response to this

    request.  Defendant acknowledges that he inadvertently failed to provide a supplemental response to

24  this request, and now responds as follows in lieu of a supplemental response:

25

26

27       [2]Defendants argue that Plaintiff should be required to show that the facts he hopes to discover are essential to resist
    Defendants' summary judgment.  This issue shall not be considered here.  Plaintiff's motion concerns Defendants' compliance
    with the Court's order of October 28, 2009.  Defendants' motion for summary judgment was not filed until May 25, 2010,

28  seven months after the Court issued its order.

> "Defendant Martinez admits that Plaintiff wore a spit mask on January 26, 2005; however, based on all readily obtainable information, he is unable to recall whether he ordered that Plaintiff wear a spit mask."

The Court finds this response in compliance with Rule 36. Therefore, Plaintiff's motion to compel a further response by defendant Martinez to Request 57 is denied.

**B.      Defendant Northcutt**

**Request for Admission 5**:

> "Admit or deny that Plaintiff's hands were secured behind his back with a pair of handcuffs and the lanyard device attached to the handcuffs with a pad lock, during the entire escort on January 26, 2005."

Plaintiff argues that defendant Northcutt failed to provide any supplemental response to this request. Defendant acknowledges that he inadvertently failed to provide a supplemental response to this request, and now responds as follows in lieu of a supplemental response:

> "Defendant Northcutt admits that Plaintiff was secured by restraints during his escort, however, based on all readily obtainable information, Defendant is unable to recall which restraints were used on January 26, 2005."

The Court finds this response in compliance with Rule 36. Therefore, Plaintiff's motion to compel a further response by defendant Northcutt to Request 5 is denied.

**Request for Admission 88**:

> "Admit or deny that Plaintiff did not have a cell mate when you picked him from the (ACH) unit cell on January 26, 2005."

**Supplemental Response to Request 88:**

> "After further reasonable inquiry, Defendant does not independently recall escorting Plaintiff or whether Plaintiff had a cell mate on January 26, 2005. Defendant is currently working at Kern Valley State Prison and the incident occurred five years ago at California State Prison, Corcoran.  Nonetheless, after review of relevant documents, Defendant is informed and believes that Plaintiff did not have a cell mate while housed in the ACH."

Plaintiff argues that this response is inadequate because defendant Northcutt already admitted, in his supplemental responses to Plaintiff's Requests for Admission 16 and 63, that he escorted Plaintiff from the ACH Unit to the SHU Unit.  Plaintiff has not submitted any evidence in support of this argument for the Court's review, and defendant Northcutt's supplemental responses

4

to Requests 16 and 30 are not in the court's record.  Moreover, the inability to independently recall an event does not necessarily conflict with an admission that the event occurred.  Under Rule 36, an answering party may make an admission based on either knowledge or information.  Fed. R. Civ. P. 36(a)(4).  Therefore, Plaintiff's motion to compel a further response from defendant Northcutt to Request 88 is denied.

## C.      Defendant German

### Supplemental Responses to Requests for Admission 3-11, 13-16, 50, 56, 58, and 73:

Defendant German responds to each of the requests at issue, requests 3-11, 13-16, 50, 56, 58, and 73, that he is unable to admit or deny the request because after further reasonable inquiry, he is unable to recall any information responsive to the substance of Plaintiff's request, and he does not have any documents in his possession, custody, or control that would enable him to admit or deny the request.

Plaintiff argues that these responses are inadequate because defendant German has not sufficiently searched the documents available to him.  Plaintiff contends that "if defendant has relevant documents which can help him recall supplemental responses to Plaintiff's Requests for Admissions 19 and 20, than (*sic*) there really should be no obstacle in defendants path in obtaining the same relevant documents as defendant Northcutt, to help him refresh his memory in answering the compelled request."  MTC, Doc. 128 at 16.  Plaintiff contends that defendant German has not complied with the court's order of October 28, 2009, which ordered him to check all readily obtainable information and provide amended answers.

Plaintiff submits no evidence in support of his argument that, based on supplemental responses to Requests 19 and 20, defendant German has relevant documents.  Plaintiff has not submitted copies of the supplemental responses to Requests 19 and 20 for the court's review, and these supplemental responses are not in the court's record.   Plaintiff also fails to specify which documents used by defendant Northcutt he believes are available to defendant German, and why those documents are relevant to defendant German's supplemental responses.  Defendant German's statement that he "does not have any documents in his possession, custody, or control that would enable him to admit or deny the request" is sufficient to comply with the court's order of October 28,

5

1   2009 requiring him to "check all readily obtainable information."  The Court finds that defendant

2   German's responses to Plaintiff's Requests for Admissions 3-11, 13-16, 50, 56, 58, and 73 are in

3   compliance with Rule 36 which allows the answering party to "assert lack of knowledge or

4   information as a reason for failing to admit or deny only if the party states that it has made

5   reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it

6   to admit or deny." Fed. R. Civ. P. 36(a)(4).  Therefore, Plaintiff's motion to compel further

7   responses by defendant German to Requests  3-11, 13-16, 50, 56, 58, or 73 is denied.

8   **V.     CONCLUSION**

9         Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to compel

10   Defendants to comply with court-ordered responses to Plaintiff's Requests for Admissions, filed on

11   June 14, 2010, is DENIED.

13         IT IS SO ORDERED.

14   **Dated:   November 8, 2010**                    _____/s/ **Gary S. Austin**_____
                                                      UNITED STATES MAGISTRATE JUDGE