1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE E. JACOBS IV,                      1:06-cv-01280-AWI-GSA-PC

12                Plaintiff,                    ORDER GRANTING IN PART AND
                                                DENYING IN PART PLAINTIFF'S
13        vs.                                   MOTION TO COMPEL DEFENDANTS'
                                                COMPLIANCE WITH COURT ORDERED
14   ALLEN K. SCRIBNER, et al.,                 SUPPLEMENTAL RESPONSES
                                                TO PLAINTIFF'S REQUESTS FOR
15                Defendants.                   PRODUCTION OF DOCUMENTS
                                                (Doc. 120.)
16
                                                ORDER FOR DEFENDANTS TO SHOW
17                                              CAUSE, WITHIN THIRTY DAYS, WHY
                                                SANCTIONS SHOULD NOT BE
18                                              IMPOSED

19   _____/

20   I.    BACKGROUND

21        Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma

22   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on Plaintiff's

23   original complaint, filed September 18, 2006, against defendants Sgt. J. M. Martinez, C/O German and

24   C/O Northcutt ("Defendants") for use of excessive physical force, and against defendant Sgt. J. M.

25   Martinez for acting with deliberate indifference to Plaintiff's serious medical needs.[1]  (Doc. 1.)  The

26   _____

27        [1]On June 4, 2007, the Court ordered that this action proceed on Plaintiff's original complaint against defendants
     Martinez, German, Northcutt, and Does 1 and 2 for use of excessive force, assault and battery, and intentional infliction of
28   emotional distress; and against defendants Martinez and Does 3, 4, and 6-10 for acting with deliberate indifference to

                                               1

1   excessive force claim, which is also brought against two Doe defendants, allegedly occurred during the

2   escort of Plaintiff from the Acute Care Hospital to the Security Housing Unit on January 26, 2005.  The

3   medical care claim against defendant Martinez arises from defendant Martinez' alleged failure to obtain

4   medical care for Plaintiff on January 27, 2005; and the medical care claims against Does 3, 4, and 6-10

5   arise from the failure to obtain medical care for Plaintiff between January 27, 2005 and February 3,

6   2005.  Plaintiff alleges that he was ultimately transported to an outside hospital for emergency medical

7   care on February 2, 2005, and lost the sight in one eye as a result of his injuries.

8          On May 14, 2010, Plaintiff filed a motion to compel Defendants to comply with court-ordered

9   discovery responses.  (Doc. 120.)  On June 4, 2010, Defendants filed an opposition to the motion.  (Doc.

10   126.)  On June 30, 2010, Plaintiff filed a reply to the opposition.  (Doc. 132.)

11   **II.**      **PLAINTIFF'S MOTION TO COMPEL**

12          **A.**      **Rule 37(b)(2) - Failure to Comply With a Discovery Order**

13          Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an

14   order to provide or permit discovery, the court may issue further orders, which may include the

15   imposition of sanctions upon the disobedient party. Fed. R. Civ. P. 37(b)(2)(A).

16          **B.**      **Parties' Positions**

17          Plaintiff brings a motion for the Court to compel Defendants to comply with the Court's order

18   of September 25, 2009, which ordered Defendants to provide supplemental responses to Plaintiff's

19   Requests for Production Nos. 1, 5, 6, 9, 14-45, 49-51, and 58.  (Doc. 120.)  Plaintiff claims that

20   Defendants failed to comply with the Court's order with regard to Requests Nos. 1, 18-31, 33-38, 45,

21   49, and 58.  As to Requests Nos. 1, 18-31, and 33-38, Plaintiff argues that Defendants failed to provide

22   him with copies of all of the documents he requested, and Plaintiff takes issue with the fact that

23   Defendants did not specifically state that they do not have possession, custody or control of particular

24   documents.  As to Request No. 45, Plaintiff argues that Defendants' response contradicts Defendants'

25   responses to Plaintiff's Requests for Admissions Nos. 52, 55, 73, 74, and 77.  As to Request No. 49,

26

27   Plaintiff's serious medical needs; and all other defendants and claims were dismissed by the Court based on Plaintiff's failure
     to state a claim. (Doc. 17.)  On November 16, 2009, summary judgment was granted in favor of Defendants on Plaintiff's
     claims for assault and battery and intentional infliction of emotional distress under California law. (Doc. 101.)  Plaintiff has

28   not sufficiently identified the Doe defendants to enable service of process by the Marshal.  See Doc. 101 at 2 fn.2.

1    Plaintiff asserts that Defendants misread the Request and as a result failed to respond appropriately.  As

2    to Request No. 58, Plaintiff argues that Defendants failed to provide Plaintiff with copies of insurance

3    documents, or in the alternative, an affidavit, as ordered by the court.  Plaintiff provides evidence that

4    he attempted to persuade Defendants to provide the requested documents, without success, before

5    resorting to the present motion.  (Exhs. to M to Compel, Doc. 120 at 35-36.)

6         In opposition, Defendants claim they have complied with Federal Rule of Civil Procedure 34 by

7    adequately and appropriately providing responses to Plaintiff's three sets of requests for production of

8    documents.  Defendants claim they have provided all responsive documents in their possession, custody

9    and control, and there is nothing more they can produce.  As to Requests Nos. 1, 18-31, and 33-38,

10   Defendants claim that they provided copies of documents to Plaintiff's correctional counselor, instead

11   of to Plaintiff, because possession of the documents by Plaintiff would place the safety and security of

12   the institution and Defendant Martinez and his family at risk.  As to Requests Nos. 45 and 49,

13   Defendants maintain they do not have any responsive documents in their possession, custody and

14   control.  As to Request No. 58, Defendants state that they informed Plaintiff about the insurance

15   available to correctional officers.  Defendants also argue that Plaintiff should be required to comply with

16   Rule 56(f) by showing what facts he hopes to discover, that these facts actually exist, and that these facts

17   are essential to resist Defendants' motion for summary judgment filed on May 25, 2010.

18        In reply, Plaintiff argues that Defendants failed to comply with the court's order which required

19   them to notify the court within thirty days if they stand by their contention that production of documents

20   ordered produced would jeopardize the safety and/or security of any CDCR facility, staff, and/or inmate,

21   so that the court could revisit Defendants' objection.  Plaintiff also argues that some of the documents

22   withheld by Defendants do not jeopardize safety and/or security, since Defendants have redacted

23   defendant Martinez' personal information.  Plaintiff claims that Defendants have not complied with Rule

24   26(b)(5) which requires them to "describe the nature of the documents, communications, or things not

25   produced or disclosed in a manner that, without revealing information itself privileged or protected, will

26   enable other parties to assess the applicability of the privilege or protection."  With regard to

27   Defendants' argument that Plaintiff should be required to comply with Rule 56(f), Plaintiff argues that

28   ///

1   the present motion to compel has nothing to do with Defendants' summary judgment motion, which was

2   filed afterward.

3       **C.   Discussion**

4       Plaintiff claims that Defendants failed to comply with the Court's order of September 25, 2009,

5   with regard to Requests Nos. 1, 18-38, 45, 49 and 58.  The Court here issues combined rulings on

6   Plaintiff's Requests at issue that are similar in nature.  The only issue now before the Court is whether

7   Defendants have complied with the Court's order.[2]

8       **1.      Request for Production No. 1**

9       In Request No. 1, Plaintiff requests, inter alia, records of any allegations "made by an inmate"

10  of misconduct by prison staff involving the Defendants.  Plaintiff has clarified that he is requesting

11  copies of documents such as Form 602 complaints and citizen complaints by inmates against the

12  Defendants.  Defendants did not make any response to Plaintiff's request for documents referring to any

13  allegations "made by an inmate."

14      Plaintiff's motion to compel is granted in part, subject to the limitation that this request for

15  production of documents is narrowed to include only those grievances and complaints (e.g., Form 602

16  complaints and citizen complaints) filed by an inmate against any Defendant(s) that involve claims

17  similar to those raised by Plaintiff in the instant action – i.e., defendants Martinez, German, and

18  Northcutt for use of excessive physical force, and defendant Martinez for acting with deliberate

19  indifference to serious medical needs.

20      **2.      Requests for Production Nos. 1, 18-31, 33-38**

21      In Requests Nos. 1, 18-31, and 33-38, Plaintiff requests various records of actions taken

22  regarding misconduct by Defendants, including the following:  Designated Case records, Employee

23  Counseling Records, Executive Review records, Notices of Adverse Action, Office of Internal Affairs

24  files, Preliminary Notices of Adverse Action, Skelly Hearing results records, Skelly Letters, Employee

25  Relations Officer/Disciplinary Officer's Summary adverse actions records, Hiring Authority's

26
27  [2]Defendants argue that Plaintiff should be required to show that the facts he hopes to discover are essential to resist Defendants' summary judgment.  This issue shall not be considered here.  Plaintiff's motion concerns Defendants' compliance with the Court's order of September 25, 2009.  Defendants' motion for summary judgment was not filed until May 25, 2010, eight months after the Court issued its order.

28

1   investigative and disciplinary records, Employee's Supervisory Files, Vertical Advocate investigative

2   records, Officer of Personnel Services and Human Resources documents, Office of Personnel

3   Services/Employee discipline Unit records, Central Intake documents, Adverse Action Penalties

4   documents, Summary of Adverse Action documents for non-designated cases by the ERO/Disciplinary

5   Officer, ATO Notices, Employment Advocacy and Prosecution Team reports, Disciplinary Audits

6   prepared by the Office of Legal Affairs, and related documents.

7        In their supplemental response, Defendants responded that after further reasonable inquiry, they

8   provided true copies of adverse actions C-COR-707-08-D and C-COR-706-08-D, which concern an

9   action taken against defendant Martinez, to Plaintiff's correctional counselor.  Defendants claim they

10  cannot provide copies of these documents to Plaintiff because of safety and security concerns for

11  Martinez and the institution, and they have redacted defendant Martinez's personal information from

12  the documents to protect Martinez and his family.  Defendants also responded that they are not in

13  possession, custody, or control of any other documents responsive to these requests.

14       Plaintiff argues that Defendants failed to mention anything about not having possession, custody

15  or control of documents specifically referring to misconduct by defendants Northcutt and German.  This

16  argument is unpersuasive, as Defendants' statement that they "are not in possession, custody, or control

17  of any other documents" suffices to include documents referring to particular defendants.

18       Plaintiff also argues that Defendants failed to comply with the Court's order requiring them  to

19  notify the Court of safety and security issues concerning documents ordered to be produced.  The Court's

20  order required Defendants to "notify the Court within thirty days from the date of service of this order

21  of any continuing belief (with supporting evidence) that disclosure of any documents ordered produced

22  herein will cause safety and security issues."  (Doc. 88 at 3:13-16.)  The Court has not received any

23  notification from Defendants explaining why they believe providing Plaintiff with redacted copies of

24  C-COR-707-08-D and C-COR-706-08-D would place the safety and security of Defendant Martinez,

25  his family, and the institution at risk.  Providing copies to Plaintiff's correctional counselor does not

26  comply with the Court's order, and the Court is unable to revisit the issue of Defendants' safety and

27  security concerns about C-COR-707-08-D and C-COR-706-08-D without more information from

28  Defendants.

1    Plaintiff's motion to compel is granted in part.  Defendants are required to provide Plaintiff with
2    copies of the documents concerning adverse actions C-COR-707-08-D and C-COR-706-08-D which
3    Defendants previously provided to Plaintiff's correctional counselor.  Defendants may redact from the
4    relevant documents any information relating to the identities of third parties.  If the Defendants have any
5    continuing belief that disclosure of redacted copies of C-COR-707-08-D and C-COR-706-08-D will
6    cause safety and security issues, Defendants shall notify the Court within thirty days from the date of
7    service of this order, and the Court will revisit the issue.

8              **3.      Request for Production No. 45**

9         In Request No. 45, Plaintiff requests copies of videotaped or audiotaped interviews by inmates
10   who sustained blows to the head, serious injury, or made allegations of inappropriate use of force,
11   against any of the Defendants.  In their supplemental response, Defendants maintain they do not have
12   any responsive documents in their possession, custody or control.  Plaintiff claims that this supplemental
13   response contradicts Defendants' responses to Plaintiff's Requests for Admissions Nos. 52, 55, 73, 74,
14   and 77, in which Defendant Northcutt admitted that staff complaints have been filed against him for
15   excessive use of force, and defendants Northcutt and German both admitted to being investigated by the
16   Internal Affairs Office for the use of excessive force against prisoners.

17        Even assuming that Defendants made the admissions claimed by Plaintiff, evidence of the
18   existence of staff complaints and investigations does not prove the existence of the videotaped or
19   audiotaped interviews requested by Plaintiff.  Defendants cannot be compelled to produce an item that
20   is not within their possession, custody, or control.  Plaintiff's motion to compel is denied.

21             **4.      Request for Production No. 49**

22        In Request No. 49, Plaintiff requests documents relating to medical treatment for prisoners who
23   suffer injury "this material may include," which may include medical treatment policies for MTA's,
24   RN's and Psych Techs.  The Court's order of September 25, 2009, provided that if Defendants made a
25   reasonable inquiry and such information is truly not within Defendants' possession, custody, or control,
26   then Plaintiff must accept that response.  In their supplemental response, Defendants responded that they
27   made a reasonable inquiry and have no such materials in their possession, custody and control.  Plaintiff
28   argues that Defendants have misread the question asked, explaining that he is not asking for other

prisoners' medical records.  The Court finds no evidence that Defendants believed that Plaintiff was asking for other prisoners' medical records.  Defendants have adequately responded to Plaintiff's Request No. 49, and Plaintiff's motion to compel is denied.

### 5.   Request for Production No. 58

In Request No. 58, Plaintiff requests documents that refer or relate to any insurance agreements that may cover all or part of any judgment for each of the Defendants.  The court ordered Defendants to produce "any insurance agreement in effect in January and February of 2005, that may cover all or part of any judgment rendered in this case," or in the alternative, to produce "an affidavit of an authorized CDCR employee as to whether there is insurance coverage, for Plaintiff's claims in this action, in excess of the amounts sought in the Complaint." (Doc. 88 at 19:16-20.)  In their supplemental response, Defendants simply informed Plaintiff that the State of California is self insured pursuant to Government Code section 11007.8 et seq; and that correctional officers can obtain additional insurance from their union as an option.

Plaintiff's motion to compel is granted.  Defendants have not complied with the Court's order requiring them to produce insurance agreements or an affidavit.  Defendants' statement that the State of California is self insured is an insufficient response.  If copies of insurance agreements covering the State of California are not available, Defendants must submit an affidavit of an authorized CDCR employee explaining whether the self-insurance covers Plaintiff's claims against Defendants in excess of the amounts sought in the Complaint.  If the State's self-insurance does not cover all of any judgment rendered in this case, Defendants must also produce other insurance agreements, if any, in effect in January and February of 2005 that may cover all or part of any judgment rendered in this case, or in the alternative, an affidavit as described above.

## III.   PLAINTIFF'S MOTION FOR MONETARY SANCTIONS

Plaintiff seeks monetary sanctions for Defendants' failure to comply with the Court's order of September 25, 2009.  Plaintiff argues that he has been prejudiced by Defendants' failure to provide him with evidence beneficial to his case as ordered by the court.

///

///

7

**A.     Sanctions for Failure to Obey a Discovery Order**

If a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  Fed. R. Civ. P. 37(b)(2)(A).  The court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(b)(2)(C).  No showing of wilfulness is required.  See Lew v. Kona Hosp., 754 F.2d 1420, 1427 (9th Cir. 1985).  The court has considerable discretion in determining the amount and form of the award.  See General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986).  Fees to pro se litigants are awardable under the courts inherent power.  "Failure to do so would place a pro se litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct."   Pickholtz v. Rainbow Technologies, Inc., 284 F.3d 1365, 1377 (Fed. Cir. 2002).

Federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-66 (1980).  The Court may assess attorney fees or other sanctions under its inherent power for the "wilful disobedience of a court order."  Chambers, 501 U.S. at 45; Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258 (1975).  A fee award under the Court's inherent power is meant to vindicate judicial authority, rather than to provide a substantive remedy to an aggrieved party: "The wrong done was to the court." Mark Industries, Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 733 (9th Cir. 1995).

**B.     Discussion**

On September 25, 2009, the Court granted Plaintiff's motion to compel and ordered Defendants to provide supplemental responses to Plaintiff's Requests for Production of Documents Nos. 1, 5, 6, 9, 14-45, 49-51, and 58.  (Doc. 88.)  Defendants' responses to these requests were due on November 9, 2009.  Id.  Defendants requested and were granted two extensions of time to respond to Plaintiff's requests, resulting in a deadline of March 19, 2010 for Defendants to serve the responses.  (Docs. 100, 102, 106, 109.)  On or about April 2, 2010, Plaintiff served a "meet and confer" letter upon Defendants inquiring into Defendants' deficient responses to some of the discovery requests.  (Exh. B to M to

Compel, Doc. 120 at 35-36.) On May 14, 2010, Plaintiff filed the instant motion to compel. (Doc. 120.) Defendants responded to Plaintiff's motion to compel without explanation for their failure to respond to Plaintiff's Request No. 1 requesting documents referring to any allegations against Defendants "made by an inmate;" for their failure to notify the Court of safety and security issues concerning documents ordered to be produced in response to Plaintiff's Requests Nos. 1, 18-31, and 33-38; or for their failure to produce insurance agreements or an affidavit in response to Plaintiff's Request No. 58.

Defendants were provided with an opportunity to be heard on Plaintiff's request for monetary sanctions; however, Defendants did not file any response. Based on the foregoing, the Court is now prepared to impose sanctions on Defendants pursuant to Rule 37(b)(2) or under the Court's inherent powers, for failure to comply with the Court's discovery order. Defendants are required, at this juncture, to show cause in writing within thirty days why sanctions should not be imposed.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to compel, filed on May 14, 2010, is GRANTED IN PART and DENIED IN PART;

2.    Plaintiff's motion to compel further responses to Requests Nos. 1, 18-31, 33-38, and 58 is GRANTED, subject to the instructions and limitations discussed in this order;

3.    Plaintiff's motion to compel further responses to Requests Nos. 45 and 49 is DENIED;

4.    Defendants shall provide Plaintiff with copies of the documents compelled produced herein within forty-five days from the date of service of this order;

5.    Defendants shall notify the Court within thirty days from the date of service of this order of any continuing belief (with supporting evidence) that disclosure of any documents ordered produced herein will cause safety and security issues;

6.    Within thirty days of the date of service of this order, Defendants shall show cause in writing why sanctions should not be imposed for failure to comply with the Court's order of September 25, 2009; and

///

///

1    7.    Defendants' failure to comply with this order may result in the imposition of sanctions

2  .

3    IT IS SO ORDERED.

4  **Dated:    November 8, 2010**                _____/s/ **Gary S. Austin**_____
                                       UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28