IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>    Plaintiff,<br><br>  vs.<br><br>ALLEN K. SCRIBNER, et al.,<br><br>    Defendants.<br>_____/ | 1:06-cv-01280-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br>(Doc. 120.)<br><br>ORDER CLOSING DISCOVERY |

**I.  BACKGROUND**

Plaintiff George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 14, 2010, Plaintiff filed a motion to compel discovery responses and a motion for sanctions. (Doc. 120.) On November 8, 2010, the Court issued an order granting in part and denying in part the motion to compel. (Doc. 140.) The Court also ordered defendants Martinez, German, and Northcutt ("Defendants") to show cause, within thirty days, why Plaintiff's motion for sanctions should not be granted. Id. On December 13, 2010, Defendants filed a response to the order to show cause. (Doc. 141.) Plaintiff's motion for sanctions is now before the Court.

**II.  PLAINTIFF'S MOTION FOR MONETARY SANCTIONS**

Plaintiff seeks monetary sanctions for Defendants' failure to comply with the Court's order of September 25, 2009 ("Order"), which ordered Defendants to produce certain discovery documents.

Plaintiff argues that he was prejudiced by Defendants' failure to provide him with evidence beneficial to his case as ordered by the Court.

### A. Sanctions for Failure to Obey a Discovery Order

If a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. Fed. R. Civ. P. 37(b)(2)(A). The court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C). No showing of wilfulness is required. See Lew v. Kona Hosp., 754 F.2d 1420, 1427 (9th Cir. 1985). The court has considerable discretion in determining the amount and form of the award. See General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986). Fees to pro se litigants are awardable under the courts inherent power. "Failure to do so would place a pro se litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct." Pickholtz v. Rainbow Technologies, Inc., 284 F.3d 1365, 1377 (Fed. Cir. 2002).

Federal courts also have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-66 (1980). The Court may assess attorney fees or other sanctions under its inherent power for the "willful disobedience of a court order." Chambers, 501 U.S. at 45; Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258 (1975). A fee award under the Court's inherent power is meant to vindicate judicial authority, rather than to provide a substantive remedy to an aggrieved party: "The wrong done was to the court." Mark Industries, Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 733 (9th Cir. 1995).

### B. Discussion

In its November 8, 2010 order, the Court found that Defendants had not fully complied with the Court's September 25, 2009 Order ("Order"), which required them, in part, to make supplemental responses to Plaintiff's Requests for Production Nos. 1 and 58.

With regard to Request No. 1, the Court found that Defendants failed to make any response to Plaintiff's request for records of any allegations "made by an inmate" of misconduct by prison staff

involving the Defendants. (Order, Doc. 140 at 4:12-13.) Defendants argue that they responded to Plaintiff's request for such records when they stated, in their supplemental response to Request No. 1, that they "are not in possession, custody, or control of any other documents responsive to these requests." (Response to OSC, Doc. 141 at 2 ¶1.) Defendants contend that their statement includes documents referring to any allegations against Defendants "made by an inmate." Id. The Court finds Defendants' explanation sufficient to demonstrate that they adequately responded to the Court's order regarding documents referring to allegations against Defendants "made by an inmate." Therefore, Defendants' compliance with this part of the Court's Order, and any resulting sanctions, are no longer at issue.

The Court also found that Defendants failed to notify the Court of any safety and security issues regarding documents concerning adverse actions C-COR-707-08-D and C-COR-706-08-D, which Defendants produced in response to Plaintiff's Request No. 1. (Order, Doc. 140 at 5:22-25.) Defendants concede that they failed to comply with this part of the Court's Order, but they maintain that their failure to notify the Court was inadvertent, and they now report that they have produced redacted copies of the documents to Plaintiff.

With regard to Request No. 58, the Court found that Defendants failed to produce "any insurance agreement in effect in January and February of 2005, that may cover all or part of any judgment rendered in this case," or in the alternative, to produce "an affidavit of an authorized CDCR employee as to whether there is insurance coverage, for Plaintiff's claims in this action, in excess of the amounts sought in the Complaint." (Order, Doc. 140 at ¶5.) Defendants argue that their response to Request No. 58, that the State of California is self insured, is a substantially complete and accurate response to this request, because they provided the statutory reference under which the Department of Corrections is self-insured, and self-insurance necessarily implies that there are no responsive documents. Nonetheless, Defendants have now submitted an Affidavit of an authorized CDCR employee explaining CDCR's self-insurance coverage. (Attachment #1 to Response to OSC, Doc. 141-1.)

**Defendants' Arguments Against Sanctions**

First, Defendants argue that Plaintiff's motion for sanctions is not properly before the Court, because it was made on December 28, 2009 and denied by the Court as premature on January 8, 2010.

Defendants claim that Plaintiff's motion to compel, filed May 14, 2010, did not give notice of Plaintiff's intention to renew his request for sanctions. The Court finds Plaintiff's motion for sanctions properly before the Court. The Court's record reflects Plaintiff's motion for sanctions filed together with his motion to compel on May 14, 2010, at pages 27-28. (Doc. 120 at 27-28 ¶III.)  Plaintiff gave ample notice of his intent to bring a renewed motion for sanctions, by making reference to Rule 37 which authorizes the Court to issue further just orders if a party fails to obey an order to provide discovery, and by arguing that Defendants are subject to sanctions for their failure to fully comply with the Court's discovery Order and for the resulting prejudice to Plaintiff. Id.

Second, Defendants argue that Plaintiff's claim of prejudice must be held to the Rule 56(f) standard of showing what facts he hopes to discover, that these facts actually exist, and that these facts are essential to oppose Defendants' summary judgment motion. Defendants argue that Plaintiff has made no attempt to meet this standard and, furthermore, he cannot do so. Defendants argue that absent a Rule 56(f) showing, there is no prejudice to Plaintiff.

Third, Defendants argue that circumstances of this case make an award of monetary sanctions unjust. Due to a medical emergency, Defendants' present counsel was not available to participate in and/or consult in the preparation of the supplemental responses to Plaintiff's discovery requests. (Decl. of John W. Riches II, Doc. 141-2.) Counsel was diagnosed with a serious medical condition requiring emergency surgery and was absent from the office for nearly three months. Id. Substitute counsel, who prepared the supplemental responses, was unaware of the Court's requirements concerning the safety and security issue and the insurance affidavit. Id.

The issue before the Court is whether Defendants' failure to obey the Court's discovery Order was "substantially justified" or "other circumstances make an award of expenses unjust," Fed. R. Civ. P 37(b)(2)(C), or whether Defendants' behavior amounted to "bad faith" conduct in litigation or "willful disobedience" of a court order. Chambers, 501 U.S. at 43; Roadway Express, Inc., 447 U.S. at 764-66. Prejudice to Plaintiff is but one consideration. Here, the Court finds Defendants' evidence sufficient to show they did not respond in bad faith or with willful disobedience of the Court's Order. Defendants were faced with an unforeseen medical emergency causing their present counsel to be unavailable during the time the supplemental responses to Plaintiff's discovery requests were due. It is credible that, under

these circumstances, substitute counsel was unaware of particular requirements of the Court's Order, due to counsel's inability to adequately communicate in the midst of a medical emergency. Defendants have since complied with the Court's requirement to submit an insurance Affidavit, and the issue of Defendants' failure to notify the Court of safety and security issues has been resolved by Defendants' production of redacted copies of documents to Plaintiff. Plaintiff has not provided any evidence of prejudice against him that is not resolved by Defendants' present compliance with the Court's Order. Under these circumstances, imposition of sanctions would be unjust. Therefore, Plaintiff's motion for sanctions shall be denied, and discovery shall be closed.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions, filed on May 14, 2010, is DENIED; and
2. Discovery in this action is CLOSED.

IT IS SO ORDERED.

Dated:   **January 11, 2011**         **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE