IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV, | 1:06-cv-01280-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SUBMIT EVIDENCE IN OPPOSITION OF MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| ALLEN K. SCRIBNER, et al., | (Doc. 143.) |
| Defendants. | ORDER DENYING REQUEST FOR JUDICIAL NOTICE |
| | (Doc. 144.) |

## I.   BACKGROUND

George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 18, 2006.  (Doc. 1.)  This action now proceeds on Plaintiff's original Complaint, against defendants Sgt. J. M. Martinez, C/O German, C/O Northcutt, and Does 1 and 2 for use of excessive physical force, and against defendants Sgt. J. M. Martinez and Does 3, 4, and 6-10 for acting with deliberate indifference to Plaintiff's serious medical needs.[1]  (Doc. 1.)  The excessive force incident

---

[1] On June 4, 2007, the Court ordered that this action proceed on Plaintiff's original Complaint against defendants Martinez, German, Northcutt, and Does 1 and 2 for use of excessive force, assault and battery, and intentional infliction of emotional distress; and against defendants Martinez and Does 3, 4, and 6-10 for acting with deliberate indifference to Plaintiff's serious medical needs; and all other defendants and claims were dismissed by the Court based on Plaintiff's failure to state a claim. (Doc. 17.)  On November 16, 2009, summary judgment was granted in favor of Defendants on Plaintiff's

allegedly occurred during Plaintiff's escort from the Acute Care Hospital to the Security Housing Unit on January 26, 2005. The medical care claim against defendant Martinez arises from defendant Martinez' alleged failure to obtain medical care for Plaintiff on January 27, 2005; and the medical care claims against Does 3, 4, and 6-10 arise from their alleged failure to obtain medical care for Plaintiff between January 27, 2005 and February 3, 2005.

On May 25, 2010, Defendants filed a motion for summary judgment. (Doc. 121.) On August 9, 2010, after an extension of time, Plaintiff filed an opposition. (Doc. 137.) Defendants did not file a reply to the opposition. Defendants' motion for summary judgment is currently pending.

On January 24, 2011, Plaintiff filed a motion for an extension of time to submit new documentary evidence in opposition to the motion for summary judgment. (Doc. 143.) On January 31, 2011, Plaintiff submitted the new documentary evidence to the Court, attached as Exhibits A and B to a request for judicial notice. (Doc. 143.) Plaintiff's motion for extension of time and request for judicial notice are now before the Court.

## II.  MOTION TO EXTEND TIME AND REQUEST FOR JUDICIAL NOTICE

The Court has reviewed the new documentary evidence Plaintiff seeks to submit. Exhibit A is a copy of a four-page Operational Procedure for Cell/Area Extraction from Corcoran State Prison, dated June 2007. (Doc. 144, Exh. A.) Exhibit B consists of several documents concerning an investigation into an incident occurring on August 14, 2008, in which Correctional Sergeant J. M. Martinez applied pepper spray to an inmate named Rincon. (Doc. 144, Exh. B.)

Plaintiff has not demonstrated how these documents are relevant to his opposition to Defendants' motion for summary judgment. This action now proceeds on Plaintiff's claims for excessive force and deliberate indifference, based on events occurring in January and February 2005. (Compl., Doc. 1.) All of the new documentary evidence that Plaintiff seeks to submit is dated June 2007 or afterward, more than two years after the events alleged in Plaintiff's Complaint. There is no indication that the August 14, 2008 incident for which Sgt. Martinez was investigated involved Plaintiff in any way. To the extent that Plaintiff seeks to show that Sgt. Martinez has committed bad acts in conformity with the acts alleged

---

claims for assault and battery and intentional infliction of emotional distress under California law. (Doc. 101.) Plaintiff has not sufficiently identified the Doe defendants to enable service of process by the Marshal. See Doc. 101 at 2 fn.2.

by Plaintiff in the Complaint, such evidence is not admissible under Rule 404 of the Federal Rules of Evidence. Fed. R. Evid. 404(b). Therefore, Plaintiff's motion for an extension of time and request for judicial notice shall be denied on the basis that Plaintiff's new evidence is not relevant to his claims in this action.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to submit new evidence in opposition to Defendants' motion for summary judgment is DENIED; and
2. Plaintiff's request for judicial notice is DENIED.

IT IS SO ORDERED.

Dated:   **May 10, 2011**             **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE