UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN K. SCRIBNER, et al.,<br><br>Defendants. | 1:06-cv-01280 AWI GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 155) |

**I.  BACKGROUND**

George E. Jacobs IV ("plaintiff") is a prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on plaintiff's original Complaint, filed on September 18, 2006, against defendants Sgt. J. M. Martinez, C/O German, C/O Northcutt, and Does 1 and 2 for use of excessive physical force, and against defendants Sgt. J. M. Martinez and Does 3, 4, and 6-10 for acting with deliberate indifference to Plaintiff's serious medical needs.[1]  (Doc. 1.)  On May 25, 2010, Defendants filed a motion for summary judgment, which is pending. (Doc. 121.)

---

[1] On June 4, 2007, the Court ordered that this action proceed on plaintiff's original Complaint against defendants Martinez, German, Northcutt, and Does 1 and 2 for use of excessive force, assault and battery, and intentional infliction of emotional distress; and against defendants Martinez and Does 3, 4, and 6-10 for acting with deliberate indifference to plaintiff's serious medical needs; and all other defendants and claims were dismissed by the Court based on plaintiff's failure to state a claim. (Doc. 17.) On November 16, 2009, summary judgment was granted in favor of Defendants on plaintiff's claims for assault and battery and intentional infliction of emotional distress under California law. (Doc. 101.) Plaintiff has not sufficiently identified the Doe defendants to enable service of process by the Marshal. (See Doc. 101 at 2 fn.2.)

1

On November 18, 2013, plaintiff filed a motion seeking the appointment of counsel. (Doc. 155.)

## II.     COURT APPOINTED COUNSEL

### A.     Legal Standard

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id</u>.  (internal quotation marks and citations omitted).

### B.     Plaintiff's Motion

Plaintiff argues that he brings a meritorious claim for excessive force and inadequate medical care by defendants, in violation of the Eighth Amendment.  Plaintiff's claims arise from incidents occurring in 2005 at Corcoran State Prison in Corcoran, California, during which defendants allegedly assaulted plaintiff and denied him adequate medical care for his injuries. Plaintiff alleges he was punched in his right eye, causing blindness in his right eye.  Plaintiff argues that the fact this case has been pending at the summary judgment stage for a prolonged period of time shows this case has merit and is worthy of appointment of counsel.  Plaintiff also argues that the facts and evidence of this case clearly establish constitutional violations have been committed.

Plaintiff argues that he cannot afford to retain an attorney to represent him, as he is proceeding in forma pauperis in this action.  Plaintiff also argues that his claims are complex, due to the need for medical expert witnesses to testify on his behalf.  Plaintiff asserts that because he is presently confined to his cell in the Security Housing Unit, he is unable to identify, locate, and

interview his prison witnesses and the Fresno hospital doctors and nurses who treated him. Plaintiff contends that the number of anticipated witnesses alone makes this case factually complex. In further support of his motion, Plaintiff cites his lack of legal training and asserts that conflicting testimony is expected in this case.

### C. Discussion

In the present case, the court does not find the required exceptional circumstances. A review of the record in this case shows that plaintiff is responsive, adequately communicates, and is able to articulate his claims. The court notes that plaintiff has filed several other cases pro se and appears able to navigate the federal court system. The legal issues in this case – whether defendants used excessive force and denied plaintiff adequate medical care – are not complex, and this court is faced with similar cases almost daily. Further, at this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Id.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 17, 2013**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3