1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE E. JACOBS IV,                     1:06-cv-01280-AWI-GSA-PC

12            Plaintiff,                       ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS
13        vs.                                  (Doc. 157.)

14   C/O MARTINEZ, et al.,                     ORDER GRANTING IN PART AND
                                               DENYING IN PART DEFENDANTS'
15            Defendants.                       MOTION FOR SUMMARY JUDGMENT
                                               (Doc. 121.)
16

17

18        George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

19   action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

20   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.   On April 11, 2014, the

21   Findings and Recommendations ("F&R") was entered, recommending that Defendants' motion

22   for summary judgment be granted in part and denied in part.  Doc. 157.  On May 12, 2014,

23   Plaintiff filed objections to the F&R.  Doc. 161.

24        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this

25   Court has conducted a de novo review of this case.  Having carefully reviewed the entire file,

26   including Plaintiff's objections, the Court finds that all parts of the F&R are supported by the

27   record and proper analysis except for the finding and recommendation to grant summary

28   judgment on the excessive force claim against Correctional Sergeant J.M. Martinez.

The F&R states that:

> "The Court finds that Defendants German and Northcutt have not met their burden on summary judgment.  Defendants' evidence creates a triable issue of fact as to whether force was used on Plaintiff in a good faith effort to maintain discipline or for the purpose of causing harm.  Defendants' declarations establish that neither German nor Northcutt punched Plaintiff once he was in his cell, and that Defendants needed to maintain a secure hold on Plaintiff because of his history of assaultive behavior.  In his deposition, however, Plaintiff testified that he offered no physical or verbal resistance, and that he was repeatedly punched by one Defendant while the other stood on his ankle chain and forced Plaintiff's body up, cutting into his ankles such that scarring resulted.  Plaintiff further testified that Defendant German, without provocation, punched him in the right eye when he was placed in his cell.
> . . .
> As to Defendant Martinez, the Court finds that he has met his burden on summary judgment.  Defendant Martinez declared that he did not use force on Plaintiff, and that it was necessary to maintain a secure hold on Plaintiff due to his history of assaultive behavior.  In his deposition, Plaintiff testified that Martinez did not physically touch him.  In his opposition, Plaintiff establishes that Martinez was present, but does not come forward with any evidence th[at] Martinez struck Plaintiff, or in any way subjected Plaintiff to excessive force.  The complaint, considered as a declaration, establishes that Martinez was one of five officers that dragged Plaintiff to his cell.  Nothing in the complaint establishes that Martinez subjected Plaintiff to excessive force.  The motion for summary judgment should therefore be granted in Defendant Martinez's favor on Plaintiff's claim of excessive force."

Doc. 157, 10:21-12:5 (footnotes omitted).

However, even though there is no evidence that Defendant Martinez ever personally struck Plaintiff, this Court declines to grant summary judgment in his favor as it is well established that officers have "a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." United States v. Koon, 34 F.3d 1416, 1447 n. 25 (9th Cir. 1994) (citing O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988); Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986); Bruner v. Dunaway, 684 F.2d 422, 425–26 (6th Cir.1982), cert. denied, 459 U.S. 1171 (1983); Putman v. Gerloff, 639 F.2d 415, 423 (8th Cir. 1981); Byrd v. Brishke, 466 F.2d 6 (7th Cir. 1972)), rev'd on other grounds, 518 U.S. 81 (1996).  Officers can be held liable for failing to intercede only if they had an opportunity to intercede.  See Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000), as amended (Oct. 31, 2000) (citing Bruner, 684 F.2d at 426–27 (holding that officers who were not present at the time of the alleged assault could not be held liable in a section 1983 action); Gaudreault

v. Municipality of Salem, 923 F.2d 203, 207 n. 3 (1st Cir. 1990) (granting arresting officers' motion for summary judgment because the officers had no "realistic opportunity" to prevent an attack committed by another officer)).  The F&R found, and this Court agrees, that the evidence creates a triable issue of fact as to whether Defendants German and Northcutt used excessive force on Plaintiff.  In his opposition, submitted as a declaration signed under penalty of perjury, Plaintiff establishes that Martinez was present to the alleged use of excessive force while Plaintiff was escorted from the Suicide Unit to the Security Housing Unit.  Doc. 137. Consequently, there is also a triable issue of fact as to whether Officer Martinez had an opportunity to intercede on the alleged use of excessive force by Defendants German and Northcutt.

Accordingly, THE COURT HEREBY ORDERS that:

1.    All parts of the Findings and Recommendations, issued by the Magistrate Judge on April 11, 2014, are ADOPTED except for the finding and recommendation pertaining to the excessive force claim against Officer Martinez;

2.    Defendants' motion for summary judgment, filed on May 25, 2010, is GRANTED in part and DENIED in part;

3.    Defendants' motion for summary judgment is granted in favor of Defendant Martinez on Plaintiff's claim of deliberate indifference to his medical needs;

4.    Defendants' motion for summary judgment is denied as to Defendants German, Northcutt, and Martinez on Plaintiff's claim of excessive force;

5.    Defendants Does 1 and 2 are DISMISSED from this action; and

7.    This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: __August 25, 2015__                    _____
                                              SENIOR  DISTRICT  JUDGE