UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>              Plaintiff,<br><br>     vs.<br><br>C/O MARTINEZ, et al.,<br><br>              Defendants. | 1:06-cv-01280-AWI-GSA-PC<br><br>ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL<br><br>THIRTY-DAY DEADLINE |

**I.     BACKGROUND**

George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the original Complaint filed by Plaintiff on September 18, 2006, against defendants Sgt. J. M. Martinez, C/O German, C/O Northcutt for use of excessive force in violation of the Eighth Amendment.[1]  (ECF No. 1.)

On December 11, 2008, the parties participated in an early settlement conference before Magistrate Judge Nadar J. Vadas; however, the parties were unable to reach an agreement. (ECF No. 75.) On December 16, 2009, the Court issued a Second Discovery/Scheduling Order in this action, establishing a deadline June 18, 2010 for the parties to conduct discovery, and a

---

[1] On June 4, 2007, the Court ordered that this action proceed on Plaintiff's original Complaint against defendants Martinez, German, Northcutt, and Does 1 and 2 for use of excessive force, assault and battery, and intentional infliction of emotional distress; and against defendants Martinez and Does 3, 4, and 6-10 for acting with deliberate indifference to Plaintiff's serious medical needs; and all other defendants and claims were dismissed by the Court based on Plaintiff's failure to state a claim.  (ECF No. 17.)  On November 16, 2009, summary judgment was granted in favor of Defendants on Plaintiff's claims for assault and battery and intentional infliction of emotional distress under California law.  (ECF No. 101.)  Plaintiff has not sufficiently identified the Doe defendants to enable service of process by the Marshal.  (See ECF No. 101 at 2 fn.2.)  On August 26, 2015, summary judgment was granted in favor of defendant Martinez on Plaintiff's claim of deliberate indifference to his medical needs, and defendants Does 1 and 2 were dismissed from this action.  (ECF No. 162.)

deadline of August 20, 2010 for the filing of pretrial dispositive motions. (ECF No. 108.) The pretrial deadlines have now expired. On August 26, 2015, the Court denied in part Defendants' motion for summary judgment. (ECF No. 162.) At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

## II.     SETTLEMENT PROCEEDINGS

The Court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California. Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case at this juncture is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[2]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order.[3]

IT IS SO ORDERED.

    Dated:   **August 27, 2015**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[3] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.