1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS IV,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>C/O MARTINEZ, et al.,<br><br>　　　　Defendants. | 1:06-cv-01280-AWI-EPG-PC<br><br>ORDER TO SHOW CAUSE WHY DOE DEFENDANTS 3, 4, 6, 7, 8, 9, AND 10 SHOULD NOT BE DISMISSED FROM THIS ACTION<br><br>THIRTY DAY DEADLINE TO RESPOND |

## I.　BACKGROUND

George E. Jacobs IV ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983.  The claims still remaining have been asserted against defendants Correctional Officer (C/O) J. M. Martinez, C/O German, and C/O Northcutt, as well as unknown and unnamed Doe Defendants 3-4 and 6-10.

## II.　SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994).

Here, Plaintiff continues to assert claims against Doe Defendants 3-4 and 6-10 for their failure to provide adequate medical care to Plaintiff. However, these defendants have not been served with process because Plaintiff has not sufficiently identified them to enable service by the U. S. Marshal. Plaintiff was advised in the Court's order of March 28, 2007:

> The Marshal cannot initiate service on unknown defendants. Plaintiff will need to seek leave to amend to substitute the true names of the Doe defendants once he learns who they are. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989); see Swartz v. Gold Dust Casino, Inc., 91 F.R.D. 543, 547 (D. Nev. 1981).

(ECF No. 12 at fn.2.)

This case has been pending for more than nine years, and the discovery phase was open for more than fourteen months. The case is now ready for trial, and Plaintiff has not sufficiently identified Doe Defendants 3, 4, 6, 7,8 , 9, or 10 for service of process, nor amended the Complaint to name them. Therefore, the Court finds that Doe Defendants 3, 4, 6, 7, 8, 9, and 10 should be dismissed from this action.

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why Doe Defendants 3, 4, 6, 7, 8, 9, and 10 should not be dismissed from this action for failure to serve process. Upon failure to do so, the Doe Defendants shall be dismissed.

**III.   ORDER TO SHOW CAUSE**

Accordingly, based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Doe Defendants 3, 4, 6, 7, 8, 9, and 10 should not be dismissed from this action pursuant to Rule 4(m); and

///

///

2. If Plaintiff fails to respond to this order as ordered above (1), the Court will dismiss Doe Defendants 3, 4, 6, 7, 8, 9, and 10.

IT IS SO ORDERED.

   Dated:   **October 15, 2015**                    **/s/ Erica P. Grosjean**
                                                                      UNITED STATES MAGISTRATE JUDGE